F

MICHIGAN DEPARTMENT OF CORRECTIONS

# CLASS I MISCONDUCT HEARING REPORT

L

CSJ-240B
Rev. 10/10

| Prisoner | Prisoner Name | Facility Code | Lock | Violation Date |
|---|---|---|---|---|
| 248097 | Bell | JCF | ~~I8~~ L10 | 07/25/2018 |

Charge(s)
**(020) Disobeying a Direct Order**

If Charge Changed by Hearing Officer

Plea: ☐ Guilty ☒ Not Guilty

Misconduct Report Read to and Discussed with Prisoner ☒ (check if applies)
Hearing Investigation Read to and Discussed with Prisoner ☒ (check if applies)

No Hearing Investigation Requested ☐ (check if applies)

**EVIDENCE/STATEMENTS IN ADDITION TO MISCONDUCT REPORT**

Prisoner present. This matter was elevated to a Class I misconduct at the review stage based on the factual allegation that the prisoner "refused to release to GP", which only arguably fits the facts of the misconduct. The record shows that Reviewing Officer considered the (020) charge to be on the "non-bond list", which is clearly erroneous. The facility is once again referred to PD 03.03.105 regarding the classification of misconduct charges.

HO read the misconduct report and investigation in their entirety to the prisoner. All of the listed documents consist of one (1) page unless noted otherwise. The investigation consists of the prisoner's statement to the Hearings Investigator that he (prisoner) did not want to "lock" in B-24 because it was not barrier free and he was told to stay there for the night (the time was about 2003 hrs.) and staff would handle the issue the follow morning; six (6) pages of communications between the HI, Sgt. Curtis, RUM King, A/DW Kisor, and Records Supervisor Lashely, mostly to the point that B-24 is not a barrier free cell; and a CSJ-330 (Misconduct Screening Sanction form).

(Continued on Page Two: Evidence/Statements)

**REASONS FOR FINDINGS**

HO finds the stronger impression to be that prisoner Bell, upon his apparent release from segregation during the evening hour of about 2003 hrs. at the JCF, was given a valid and reasonable order by the reporting staff member, Sgt. Curtis, to return to his then-assigned cell of B-24. HO determines the prisoner clearly understood the order, as evidenced by the prisoner's response to the Sergeant at the time of "let me go get my property and you can take me back to the hole" and by the prisoner's admissions to that fact.

HO finds the prisoner voluntarily failed to follow the order when he was capable of compliance by not returning to B-24 for the evening.

Prisoner Bell's claim is essentially that he had a right to refuse the order because of his accommodation for a barrier free

(Continued on Page Two: Reasons for Findings)

**PROPERTY DISPOSITION (for contraband see PD 04.07.112)**

**FINDINGS**

| | | | | |
|---|---|---|---|---|
| Charge No. 1 | ☒ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code (020) |
| Charge No. 2 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code |
| Charge No. 3 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code |
| Charge No. 4 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code |

**DISPOSITION (select one or more) (Toplock & LOP Sanctions End at 6:00 am)**

| | | Begins | Ends | | |
|---|---|---|---|---|---|
| 7 | Days of Detention | 07/25/2018 | 08/01/2018 | 7 | Days Credit |
| | Days Top Lock | | | | Hours Extra Duty |
| | Days Loss of Privileges | | | $ | Restitution |

Misconduct Hearing Report personally handed to Prisoner by Hearing Officer on this date: ____ (Check if Applies) ☐

Hearing Report given to Staff Member by Hearing Officer for Delivery to Prisoner this date: 8/6/2018 (Check if Applies) ☒

Date of Hearing 08/01/2018

Name of Staff Member **HI Salinas - JCF**

| Hearing Officer's Name | Hearing Officer's Signature | Date |
|---|---|---|
| 061 Marutiak | Michael J. Marutiak | 08/03/18 |

Richard Kusse

DISTRIBUTION Record Office, Central Office File, Prisoner, Counselor File, Hearing Investigator

35

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4243 12/90
CSJ-240D

Class I Misconduct
(Type of Hearing)

**HEARING REPORT – Continuation Page No.** 2

| Prisoner Number | Prisoner Name | Institution | Violation/Notice Date |
|---|---|---|---|
| 248097 | Bell | JCF | 07/25/18 |

**(Continued from Page One: Evidence/Statements):**

The prisoner then presented a six (6) page, handwritten statement he asked to be entered into the record with many questions for various staff members and requests for video. HO agreed to enter it into the record as a document received from the prisoner at the time of the hearing only. HO informed the prisoner that the new requests for information will not be considered for several reasons. Firstly, it appears that the core issue of this matter is clear. Secondly, the prisoner had ample opportunity during the investigative stage of this process to request specific responses and materials and he failed to do so, other than requesting an unspecified statement from "Health Care". Thirdly, the HI in this case did investigate the prisoner's timely submitted claims as well as pursue addition information that could be relevant and most of the issues in the six (6) page statement are duplicative of those already investigated.

The charged prisoner then entered a plea of not guilty to the (020) charge, contended he was released from segregation to general population, that he has an accommodation for a barrier free cell (which appears to be confirmed from the record), and he was being place under orders in B-24 which is not barrier free. Upon questioning by the HO, the prisoner acknowledged he opted to "take me back to the hole (segregation)" rather than follow the order to return to B-24 (it appears the prisoner did enter the cell once, at least, and then left in protest).

HO noted from the various statements in the record that the prisoner was apparently told (at 2000 hrs.) to stay in B-24 for the night and that staff would speak with the Deputy Warden and other personnel (perhaps Health Care) and make any adjustments necessary in the morning. The prisoner responded that he also wanted a single-person cell and B-24 was not a single-person cell. The prisoner had nothing further to add and no additional claims to make.

**Elements of (020) charge**: PD 03.03.105 defines the Disobeying a Direct Order (DDO) misconduct as the refusal or failure to follow a valid and reasonable order of an employee.

**(Continued from Page One: Reasons for Findings):**

cell and the fact that B-24 was not barrier free. The prisoner's characterization of the incident is but a part of the story, however. It is clear from the various statements in the record and from Sgt. Curtis' report that staff was going to take measures to further investigate the prisoner's claim of a need for a barrier free cell and the prisoner's other claim that he needed or wanted a single-person cell. Notably, it was rather late at night already when the prisoner went to Sgt. Curtis and demanded assignment to another cell. Sgt. Curtis' own report explains that the prisoner was asked to "remain in B-24 for the night while [the Sergeant] awaited permission from the Housing Deputy Warden". The record further confirms that the Sergeant conveyed the prisoner's dissatisfaction to Lt. Ybarra and the prisoner, in turn, was assured that the issue of his proper cell placement would be brought to the attention of the Housing Deputy and healthcare for resolution; but not likely until the morning.

The prisoner therefore was being instructed only to return and remain in the B-24 cell until the matter could be resolved and his accommodation could be honored. It is unknown from the record if another cell was even available for the prisoner at that hour of the night (other than the segregation cell when he then demanded for himself and where he was eventually taken).

The only two (2) applicable criteria here (which are to be strictly applied) to a claim of an unreasonable order are whether compliance with the order would have created a significant risk of serious harm to the prisoner's physical well-being or whether compliance with the order was not physically possible (Page 42, Hearings Handbook). Under the present facts, HO does not find that spending the limited time of one night in B-24, even if it was not barrier free, would created a *significant* risk of *serious* harm to the prisoner. Daily life, especially in a prison environment but also in the secular world, includes frequent adjustments and adaptions while things "get straitened out". Prisoner Bell was simply being asked to be patient until the next morning and it was he who chose, instead, to be put "in the hole". The prisoner hasn't claimed, nor does HO find, that it was physically impossible for him to return to B-24. He had already went to the cell once before going to Sgt. Curtis to complain.

Charge of (020) sustained. The prisoner's misconduct record was reviewed at this stage of the process. Given the fact that the Reviewing Sergeant did not "revoke bond" on this matter and considered the charge to on the "non-bond list" and then confined the prisoner until the hearing, the prisoner will be given credit for the Temporary Segregation time. These findings, sanctions and sanction dates were discussed with the prisoner.

| HEARING OFFICER'S NAME & CMIS CODE (Typed) | Copy of Hearing Report personally handed to Prisoner by Hearing Officer this date (check if applied) ☐ | |
|---|---|---|
| 061 Marutiak | | |
| HEARING OFFICER'S SIGNATURE | Copy of Hearing Report Given to Staff Member By Hearing Officer for Delivery to Prisoner this date (check if applied) ☒ | |
| X | Date of Hearing: 08/01/18 | (Name & Clock No. of Staff Member: HI J. Salinas - JCF |

DISTRIBUTION: White – Institution; Green – Central Office; Canary – Prisoner; Pink – Visitor/Counselor; Goldenrod – Hearing Investigator

F

SUBMITTED AT ADRIAN CORR.FAC. 9/25/18

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-418
REV. 10/10
4835-3418

**REQUEST FOR REHEARING**

**INSTRUCTIONS**

1. This form is to be used only to request reconsideration of the decision of a hearing officer on one of the following:
   a. Class 1 Misconduct.
   b. Notice of Intent to Classify to Administrative Segregation.
   c. Special designation which permanently denies Community Residential Program (CRP) placement.
   d. Visitor restriction.
   e. High or very high risk classification.
   f. Excess legal property hearing.
   g. Special Education Individual Education Planning Committee (IEPC) hearing.
2. You MUST attach a copy of the hearing report to this request and, if appealing a misconduct hearing, a copy of the Class 1 Misconduct Report. If they are not attached, this form may be returned without a decision. You do not have to include a copy of the Hearing Investigation packet.
3. Submit the completed form to: Hearings Administrator, Department of Corrections, Office of Legal Affairs, P.O. Box 30003, Lansing, Michigan 48909. This form must be received by the Hearings Administrator within 30 calendar days of the date of the decision by the hearing officer.

RECEIVED - MDOC
OCT 4 2018
REHEARINGS

| PRISONER'S NUMBER | PRISONER'S NAME | INSTITUTION |
|---|---|---|
| 248097 | CEDRIC BELL | COTTON (JCF) |
| DATE OF MISCONDUCT 7/25/18 | TYPE OF HEARING (IF MISCONDUCT, LIST CHARGES ALSO) CLASS 2 MISCONDUCT, CHARGE DISOBEYING A DIRECT ORDER ELEVATED TO CLASS 1, AT REVIEW IN SEGREGATION. (BOND WAS NOT REVOKED) BUT STILL WAS SEGREGATED. | |
| DATE OF HEARING 8/1/18 | | |

Briefly explain why you believe a rehearing should be ordered: I WAS RETAILATED AGAINST BY SGT CURTIS, SECOND SHIFT, PRIOR TO THIS MISCONDUCT JULY 9,2018 I WAS PLACED IN SEGREGATION FOR DISOBEYING A DIRECT ORDER BY C/O PAYNE UP-GRADED TO CLASS 1 BY SGT ROOT, THESE STAFF STATED I RAN FROM C/O PAYNE AND SGT ROOT STATED I REFUSED A SHAKE DOWN. I REQUESTED VIDEO. THE VIDEO SURVEILLANCE TAPE WAS DENIED AT THE HEARING IT WAS POSTPONE TIL 7/25/18 AGAIN VIDEO SURVEILLANCE DENIED. I WAS FOUND GUILTY, THEN THE VIDEO TAPE TURNED OVER. THEN THE CHARGE WAS DISMISSED ON 7/25/18 I WAS RELEASED BACK TO THE SAME HOUSING UNIT AND NOT TO B-11 CELL WHERE I WAS TAKEN FROM. BEFORE THE FALSE REPORT. AS THE VIDEO TAPE PROVE..I AM A HANDICAP PRISONER WITH MEDICAL ACCOMMODATION(S) THATS WHY I WAS IN CELL B-11 BARRIER FREE/WHEELCHAIR ACCESSIBLE..

I WENT TO UNIT STAFF WITH MY CONCERNS AS MY ~~XM~~ NEW CELL LOCK WAS B-24 AND CELL 24 WAS NOT BARRIER FREE/WHEELCHAIR ACCESSIBLE : I GAVE UNIT STAFF MY ACCOMMODATION ORDERS OF MY MEDICAL NEEDS.HE CALL CONTROL CENTER TO A HIGHER LEVEL OFFICIAL, I WAS TOLD TO JUST WAIT MY ISSUE WOULD BE ADDRESS, AT 8 PM DURNING MY REC_ACTIVITIE I WAS I WAS CALL TO THE HOUSING UNIT DESK, UNIT STAFF SAID SGT CURTIS IS OUT SIDE AT NORTH COTTON YARD SHACK GO OUT THERE HE WANTS TO SEE YOU

(see attach page)

| SIGNATURE OF PERSON REQUESTING REHEARING | DATE |
|---|---|
| [signature] | 9/25/18 |

**DECISION**

☐ Disapproved

☐ Approved – Rehearing Ordered

☒ Returned without action – Not filed within 30 calendar days

| HEARINGS ADMINISTRATOR | DATE |
|---|---|
| Richard Russell [signature] | MAILED NOV 13 2018 |

DISTRIBUTION: White – Hearings Administrator; Canary – Person Requesting Rehearing

F

CEDRIC BELL #248097 APPEAL MISCONDUCT ATTACHMENT DISOBEYING A DIRECT ORDER.

I GAVE SGT CURTIS MY COPY OF(MEDICAL ACCOMMODATION ORDERS) THATS VALID THROUGH OUT ALL MICHIGAN DEPARTMENT OF COBRECTION FACILITY.
SGT CURTIS IS NOT MEDICALLY ~~XXXXXXX~~ LICENSEN TOO CANCEL OR ALTER A DOCTORS ORDER.
SGT CURTIS IS NOT A MEDICAL STAFF TO DISREGARD MY MEDICAL NEED,UNDER THE AMERICANS WITH DISABILITIES ACT TITLE~~X~~ 2. SGT CURTIS AND C/O RUAL DISCRIMINATED AGAINST ME.

I VIOLATED NO RULES, I WAS NEVER TOLD TO GO LOCK DOWN, THE ABOVE HAPPEN DURNING NORMAL ACTIVITIES WHERE ALL PRISONERS WERE OUT AND ABOUT,THIS STAFF ASK ME TO STAY IN THAT CELL-24 OVER NITE AFTER MOVING ANOTHER INMATE OUT CELL 24 TO ANOTHER HOUSING UNIT,INMATE BURTON.
I WAS NOT GIVEN MY CELL B-11 BACK, BARRIER FREE/WHEELCHAIR ACCESSIBLE . AFTER THE FALSE REPORT. THIS VIOLATES MDOC (OWN) POLICY AND PROCEDURES. (WHY) DID;NT STAFF MOVE THE WHITE MALE INMATE OUT OF CELL B-11 TO CELL B-24 AND HAVE HIM STAY OVER NITE, WHY IS HIS MEDICAL NEED MORE IMPORTANT THAN MINE OR THE RISK FACTOR.

I TOLD SGT CURTIS I WOULD NOT STAY THERE OVER NITE AND RISK MY HEALTH SAFETY,IF SOMETHING HAPPEN THE ADMINISTRATION WILL BLAME ME FOR GOING IN THE NON-BARRIER FREE/WHEELCHAIR ACCESSIBLE CELL AND DUE TO MY MEDICAL CONDITION ~~XXXX~~ NERVE DAMAGES, DROP FEET LEFT/RIGHT,AFO BRACES ~~X~~ LEFT/RIGHT FEET. MEDICAL HISTORY OF FALLING AS KNEES ARE DAMAGE.
(I TOLD SGT CURTIS IT'S ~~XXXXX~~ SAFEIER IF I STAYED OVER NITE IN THE CELL I JUST LEFT OUT OF WHICH WAS (L-UNIT-CELL-10) BARRIER FREE/WHEELCHAIR ACCESSIBLE THIS CELL IS IN THE DENTION UNIT SEGREGATION,CONSIDERING ~~XXX~~ I WAS JUST HELD IN THE SAME CELL 19 DAYS FOR NOTHING(FALSE REPORT) WITH VIDEO SURVEILLANCE PROOF. ~~XXXX~~ AND RELEASED AT 7 PM.

IN FACILITY STAFF INVESTIGATIVE REPORTS PROVIDED ~~XXX~~ FALSE INFORMATION TO THE ADMINISTRATIVE LAW JUDGE AND DOCUMENTS, THAT (CAUSE BY ~~XX~~ GUILITY FINDING) FALSE REPORT BY HEARING INVESTIGATOR JOEL SALINAS,ARUS HARTNAGEL, RUM KING~~XX~~ AND SGT CURTIS:

THESE STAFF MEMBER STATED IN THERE REPORTS AND RESPONSE ARE CLEAR THE E-MAILS DATED JULY 26,2018 12:53pm TO MELISSA,HARTNAGEL:,JAMES, KING:, JOSH,CURTIS:, MICHELLE,COULING:, SIRENA,LANDFAIR:, (ALL M.D.O.C )
THESE STAFF MEMBER STATED THAT CELLS IN UNIT B FROM 1 thru 8 ARE BARRIER/ FREE/WHEELCHAIR ONLY.,(CELL B-11 IS NOT).

THIS WAS SUBMITTED TO THE HEARING OFFICER INPART STATEMENTS THAT WERE AUTHORIZE.
IN MY APPEAL REQUEST AS WELL JUDICIAL REVIEW IF NEED BE, VIDEO SURVEILLANCE EVIDENCE OF THE FOLLOWING CELLS THAT BARRIER FREE/WHEELCHAIR ACCESSIBLE IN HOUSING UNIT (B) CELLS 1 thru 12 ON THE LEFT SIDE OF THE UNIT. ALL 12 CELLS WILL BE THE SAME THIS VIDEO EVIDENCE WILL SHOW HOW STAFF MISLEAD THE INVESTIGATION WITH FALSE REPORTS ~~XX~~ BY STATING ONLY CELLS 1 thru 8.

NOW 90 PERCENT OF THE ABOVE STAFF HAVE 20 YEARS OR MORE AS EMPLOYEES AND EACH STAFF HAVE /HAS CLEARLY WALKED PASS THESE 12 CELLS AS WELL INSPECTED SEARCH EACH CELL AS PART OF DEPARTMENT POLICY., YET THESE STAFF MADE THE CHOICE TO PROVIDE FALSE INFORMATION IN A REPORT THAT DENIED ME CEDRIC BELL #248097 DUE PROCESS RIGHT TO A FAIR HEARING,AND EVIDENCE OF ALL 12 CELLS, THE HEARING OFFICER 061 MARUTIAK IS IN THE FACILITY HE COULD AS JUST WELL WALKED TO UNIT B AND LOOK FOR HIMSELF AT ALL 12 CELLS. AS PROOF. AS WELL THE HEARING INVESTIGATOR SALINAS, WHOM SUPPOSE TO BE AN AIDE IN MY DEFENSE,, MY STATEMENT WAS DENIED AS WELL QUESTIONS TO STAFF AS WELL MEDICAL REPORTS AS I WAS INJURY IN THIS MISCONDUCT OF DISOBEYING A DIRECT ORDER I WAS DENIED THE MEDICAL REPORTS, INCIDENT REPORT, VIDEO SURVEILLANCE

PAGE 1 OF 2 ATTACHMENT

30



OF C/O RUAL WHO DENIED ME ACCESS TO MY MEDICAL QUAD CANE THAT AIDES ME
IN WALKING,.
MY APPEAL IS BEING FILED LATE DUE TO STAFF ████████ CRUPTION I WAS NEVER
SUPPOSE TO BE IN SEGREGATION FOR THE MISCONDUCT THE (BOND) WAS NOT
REVOKED YET I WAS STILL ██████ PLACED IN SEGREGATION AND HELD THIS VIOLATES
POLICY AS WELL THE RETAILATION THAT WAS DISPLAYED. I WAS DENIED ACCESS
TO ANY PROPERTY, STORE ITEMS, MAILING PROCEDURES,STAMPS,LEGAL MATERIALS
I REQUEST VIDEO SURVEILLANCE FROM JULY 9,2018 THRU ███ SEPT 19,2018
OF UNIT L CELL 10 AT NO TIME WAS I EVER PROVIDE STORE OR A LIST TO ORDER
STAMPS TO FILE MY APPEAL OR CONTACT FAMILY OR THE COURTS REGARDING THE
CASE #17-855-AA..

   I ALSO FEARED FOR MY LIFE WHILE BEING HELD IN L-UNITED AS THESE STAFF
ARE THE ONES FEEDING ME THROUGH A FOOD SLOT AND I CAN NOT WITNESS THE
FOOD OR IF IT'S BEING TAMPERED WITH, SGT-CURTIS, SGT-ROOT BOTH SAME SHIFT
AND VERY  FAMILURE WITH ARUS CHADWELL, ████████ WHO READS ALL MY OUT
GOING MAIL,KITES REQUESTS AND MAKE OTHER STAFF AWARE OF MY ATTEMPTS ████████
██ REGARDING INFORMATION REQUEST. █████████████████████████████████████
EVEN THE HEARING OFFICER FAILURE TO PROTECT MY RIGHTS. AS THE INVESTIGATIVE
INFORMATION HE RECEIVED WAS NOT EVIDENCE OF GUILT, IT ONLY PROVE CLEAR
EVIDENCE OF DISMISAL OF THE CHARGE. BUT THE GUILTY RATEING FINDING OF
HIS STATUS WAS THE ONLY THING IMPORTANT TO HIM AT THE TIME. AND THE FACTS.
SGT CURTIS DISREGARDED A MEDICAL NOTICE, WITHOUT MEDICAL AUTHORIZATION.
THE ORDER ██ WAS NOT █████ REASONABLE,AT NO TIME DID I REQUEST TO SGT CURTIS
OR ANY OTHER STAFF A SINGLE CELL REQUEST.
SGT CURTIS ORDER WAS DID CREATED A SIGNIFICANT RISK OF HARM TO MY WELL
BEING.
CEDRIC BELL #245097 PROVIDED A <u>VALID MEDICAL ACCOMMODATION ORDER:</u>, TO STAFF
YET SGT CURTIS VIOLATED THIS ██ ORDER.
 THEN WRITES ME A MISCONDUCT FOR DISOBEYING A DIRECT ORDER VIOLATION THATS
NOT VALID.
   THEN THE HEARING OFFICER FINDS ME GUILTY OF HIS CHARGE BASED ON FALSE
INFORMATION PROVIDED TO THE RECORD. AS WELL PERSONAL ████ OPINION OF WHAT
I COULD HAVE DONE. NOT THE FACTS, AND EVIDENCE. THE WORDING IS CLEAR IN
THE HEARING OFFICER REPORT AS HE SUPPORT THE STAFF CORRUPTION AND
VIOLATION OF MEDICAL ORDERS.
YES I REQUESTED TO SPEND THE NITE IN THE CELL I CAME OUT OF IN SEGREGATION
WHAT WAS THE PROBLEM WITH THAT. IT MADE PERFECT SENSE. SGT CURTIS DID'NT
GO TO CELL B-11 AND TELL THE WHITE INMATE YOU NEED TO MOVE TO CELL B-24
AS THIS INMATE WAS PUT IN THE HOLE ON A FALSE CHARGE AND VIDEO WAS DENIED.
BUT HE WAS NOT GUILTY AND IT WAS PROVEN, SO HE'S RETURNING TO HIS██ CELL
AND STATUS PRIOR TO THE MISCONDUCT..
 THESE STAFF MEMBERS EVEN DURNING AN INVESTIGATION AS THE RECORD WILL
SHOW THE LISTED DOCUMENTS IN THIS REPORT. STAFF LIED AND PROVIDE FALSE
INFORMATION KNOWINGLY,IT'S DELIBERATE INDIFFEREN██E. AS WELL CIVIL RIGHTS
VIOLATION. <u>STAFF VIOLATES MEDICAL ORDERS</u>: THEN WRITES A MISCONDUCTS OF
RULE VIOLATION, AND I GET FOUND GUILTY. HOWS THIS.WHATS THE ████████
PENTALY OF THE ABOVE STAFF VIOLATIONS.
                  <u>RELEIF SOUG██T</u>

I WOULD LIKE A REHEARING IN THE ABOVE MATTER OR THE CHARGE DISMISSED BY
HEARING ADMINISTRATOR AS THE EVIDENCE SHOWS RETALATION AS WELL ABUSE OF
POWER BY SGT CURTIS AND VIOLATION OF MEDICAL ORDERS.
I HAVE BEEN █RANSFERED FROM COTTON CORR.FAC. I AM NOW HOUSED AT ADRIAN CORR
FAC. IF MATTERS PROCEED TO JUDICIAL REVIEW AS WELL CIVIL PROCEDURES I
WOULD LIKE TO BE COMPENSATED, AS I WAS TREATED DIFFERENTLY FROM OTHER
PRISONER WITH MEDICAL NEEDS.



31.

F

#5

**MICHIGAN DEPARTMENT OF CORRECTIONS**
**BUREAU OF HEALTH CARE SERVICES**

DATE:05/03/2018 4:16 PM

SPECIAL ACCOMMODATIONS ORDERS

| Start Date | Stop Date | Ordered | Ordered By | Order |
|---|---|---|---|---|
| 08/21/2017 | | 08/21/2017 | Bienvenido B. Canlas, MD | Housing: Barrier free/wheelchair accessible |
| 01/30/2015 | | 01/30/2015 | Mary E. Boayue, PA | Housing: Bottom bunk |
| 01/06/2017 | | 01/06/2017 | Marianne D. McKissick, PA | Housing: Ground floor no steps |
| 01/06/2017 | | 01/06/2017 | Marianne D. McKissick, PA | Housing: May use ramp |
| 01/30/2015 | | 01/30/2015 | Mary E. Boayue, PA | Medical Equipment/Supplies: Brace AFO |
| 08/21/2017 | | 08/21/2017 | Bienvenido B. Canlas, MD | Medical Equipment/Supplies: Cane- Quad |
| 01/30/2015 | | 01/30/2015 | Mary E. Boayue, PA | Medical Equipment/Supplies: Glasses |
| 06/08/2015 | | 06/08/2015 | Ramesh C. Kilaru, MD | Medical Equipment/Supplies: lace up Brace- ankle Bilateral |
| RMO approved 12/18/2014 shoes ACMO appr 12/18/14 Dr Borgerding | | 07/18/2016 | Randy Lindstrom, RN | Medical Equipment/Supplies: Prescription shoe, athletic |
| 01/30/2015 | | 01/30/2015 | Mary E. Boayue, PA | Other: At risk of heat-related illness |
| 01/06/2017 | | 01/06/2017 | Marianne D. McKissick, PA | Other: Other, elevator |

**Document generated by: Amanda A. Peitsch, RN 05/03/2018 4:16 PM Facility: JCF**

PROVIDE TO STAFF SGT, CURTIS

30

Name: CEDRIC BELL
Inmate ID: 248097
DOB: 08/11/1964



F

#6

**MICHIGAN DEPARTMENT OF CORRECTIONS**
**BUREAU OF HEATH CARE SERVICES**

DATE:08/01/2018 9:08 PM

## SPECIAL ACCOMODATIONS ORDERS

| Start Date | Stop Date | Ordered | Ordered By | Order |
|---|---|---|---|---|
| 08/21/2017 | | 08/21/2017 | Bienvenido B. Canlas, MD | Housing: Barrier free/wheelchair accessible |
| 01/30/2015 | | 01/30/2015 | Mary E. Boayue, PA | Housing: Bottom bunk |
| 01/06/2017 | | 01/06/2017 | Marianne D. McKissick, PA | Housing: Ground floor no steps |
| 01/06/2017 | | 01/06/2017 | Marianne D. McKissick, PA | Housing: May use ramp |
| 01/30/2015 | | 01/30/2015 | Mary E. Boayue, PA | Medical Equipment/Supplies: Brace AFO |
| 08/21/2017 | | 08/21/2017 | Bienvenido B. Canlas, MD | Medical Equipment/Supplies: Cane- Quad |
| 01/30/2015 | | 01/30/2015 | Mary E. Boayue, PA | Medical Equipment/Supplies: Glasses |
| 06/08/2015<br>RMO approved | | 06/08/2015 | Ramesh C. Kilaru, MD | Medical Equipment/Supplies: lace up Brace- ankle Bilateral |
| 12/18/2014<br>shoes ACMO appr 12/18/14 Dr Borgerding | | 07/18/2016 | Randy Lindstrom, RN | Medical Equipment/Supplies: Prescription shoe, athletic |
| 01/30/2015 | | 01/30/2015 | Mary E. Boayue, PA | Other: At risk of heat-related illness |
| 01/06/2017 | | 01/06/2017 | Marianne D. McKissick, PA | Other: Other, elevator |

**Document generated by: Amanda A. Peitsch, RN 08/012018 9:20 PM Facility: JCF**

31

Name: CEDRIC BELL
Inmate ID: 248097
DOB: 08/11/1964



CURTIS APPEAL PACKET

F

STATE OF MICHIGAN
DEPARTMENT OF CORRECTIONS
LANSING

RICK SNYDER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

**STEP III GRIEVANCE DECISION**

103586
28E

**To Prisoner:** Bell **#:** 248097
**Current Facility:** ARF
**Grievance ID #:** JCF-18-09-1964-28E
**Step III Received:** 12/5/2018

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

**THE REJECTION IS UPHELD.**

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

**Richard D. Russell, Manager Grievance Section, Office of Legal Affairs**

**Date Mailed:** DEC 10 2018

**cc: Warden, Filing Facility:** JCF

12/18/18 4:45 pm
RECEIVED
% PRISONER

LAST TRANSFER DATE 8/17 AND NEED GRIEVANCE IDENTIFIER NUMBER PLEASE EVEN IF TRANSFERED

F

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4247 10/94
CSJ-247A

# PRISONER/PAROLEE GRIEVANCE FORM

Date Received at Step I 9/4/18 Grievance Identifier: JCF 18 09 1964 28E

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248097 | COTTON | L-10 | 8/15/18 | 8/30/18 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? ON 8/?/18
If none, explain why. I REQUESTED AN APPEAL PACKET FOR RECEIVING A DIRECT ORDER BY ? ? AND ? ON 7/25/18. THIS APPEAL PACKET WAS [illegible]

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

• VIOLATION OF CONSTITUTIONAL RIGHT AND CIVIL RIGHT 14TH AMENDMENT, DUE PROCESS.
• MISSING FROM THIS APPEAL PACKET, MEDICAL REPORT, INCIDENT REPORT, CRITICAL REPORT, BY NURSE RUSSELL RN AS WELL ?? REPORT. AS THE ABOVE DOCUMENTS AND VIDEO SURVEILLANCE ARE PART OF MY APPEAL OF RIGHT AND WERE DENIED. I CAN ONLY ADDRESS THESE MATTER NOW BY FEDERAL LITIGATION IN THE COURTS. I WOULD VERY MUCH LIKE THESE ABOVE REPORTS AS THEY ARE PART OF MISCONDUCT AND RECORD FOR MY LITIGATION TO THE COURTS AT THIS POINT IN EASTERN FEDERAL DISTRICT COURT. AND I WOULD LIKE TO SUBMIT TO THE COURT. AS I AM BEING TRANSFERED AWAY FROM MY FAMILY AND BEING TREATED DIFFERENTLY FROM OTHER PRISONERS.

[signature] Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No If No, give explanation. If resolved, explain resolution.)

[signature] Respondent's Signature — 9/4/18 Date — [signature] Reviewer's Signature — Date

Respondent's Name (Print) — Working Title — Reviewer's Name (Print) — Working Title

| Date Returned to Grievant: 11/?/18 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

F

JCF 18 09 1964 28E

**Michigan Department of Corrections**
**GRIEVANCE REJECTION LETTER**

**DATE:** **9/4/2018**

**TO:** **BELL** **248097** **LOCATION:** **JCF** **L10**

**FROM:** **Grievance Coordinator:** **McCumber-Hemry**

**SUBJECT:** Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding **grievance untimely-**
was received in this office on **9/4/2018** and was rejected due to the following reason:
**The Step I Grievance Office staff have carefully examined the content of your Step I grievance. This examination reveals that you have exceeded your time limits in filing a grievance on issue(s) that concern you, and at the same time provided no reasonable circumstance beyond your control that would have prevented you from filing this grievance in a timely fashion. This office is returing you grievance to you without investigation for these reasons. If you have further questions consult OP 03.02.130, which is available in the institutional library.**

Any future references to this grievance should utilize this identifier:

**JCF / 2018 / 09 / 1964 / 28E**

**Respondent** **Date** **Reviewer** **Date**

STEP 3 OUT 11/21/18

MICHIGAN DEPARTMENT OF CORRECTIONS
4835-4248 5/09
CSJ-247B

# PRISONER/PAROLEE GRIEVANCE APPEAL FORM

Date Received by Grievance Coordinator at Step II: ______________

Grievance Identifier: JCF 1809 1964 28E

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC by 9/25/18. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248097 | COTTON | L-10 | 8-15-18 | 9-14-18 |

**STEP II** — Reason for Appeal ISSUE UNRESOLVE AT STEP 1, AS UNTIMELY.
THE DECISION BY STAFF VIOLATES THE UNITED STATES CONSTITUTIONAL RIGHTS DUE PROCESS AND OTHERS. CIVIL RIGHTS: TITLE II ADA VIOLATIONS.
(ADMINISTRATIVE REMEDIES EXHAUSTED)
SEEKING RELIEF UNDER 42 USC 1983
STEP 1 ATTACHED FRONT PAGE

**STEP II** — Response

Date Received by Step II Respondent:

Date Returned to Grievant:

Respondent's Name (Print) | Respondent's Signature | Date

**STEP III** — Reason for Appeal THE COMPLAINT/GRIEVANCE WAS TIMELY FILED AS WELL THE REQUESTED INFORMATION WAS FOR AN APPEAL TO THE HEARING ADMINISTRATOR OFFICE OF LEGAL AFFAIRS, AS WELL REVIEW BY THE MEDICAL BOARD AS THE AMERICAN [illegible] DISABILITY ACT WAS VIOLATED BY THE LISTED STAFF(UNDER TITLE 2) ,OUT OF RETALIATION WITH ABUSE OF [illegible] POWER. ADMINISTRATIVE REMEDIES EXHAUSTED SEEKING RELEIF BY 42 U.S.C 1983 AS THIS COMPLAINT WILL LISTED AS SUPPORTING EVIDENCE.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant



**G. Robert Cotton Correctional Facility**

***Step II Grievance Response***

**Grievant: Bell** # 248097

**Grievance #:** JCF-2018-09-1964-28E

---

**I have reviewed the Step I grievance, Step I response along with the associated Step II reason for appeal.** The Step I grievance was rejected for the complaint being filed on a non-grievable issue. At Step II you dispute the rejection.

**Grievance Rejected**
PD 03.02.130 "Prisoner/Parolee Grievances" defines what is grievable and non-grievable. The grievance is filed in an untimely manner. The grievance shall not be rejected if there is a valid reason for the delay; e.g. transfer.

The step I rejection has been reviewed by the Warden's office in accordance with P.D. 03.02.130 "Prisoner/Parolee Grievances" and the **REJECTION IS UPHELD AT STEP II**

| **K. Lindsey, Warden** | | 10/15/18 |
|---|---|---|
| **Respondent's Name/Position** | **Respondent's Signature** | **Date** |

# EXHIBIT G

5 PAGES

GRIEVANCE'S

VIDEO TAPE EVIDENCE

PAYNE / ROOT

CURTIS / KUAL

JCF-15-08-1943-28I

Preserve Video Tape of Incident Cotton Corr. Fac C/o Payne Set Root

Recd Back 1/23/19

G

STATE OF MICHIGAN
DEPARTMENT OF CORRECTIONS
LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

**STEP III GRIEVANCE DECISION**

104138

281

**To Prisoner:** Bell **#:** 248097

**Current Facility:** MRF

**Grievance ID #:** JCF-18-08-1943-28I

**Step III Received:** 1/2/2019

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

**THE REJECTION IS UPHELD.**

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

**Date Mailed:** JAN 14 2019

**Richard D. Russell, Manager Grievance Section, Office of Legal Affairs**

**cc: Warden, Filing Facility:** JCF

GRANDVIEW PLAZA • P.O. BOX 30003 • LANSING, MICHIGAN 48909

1

4 PAGE ATTACHMENT
TO: JCF WARDEN LINSEY
G

MICHIGAN DEPARTMENT OF CORRECTIONS
4835-4248 5/09
CSJ-247B

# PRISONER/PAROLEE GRIEVANCE APPEAL FORM

Date Received by Grievance Coordinator at Step II: 11/1/18

Grievance Identifier: [illegible]

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: GC by 9/30/18. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

TRANSFERED TO ADRIAN CORR.FAC.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248097 | COTTON | TRANSFERED | 8-24-18 | 10-19-18 |

**STEP II** — Reason for Appeal (UNRESOLVE AT STEP 1). THIS STEP 2 APPEAL FORM WAS RECEIVED LATE AFTER 3 REQUEST,AND SENT TO ME AT (ADRIAN CORR.FAC.) 10-19-18 AND FILED THE SAME DAY.THE ACTION OF COTTON STAFF IS OUT OF MY CONTROL AS TO GETTING ACCESS TO THE PROPER FORMS TIMELY.THATS WHY THIS APPEAL IS FILED LATE.
I WAS (RETAILATED): AGAINST BY C/O PAYNE AND SGT ROOT ON JULY 9,2018 AS THESE STAFF STATED I WAS ON THE LEFT SIDE ON UNIT AND RAN FROM STAFF AS WELL REFUSED A SHAKE DOWN..
SGT CURTIS AND C/O KUAL ~~XXXXX~~ AS WELL RETAILATED ~~XXXXXX~~ AGAINST ME ON JULY 25,2018, IN A HOSTILE MANNER BY DISREGARDING MEDICAL ACCOMMODATION NOTICE THAT RESULT IN INJURIES. I WAS ~~XXXXX~~ GIVEN MISCONDUCT(S) IN BOTH INCIDENTS., BECAUSE I HAD (see attached pages per policy)

**STEP II** — Response

Date Received by Step II Respondent: 11/2/18

See Attached

| Respondent's Name (Print) | Respondent's Signature | Date | Date Returned to Grievant: |
|---|---|---|---|
| [signature] | [signature] | 11/19/18 | 11/20/18 |

**STEP III** — Reason for Appeal (ISSUE UNRESOLVE AT STEP 2)
I APPEALED TO HIGHER LEVEL OFFICIALS WARDEN LINSEY WITH A ~~XXXX~~ VALID COMPLAINT AS I WAS IN SEGREGATION DETENTION CELL WITHOUT JUSTIFICATION THE BOND WAS NOT REVOKED YET I WAS DENIED THE DUE PROCESS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT THE RETAILATION IS CLEAR AS TO STAFF ACTIONS OF INVIDIOUS DISCRIMINATION BASED ON RACE ILLEGALLY CONFINEMENT AS STAFF VIOLATED THEY OWN RULES AND VIOLATE MY STATE/FEDERAL CONSTITUTIONAL RIGHTS,AS WELLDENIED DOCUMENTS.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White - Process to Step III; Green, Canary, Pink - Process to Step II; Goldenrod - Grievant

G

**G. Robert Cotton Correctional Facility**

***Step II Grievance Response***

**Grievant: Bell** # 248097

**Grievance #:** JCF-2018-08-1943-28I

---

**I have reviewed the Step I grievance, Step I response along with the associated Step II reason for appeal.** The Step I grievance was rejected for the complaint being filed on a non-grievable issue. At Step II you dispute the rejection.

**Grievance Rejected**

PD 03.02.130 "Prisoner/Parolee Grievances" defines what is grievable and non-grievable. The grievant failed to attempt to resolve the issue with staff member. The grievance shall not be rejected if there is a valid reason for the delay; e.g. transfer.

The step I rejection has been reviewed by the Warden's office in accordance with P.D. 03.02.130 "Prisoner/Parolee Grievances" and the **REJECTION IS UPHELD AT STEP II**

| **K. Lindsey, Warden** | [signature] | 11/19/18 |
|---|---|---|
| **Respondent's Name/Position** | **Respondent's Signature** | **Date** |

ENDING TRANSFER SINCE 8/2/18 G

MICHIGAN DEPARTMENT OF CORRECTIONS I WOULD LIKE A RECEIPT 4835-4247 10/94
**PRISONER/PAROLEE GRIEVANCE FORM** CSJ-247A

Date Received at Step I 8/30/18 Grievance Identifier: JCF 1808 1994 28 I

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248017 | COTTON | L-10 | 8/28/18 | 8/28/18 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? NONE
If none, explain why. INDIVIDUAL DISCRIMINATION BASED ON RACE; AND CIVIL RIGHTS VIOLATION AND CONSTITUTIONAL RIGHT VIOLATION. (I WOULD LIKE A GRIEVANCE RECEIPT PLEASE)

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. I WOULD LIKE THE VIDEO SURVEILLANCE AND MISCONDUCT REPORT FROM JULY 9, 2018 BY OFFICE PAYNE AND SGT KENT AS WELL. INVESTIGATIVE REPORT, BY; INVESTIGATOR (SALINAS). HEARING OFFICER, S/ALE ~~SCH~~ SCHNEIDER JULY 25, 2018. (CTI).

AS WELL THE MISCONDUCT REPORT BY (SGT CURTIS, J) ON JULY 25, 2018 AND ALL STATEMENTS; REPORTS; AND MEDICAL REPORTS; VIDEO SURVEILLANCE; BY INVESTIGATOR (SALINAS). HEARING OFFICER MICHAEL MARUTIAK ON AUGUST 1, 2018. ALL THE ABOVE SHALL BE PERSERVE AND TURN OVER TO FEDERAL DISTRICT COURT EASTERN

Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☑ No If No, give explanation. If resolved, explain resolution.)

| Respondent's Signature | Date 8/30/18 | Reviewer's Signature | Date |
|---|---|---|---|
| Respondent's Name (Print) McCleny | Working Title CPC | Reviewer's Name (Print) | Working Title |

Date Returned to Grievant: 9/5/18

If resolved at Step I, Grievant sign here. Resolution must be described above.

Grievant's Signature Date

4

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

G

**Michigan Department of Corrections**
**GRIEVANCE REJECTION LETTER**

**DATE:** **8/30/2018**

**TO:** **BELL** **248097** **LOCATION:** **JCF** **L10**

**FROM:** **Grievance Coordinator:** **McCumber-Hemry**

**SUBJECT:** Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding **Failed to attempt to resolve the issue with staff** was received in this office on **8/30/2018** and was rejected due to the following reason:
**The grievant did not attempt to resolve the issue with the staff member involved prior to filing the grievance unless prevented by circumstances beyond his/her control of if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration.**

Any future references to this grievance should utilize this identifier:

**JCF / 2018 / 08 / 1943 / 28I**

**Respondent** **Date** **Reviewer** **Date**

4

5

EXHIBIT
H, H(a) H, (b)

H, a
DENYED TREATMENT, FOLLOW UP TREATMENT

H, 6
GRIEVANCE(S) TO SUPPORT NO TREATMENT

THESE LISTED MEDICAL GRIEVANCES THERE ARE (14), AND EVIDENCE OF THE DEATH OF PRISONER (SANDERS #148207 ON JANUARY 8,2020), WHO HAD CANCER AND IT WAS A SPOT ON HIS LIVER TO START WITH, AND THE MEDICAL NEGLECT, OF DELAYED TREATMENT FOR YEARS AND DENIED TREATMENT,AS IT SPREADED TO HIS BONES,. A

I HAVE NOT HAD ANY FOLLOW UP TREATMENT AS INSTRUCTED BY ANY EMERGENCY-ROOM HOSPITAL OR THE PRESCRIBE MEDICATION HAS EVER BEEN GIVEN.

1. ADRIAN CORR.FAC.- 2018-10-2714-28C (E-MAIL FROM MEDICAL TELLING STAFF TO TO REJECT GRIEVANCEMR OF MEDICAL NEEDS)
2. COTTON CORR.FAC.-2013-08-1943-28I
3. MMX MACOMB CORR.FAC. 2016-09-1735-28C
4. MACOMB CORR.FAC.-2016-10-1906-12I
5. MACOMB CORR.FAC.- 2016-10-11921-17Z
6. MACOMB CORR.FAC.-2016-10-1925-28B
7. MACOMB CORR.FAC. 2016-10-1922-12Z
8. MACOMB CORR.FAC. 2016-10-1923-28A
9. MACOMB CORR.FAC. 2016-10-1886-03Z
10. MACOMB CORR.FAC. 2016- 10-1937-12Z
11. MACOMB CORR.FAC. 2016-10-1938-28B
12. MACOMB CORR.FAC. 2016-11-2169-28E
13. MACOMB -2016-11-2152- 28E
14. MACOMB CORR.FAC. 2016-11-2162-12D

AAX ______________________________________________:

1. EMERGENCY ROOM HOSPITAL McLAREN MACOMB (DISCHARGED SUMMARY)
2. EMERGENCYROOM MOUNT CLEMENS MEDICAL CENTER(DISCHARGE SUMMARY)
3. EMERGENCYROOM HENRY FORD HOSPITAL(SUMMARY DISCHARGE SUMMARY)
4. EMERGENCYROOM HENRY FORD MACOMB HOSPITAL CLINTON(SUMMARY DISCHARGED)

Please Forward A Copy to *Healthservice* As I dont get A response from them

Oliver Law Group P.C.
ATTORNEYS AT LAW

363 W. Big Beaver Rd., Suite 200, Troy, MI 48084 • Office Tel: 248-327-6556 • Toll Free: 800-939-7878 • Fax: 248-436-3385 • Email: info@oliverlg.com

Lindsay Marino
(248) 327-6556
lmarino@oliverlg.com

December 6, 2016

Submitted by: Cedric Bell #248097 1-25-17

Macomb Correctional Facility
Inmate No. 248097 – Cedric Bill
34625 26 Mile Road
New Haven, MI 48048

To: WARDEN At Macomb Corr. Fac

Re: Authorizations for Release of Health Information

Mr. Bell:

Enclosed please find ten (10) blank Authorizations for Release of Health Information. Please use these to obtain the necessary medical records that are needed to support your potential claim. Please note that you are responsible for any fees associated with obtaining these medical records; please make a note when requesting the records, that any associated fees should be billed to you.

Once you receive the medical records, please forward them to our office for review, so that we may evaluate whether or not we feel your potential claim merits further action.

Please feel free to contact our office with any questions or concerns that you may have.

MDOC DENYED

Sincerely,

OLIVER LAW GROUP P.C.

[signature]

Lindsay Marino
Paralegal/Bookkeeper

To: Warden HAAS
Records office
Health Service Dept.

Enclosure

Please Release Any And All Medical Information to the listed below. Attorney office, Brother Joseph Osborne, Daughters Dorothea/Dorothy Crawford, Justice Department, ACLU, NAACP, CDC, Civil Rights Dept. Fox News



The Oliver Law Group P.C.
ATTORNEYS AT LAW

HELPING THOSE WHO HAVE BEEN HARMED WITH EXPERIENCE, DEDICATION AND TRUST

**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION**

Patient Name: ______________________ Health Record Number: ______________
Date of Birth: ______________________ Social Security Number: ______________

- I authorize the use of disclosure of the above named individual's health information as described below
- The following individual or facility is authorized to make the disclosure:

______________________________________________

Address______________________________________

- The type and amount of information to be used or disclosed is as follows:

| | | |
|---|---|---|
| __**Entire Medical Record***| __Discharge Summary Reports | __Operative Report |
| __**Abstract of Record****| __Doctors Orders | __Pathology Report |
| __**Pathology Slides/Blocks** | __ECG/EKG Reports | __PT/OT Notes |
| __**Radiology Films** | __Emergency Room Record | __Pulmonary Reports |
| __Ambulance Record | __Face Sheet | __Radiology Reports |
| __Autopsy Report | __Gastrointestinal (GI) Lab Report | __Treatment Plan |
| __Cardiac Catheter Report | __History and Physical Report | __**Diagnostic Photos-Specific** |
| __Consent Forms | __Pharmacy Records | __Psychiatric Records |
| __Consultation Reports | __Neurodiagnostic Reports | __Implant Barcode |
| | | __**Other** |

*Entire Medical Records includes all items not in bold print.
**An abstract of the record includes the History/Physical Report, Operative, Consultation and Discharge Summary Reports and diagnostic test results.

---

- I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), of human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.
- Treatment, payment, enrollment, or eligibility of benefits may not be conditioned on obtaining the individual's authorization or if conditioning is permitted by the privacy rule a statement about the consequences of refusing to sign authorization.
- This information may be disclosed to and used by the following individual or organization:

**Oliver Law Group PC**
**363 W. Big Beaver Rd., #200**
**Troy, MI 48084**
**248-327-6556/Fax: 248-436-3385**

For the purpose of: Litigation

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the information released pursuant to the authorization is subject to re-disclosure by the recipient and may no longer be protected by the HIPAA rule. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire on the following date, event, or condition: *the end of Litigation.* If I fail to specify an expiration date, event or condition, this authorization will expire in 90 days.
- Any copy of this document shall have the same authority as the original, and may be substituted in its place.
- I comprehend that I have the right to receive a copy of this authorization.

______________________________ ______________
**Signature of Patient or Legal Representative** **Date**

______________________________
**Relationship to Patient**

PAGE 2 of 2

**Nethercott, [redacted] (MDOC)**

EVIDENCE STAFF CORUPTION

**From:** Nethercott, [redacted] (MDOC)
**Sent:** Thursday, November 01, 2018 1:24 PM
**To:** Ream, [redacted] (MDOC)
**Subject:** Reject ARF-18-10-2714-12D

Grievance Coordinator Ream,

I've read over Inmate Bell's grievance ARF-18-10-2714-12D. Please submit a response for rejection as it is both untimely and presenting with multiple unrelated issues within the body of this Step 1. This is in accordance with PD 03.02.130 Section G with the following support:

1. The grievant claims in grievance ARF-18-10-2714-12D that his boots were taken in July of 2017 and not returned to him while also requesting return of boots in this grievance, making this an untimely grievance.

2. The grievant is requesting the return of his boots that were taken in 2017. Requesting the name of the doctor that treated him on July 2, 2018. Claiming that his medical records were changed. Claiming that the staff of URF gave false information to the medical staff in 2017 and that the false information was added to his medical record. Claiming that he is being retaliated against by medical staff because of something that happened at MRF and JCF. Claiming that he was denied proper follow up treatment and that he does not receive call outs for his appointments. All are multiple unrelated issues.

Thank you,

[redacted] Nethercott RN
Nurse Manager
Gus Harrison Correctional Facility RTP
(517) 265-3900 ext.2653556
NethercottC@Michigan.gov

MEDICAL STAFF:
CONSPIRING TO DENY TREATMENT, AND MEDICAL NEEDS; NOW AND PAST

2

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER/PAROLEE GRIEVANCE FORM

4835-4247 10/94
CSJ-247A

Date Received at Step I ____ Grievance Identifier: ARF 18 10 2714 28E

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248097 | ADRIAN | 3-159-B | 10-19-18 | 10-19-18 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? OCT 19,2018

If none, explain why. SPOKE DIRECTLY TO (RN MARINE) WHO STATED SHE WAS NURSE SUPERVISOR HERE AT ADRIAN CORR.FAC., SHE STATED I SAW DOCTOR JULY 2,2018 AND MY SPECIAL ACCOMMODATION NOTICE WAS CANCEL BY A FACILITY DOCTOR. AND THE FOOTWEAR ARE BEING TAKEN THAT I HAVE TO ACCOMMODATE THE AFO BRACES..

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. ON THE ABOVE DATE I WAS ON CALLOUT TO MEDICAL,AT NO TIME DID I REQUEST TREATMENT FOR THIS ABOVE MATTER. I HAVE A SPECIAL ACCOMMODATION NOTICE FOR BOOTS TO ACCOMMODATE MY (AFO) BRACES MY FAMILY PAID FOR MY BOOTS AS WELL THE BRACES ON MY LEFT/RIGHT FEET.,I BEEN HAD THESE AFO BRACES NON-BI-LATERIAL SINCE 1998. MY FAMILY REPLACED THE OLD ONE WITH THESE. BOOTS WAS ORDER 2012 OR 2013 I GOT THE RECEIPTS.
MY MEDICAL CONDITION IS PERMANENT, NERVE DAMAGES,PARALYSIS, FROM 18 GUNSHOT WOUNDS. MY LEFT AND RIGHT FEET HANG DOWN THE BRACES KEEP THEM STRAIGHT. MY FOOTWEAR,WERE AUTHORIZED IN 1996, THESE ARE THE LISTED DOCTOR'S THAT HAVE TREATE ME IN THE MICHIGAN DEPARTMENT OF CORRECTION MEDICAL HEALTHSERVICE. ANITA M. NORONHA MD., ARDESHIR FAGHIHNIA MD., MICHAEL R. ENGELSGJERD MD., ROBERT A.WESTOVER MD., RAMESH C. KILARU MD., BIENVENIDO B. CANIAS MD., AS WELLOUTSIDE DOCTORS I WILL PROVIDE THE NAMES FROM HENRY FORD HOSPITAL, McLEARN MACOMB HOSPITAL DETROIT RECIVING HOSPITAL AS TO MY MEDICAL CONDITION. AS FACILITY MEDICAL STAFF ACTION CAN/WILL LEAD TO DAMAGES AND ME BACK IN A WHEELCHAIR. AND DESTROY WHAT I HAVE REBUILT TO STAY ON MY FEET WALKING.
THIS AND THE ACTION OF STAFF HAVE VIOLATED MY EIGHT AMENDMENT TO THE UNITED STATES CONSTITUTION.

(SEE ATTACH 4 PAGES PER POLICY) Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No If No, give explanation. If resolved, explain resolution.)

See attached

Respondent's Signature ____ Date 11-8-18 ____ Reviewer's Signature ____ Date ____

Respondent's Name (Print) Klein ____ Working Title CRP ____ Reviewer's Name (Print) ____ Working Title ____

| Date Returned to Grievant: 11-14-18 | If resolved at Step I, Grievant sign here. Resolution must be described above. Grievant's Signature ____ Date ____ |
|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

6

**H**

STEP 1 GRIEVANCE ATTACHMENT

[illegible]DRIC BELL /// [illegible] /// [illegible] /// [illegible] /// [illegible]-19-1[illegible] /// 1[illegible]-19-18 //

AT THIS TIME, I CEDRIC BELL HAVE NOT SEEN A FACILITY(MDOC) DOCTOR REGARDING MY DROP FEET, OR A DOCTOR TO REMOVE THE BOOTS THAT ACCOMMODATE THE LEFT/RIGHT AFO BRACES OR THE ORTHOPEDIC ATHLETIC SHOE THAT DO THE SAME THING. (PD/[illegible] [illegible] SPECIAL ACCOMMODATION) [illegible] IS CLEAR AND STATES A DOCTOR AUTHORIZATION [illegible] (OFFICE) [illegible] [illegible] NEEDED TO REMOVE ANY MEDICAL ACCOMMODATION FROM A PRISONER..

I WOULD LIKE TO KNOW THE NAME OF THE DOCTOR THAT TREATED ME AND REMOVE BOOTS AND ATHLETIC SHOES ON JULY [illegible] 18.,

THIS IS [illegible](RN [illegible] [illegible] SUPERVISOR) [illegible] [illegible] [illegible] 19,2018 ,BUT THE [illegible] IS THERE NO DOCUMENTATION OF THIS, [illegible] [illegible] NOT THE FIRST TIME MY SPECIAL ACCOMMODATION NOTICE [illegible] HAS BEEN ALTER., AND IT RESULTED IN INJURY. AS NO DOCTOR HAVE (EVER) MADE CHANGES TO ANY OF MY SPECIAL ACCOMMODATION NOTICE.

ANY MEDICAL STAFF [illegible] [illegible] TO THE [illegible] COMPUTER AND MAKE CHANGES OR DELETE OR ADD DATES. THIS IS NOT HARD.. AND IT'S DONE IN MOST CASE'S WHERE MEDICAL STAFF ARE OVER FRIENDLY WITH CORRECTIONAL OFFICER OR [illegible] IN A RELATIONSHIP. YET [illegible] [illegible] [illegible] NOT IN [illegible] [illegible].

(I HAVE NOT [illegible] ANY [illegible]): FROM MY MEDICAL STAFF, NO MEDICAL [illegible] [illegible] [illegible] [illegible] IN THE RECORD....

I HAVE ONLY ASKED THAT THE [illegible] [illegible] REPAIRED AND SOLES ON MY MEDICAL BOOTS/[illegible] [illegible] [illegible] [illegible] MEDICAL STAFF AT (URF) JULY 2017 THIRD WEEK AND TAKEN TO A REPAIR SHOP.( DOCUMENTATION FROM THE REPAIR SHOP IS REQUESTED) AS EVIDENCE TO SUPPORT [illegible] [illegible] [illegible] [illegible] [illegible] WERE NOT RETURN TO ME. I [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] SPECIAL ACCOMMODATION NOTICE. AFTER [illegible] [illegible] [illegible] THE [illegible] MICHIGAN DEPARTMENT OF [illegible] [illegible] LICENSING INVESTIGATION [illegible] [illegible]. (URF) [illegible] [illegible] MEDICAL STAFF I ASSAULTED A PRISONER,THIS [illegible] [illegible] [illegible]. [illegible] [illegible] NOT STOP MEDICAL STAFF [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] AND I WAS TRANSFERRED OUT THE NEXT DAY, LEAVING THE NEXT FACILITY [illegible] WITH FALSE [illegible]. [illegible] [illegible], THEN TRANSFERRED [illegible] [illegible], [illegible] [illegible] AT [illegible], [illegible] [illegible] [illegible] I HAVE A COPY OF (ALL) MY SPECIAL ACCOMMODATION NOTICES. [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]. ([illegible] [illegible] [illegible] [illegible] THE [illegible] [illegible] I CEDRIC MY FOOTWEAR WAS DISCONTINUED) I [illegible] [illegible] THE DOCTOR NAME THAT [illegible] [illegible] ALONG WITH THE DATES OF THE [illegible] ACCOMMODATION AND [illegible]. AND THE COPIES WHERE I CEDRIC BELL [illegible] (ANY) REQUEST FOR FOOTWEAR....

I HAVE [illegible] [illegible] 1/2 [illegible] FOR [illegible] [illegible]. YET I AM BEING RETALIATED AGAINST BY MEDICAL STAFF [illegible] THAT [illegible] TO ME AT (URF) AS BELL (DOB) MEDICAL AS [illegible] [illegible] MEDICAL STAFF [illegible] [illegible] [illegible] [illegible] AND I [illegible] [illegible] [illegible] [illegible] OF [illegible].. [illegible] APPOINTMENT [illegible] [illegible] [illegible] [illegible] [illegible] [illegible].

YET THE ONLY [illegible] I HAVE SEEN WAS DOCTOR [illegible] [illegible] MY INFECTED [illegible] LEFT TOE. [illegible] [illegible] [illegible] [illegible] AT MEDICAL [illegible] FROM [illegible] DIFFERENT OUTSIDE [illegible] [illegible] [illegible] TREATMENT [illegible] DIFFERENT HOSPITAL......

AS TO MY FOOTWEAR THAT I HAVE AND (AFO) MEDICAL STAFF [illegible] REMOVING WITHOUT A DOCTOR & TREATMENT OR EVALUATION. PLEASE [illegible] [illegible] [illegible] [illegible] F.[illegible] [illegible]).

I WOULD LIKE TO RESOLVE THIS [illegible] BY HAVING MEDICAL STAFF REPLACE MY BOOTS BACK ON MY MEDICAL ACCOMMODATION AS THEY [illegible] [illegible] [illegible] MY [illegible] [illegible] ATHLETIC NEW BALANCE THAT I [illegible] [illegible]. THE METAL [illegible] BRACES/BOOTS ARE AT (URF) IT'S BEEN [illegible] MONTHS WITHOUT [illegible] [illegible] [illegible] MY HEALTH A DETERIORATED. [illegible] I DONT GET PHYSICAL THERAPY AND REFUSE MEDICATION FOR MUSCLE SPAMS. AS I DONT WANT THE LABEL BY HEALTHCARE AS [illegible] [illegible] [illegible] [illegible]. I NEED TO DO FOR MYSELF AND FACILITY STAFF AND MEDICAL STAFF ARE STOPING THIS [illegible] FALSE INFORMATION..

7

H

**Michigan Department of Corrections**
**GRIEVANCE REJECTION LETTER**

**DATE:** **11/8/2018**

**TO:** **BELL** **248097** **LOCATION:** **ARF** **159B-3**

**FROM:** **Grievance Coordinator: Ream**

**SUBJECT:** Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding **MULTIPLE ISSUES,**
was received in this office on **10/23/2018** and was rejected due to the following reason:
**Your grievance is being returned to you without processing for the reason that you are in violation of PD-03.02.130. This procedure states that you must limit your grievance to one (1) issue per grievance. You have included more than one (1) issue as prescribed in this procedure. Grievance denied at first step.**

Any future references to this grievance should utilize this identifier:

**ARF / 2018 / 10 / 2714 / 28C**

[signature] 11-8-18
**Respondent** **Date**

ADW. [signature] 11-13-18
**Reviewer** **Date**

8

WARDEN OFFICE
W.A.N CAMPBELL
SEE ATTACH 4 PAGES STEP 1
H

MICHIGAN DEPARTMENT OF CORRECTIONS
4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: 11-[illegible]-18

Grievance Identifier: ARF/18/10/2714/28G

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: [illegible] by 11-[illegible]. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248097 | ADRIAN | 3-159-B | 10-19-18 | 11-17-18 |

**STEP II** — Reason for Appeal (ISSUE UNRESOLVE AT STEP 1) COMPLAINT WAS TIMELY. MEDICAL CONDITION I HAVE IS PERMANENT. AND THE STEP 1 COMPLAINT/GRIEVANCEIS PROPERLY FILED BASED ON THE INFORMATION I WAS TOLD BY (NURSE SUPERVISOR MARINE) NOTHING X IN WRITING,NO NAMES,DATES.ANYTHING OTHER THAN WORD OF MOUTH. I HAVE A SERIOUS MEDICAL NEED,CONDITION AS WELL THE NOW SERIOUS MEDICAL XXXXX XXXXX NEED THATS BEING NEGLECTED AND MEDICAL REPORTS FROM THE LISTED 3 DIFFERENT EMERGENCYROOM PROVES THIS .(RN.NETHERCOTT, NURSE MANAGER) HAS PROVIED HIS/HER REASON FOR THE REJECTION OF THE GRIEVANCE/COMPLAINT. BUT YOU RN NETHERCOTT CAN NOT PROVIDE XXXX (ANY) DOCTOR'S WHO HAS PROVIDE ANY FOLLOW UP TREATMENT OR HAS SEEN/TREATED ME OR HAS REMOVE WHAT MEDICAL STAFF ATTEMPTING TO SAY WHATS CANCEL,.WHATS GOING ON WITH THESE FOLLOW UPS,9-23-16,9-22-16,2-4-17,2-7-17 ALL FROM EMERGENCYROOM HOSP.

**STEP II** — Response

Date Received by Step II Respondent:

Respondent's Name (Print) | Respondent's Signature | Date

Date Returned to Grievant: 11-26-18

**STEP III** — Reason for Appeal (FACTUAL ISSUE'S) THE ABOVE WAS SENT TO THE WARDEN OFFICE A HIGHER LEVEL OFFICIAL AT THE FACILITY REGARDING A SERIOUS MEDICAL CONDITION OF NEGLECT,DELAY,XXXX NO TREATMENT.THE APPEAL WAS NOT FORWARD TOO MEDICAL HIGHER LEVEL OFFICIAL IN JACKSON, OR CORIZEN MEDICIAL IN LANSING,XXOR TO THE DIRECTOR H.WASHINGTON,AS WHAT HAS/HAVE BEEN PROVIDE BY DOCTOR'S,YET TAKEN AWAY YEARS XXXX LATER AND NOT BY A DOCTOR(s). BECAUSE I HAVE FILED GRIEVANCES REGARDING TREATMENT AS IT IS CLEAR,STAFF CONSPIREING OR CLEAR RETALIATION FOR FILING.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White - Process to Step III; Green, Canary, Pink - Process to Step II; Goldenrod - Grievant

3

XXXX GRIEVANCE/COMPLAINT STEP 2 ATTACHMENT #1

ARF/2018[illegible]/2714/28[illegible]

--

[illegible] // [illegible] // [illegible] // [illegible] // 1[illegible]-1[illegible] //11-17-1[illegible] XXXXXXXXXXXX

AND [illegible] EMERG[illegible] [illegible] MACOMB HOSP[illegible] XXXX [illegible] XXXXXXX [illegible] FACILITY [illegible] THESE EMERG[illegible] (AS THEY [illegible]):
[illegible] ANY [illegible]
MEDICAL STAFF [illegible] NURSE XXXXXXXX [illegible] LABEL AND THE XXXX [illegible] THIS.
AS [illegible] POLICY IS [illegible] MEDICAL [illegible].
A [illegible] .04 [illegible] ..
[illegible] THE [illegible] (EAST) AND [illegible] XXXXXXXXX [illegible] XXPRO[illegible].
THE [illegible] FAC. [illegible] XXXXXXXXXXXXXX [illegible] DOCTOR ACTUALLY [illegible] I [redacted] [illegible] [redacted] WAS [illegible] THE [illegible] THE [illegible] STATED [illegible].
[illegible] IT'S NOT [illegible] XXXXM [illegible] ATHERCUTT NURSE SUPERVISOR AND [illegible] NURSE SUPERVISOR [illegible] VIOLATIONS, I [illegible] XXXXXXX [illegible] LEFT/RIGHT AS [illegible] FACILITY STAFF [illegible] TO THE FOOTWARE I HAVE [illegible]. YET [illegible] IN A [illegible] SIX [illegible] REVERSED OR LABEL [illegible] THIS [illegible] (XXXX [illegible]) BE [illegible] -1[illegible] AND [illegible], AS I HAVING [illegible] YET THEY [illegible] OF STAFF ARE [illegible] FACILITY. I [illegible] LIKE THE [illegible] OF THESE [illegible] MADE AS [illegible] FILE, [illegible] MEDICAL STAFF [illegible] MEDICAL [illegible] UNTIMELY AND I'M NOT ENTITLED TO TREATMENT [illegible] REQUESTS ARE [illegible].

4

**STEP II PRISONER GRIEVANCE RESPONSE**

| Prisoner Name | Number | Institution | Lock | Date of Incident |
|---|---|---|---|---|
| **Bell** | **248097** | **ARF** | **3-159-B** | **10/19/2018** |
| Respondent | Title | Date | Grievance Identifier | |
| **Warden Campbell** | **ARF Warden** | **11/20/2018** | **ARF/ 2018/10/2714/28C** | |

The Step I rejection has been reviewed by the Warden's Office in accordance with PD 03.02.130 Prisoner/Parolee Grievances and the rejection is upheld at Step II.

MED REC 1/23/19 BOOTS/BRACE FOOTWEAR

3-66B

H

STATE OF MICHIGAN
DEPARTMENT OF CORRECTIONS
LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

**STEP III GRIEVANCE DECISION**

104151

28C

**To Prisoner:** Bell **#:** 248097
**Current Facility:** MRF
**Grievance ID #:** ARF-18-10-2714-28C
**Step III Received:** 1/2/2019

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

**THE REJECTION IS UPHELD.**

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

**Richard D. Russell, Manager Grievance Section, Office of Legal Affairs**

**Date Mailed:** JAN 14 2019

**cc: Warden, Filing Facility:** ARF

H first

MICHIGAN DEPARTMENT OF CORRECTIONS – Bureau of Health Care Services

CHJ-268
REV. 8/14

TO: 
Requestor Name and Address

Bell. Cedric — Prisoner Name | 248097 — Number | Seg012 — Lock

FROM: Brenda Hunter, MBA, RHIA, CHTS-IM (Name) Health Information Dept.: MRF (Institution)

**SUBJECT: Request for Health Record Information** **DATE:** 9/26/2016

**Your request for** ☒ **copies** ☐ **review** **of your health record has been received.**

This request is not being processed under the Freedom of Information Act (MCL 15.231 et seq.) because health records are not public documents. It is being processed under the Medical Records Access Act (MCL 333.26261 et seq.).

A. ☒ **Your request can be processed after completion of the following steps:**

1. ☒ Complete the attached authorization form, stating specifically what information you are requesting.
2. ☒ Forward a completed disbursement voucher, in the amount of $ 1.75 ( 7 pages x $.25 per page). amt. due
3. ☐ Submit a check or money order for the amount of $ ______ ( ______ pages)
   *An initial fee of $23.42 per request for a copy of the record.*
   *One dollar seventeen cents ($1.17) per page for the first 20 pages.*
   *Fifty nine cents ($.59) per page for pages 21 through 50.*
   *Twenty three cents ($.23) per page for pages 51 and over.*
   Make check or money order payable to STATE OF MICHIGAN. Send payment to:
   Macomb Correctional Facility
   34625 26 Mile Road
   New Haven, MI 48048, Attn: Medical Records
   Facility Name

B. ☐ **Your request cannot be processed for the following reason(s):**

1. ☐ Review of health records is not permitted. You may obtain copies of your health record by following the steps above in "A".
2. ☐ The information you have requested is not contained within your health record.
3. ☐ A more precise description of the information you are requesting is needed. Please describe the information you want in greater detail.
4. ☐ Other: ______

C. ☐ Your request has been forwarded to Duane L. Waters Hospital, 3857 Cooper St., Jackson, MI 49201.

D. ☑ **Enclosed are the health record copies you requested ( ______ pages enclosed).**

E. ☒ Other: McLaren Records

~~I would like~~ All MEDICAL Records copied from treatment At McLAREN Hospital Macomb 9-22-16 thru 9-23-16 that was Received by Macomb Corr. FAC. [As well this Request Form] Blood result; Referrals ect All documents

| **RESPONSE TO REQUEST FOR HEALTH RECORD INFORMATION** | Patient Identification<br>Name: Bell, Cedric<br>Number: 248097<br>D.O.B.: 8/11/64 |
|---|---|

DISTRIBUTION: White – Requestor; Canary – Health Record

Disbursement Attached for Copies 9/30/16

(Spoke to: Hum) Cooper
PA Ferris

Follow Up

Rites provided by unit staff

#1

4835-7549

CHJ-549 11/05

MICHIGAN DEPARTMENT OF CORRECTIONS-Bureau of Health Care

## HEALTH CARE REQUEST

PRISONER: COMPLETE SECTIONS A THROUGH D

**A** NAME: CEDRIC Bell | FACILITY: MACOMB

NUMBER: 248097 | LOCK: SEG # 12 | DATE: 9-23-16

**B** This Health Care Request is for the following (check one or more): ☒ Health Record Copies ☐ Dental ☐ Medication Refill ☒ Medical ☐ Optometry ☐ Mental Health | ☐ Non-urgent ☒ Urgent

**C** I have the following problems/symptoms: ON 9-23-16 Healthcare Nurse, try to get to Sign A Release Form to get Record From Henry Ford Hospital. I did not Sign Anything. I Never Went there. I would like to get the Release Form For Records to be receive From McLaren Macomb Hospital, X-RAYS, CAT SCANS And Results. I Also would like Copies

**D** NOTICE TO PRISONER

You will not be denied health care services for lack of personal funds. However, if your account does not have adequate funds, the copayment will be considered an institutional debt and shall be collected as set forth in PD 04.02.105, "Prisoner Funds".

Signing this document formally requests treatment. In addition, it authorizes the DOC to treat or arrange treatment for you and to release any necessary medical information to facilitate that treatment, to review treatment, to respond to a related grievance, or to review any appeal you may make regarding the Department's decision to charge for the care.

I have read Section D above, or it has been read to me and I understand that I will be charged $5.00 for my health care visit unless it is for one of the reasons listed below in Section F. If I am charged for this visit, I agree that the $5.00 may be taken from my account.

Prisoner Signature: Date:

PRISONER: DO NOT WRITE BELOW THIS LINE

**E** INSTRUCTIONS TO PRISONER Mr. Bell #248097

You must sign & return form to Medical Records so that I may obtain the records ~~fo~~ from McLaren Macomb ~~Hos~~ Hospital

An appointment has been scheduled for you on: Date:

Signature: B. Hunter, RHIA Title: HIM Provider #: Date: 9/26/2016

**F** COPAYMENT (to be filled out by health care):

Note: If none of the exceptions listed below apply, check the box below and a copay will be charged.

Care that is:

- requested by a QHP (includes transfer assessments, chronic care clinics, intake and annual screening, and required follow-up care)
- for injuries that are work-related as documented by the prisoner's work supervisor
- requested for testing for HIV, STD's, infestations, or reportable communicable diseases
- requested for evaluation, consultation, or treatment of a mental health need
- prompted by a medical emergency (see Section I of the policy, if self-inflicted)

2016 SEP 23 PM 9:30

☐ I have reviewed the visit of ______ (Date) and certify none of these exceptions apply.

Signature: Title: Provider #: Date:

A79037 157T038-6EF

Kite provided by unit Staff

Spoke to: HIM Cooper PA Ferris

# 2

4835-7549
CHJ-549 11/05

MICHIGAN DEPARTMENT OF CORRECTIONS-Bureau of Health Care

HEALTH CARE REQUEST THIS IS A Follow UP

PRISONER: COMPLETE SECTIONS A THROUGH D

**A** NAME: CEDRIC BELL FACILITY: MACOMB

NUMBER: 248097 LOCK: SEG #12 DATE: 9-23-16

**B** This Health Care Request is for the following (check one or more): ☑ Health Record Copies ☐ Non-urgent ☑ Urgent

☐ Dental ☐ Medication Refill ☑ Medical ☐ Optometry ☐ Mental Health

**C** I have the following problems/symptoms: ON 9/22/16 I went to McLaren Macomb Hospital, return 9/23/16, For Head Injury, Back and Ribs. I would like to get copies of the 3 document I read in health care as to the treatment and Follow up. Per Doctor's at the Hospital

**D** NOTICE TO PRISONER

You will not be denied health care services for lack of personal funds. However, if your account does not have adequate funds, the copayment will be considered an institutional debt and shall be collected as set forth in PD 04.02.105, "Prisoner Funds".

Signing this document formally requests treatment. In addition, it authorizes the DOC to treat or arrange treatment for you and to release any necessary medical information to facilitate that treatment, to review treatment, to respond to a related grievance, or to review any appeal you may make regarding the Department's decision to charge for the care.

I have read Section D above, or it has been read to me and I understand that I will be charged $5.00 for my health care visit unless it is for one of the reasons listed below in Section F. If I am charged for this visit, I agree that the $5.00 may be taken from my account.

Prisoner Signature: Date:

PRISONER: DO NOT WRITE BELOW THIS LINE

**E** INSTRUCTIONS TO PRISONER Mr. Bell #248097

Sign the enclosed form in order for me to get the records from McLaren Macomb Hospital.

An appointment has been scheduled for you on: Date:

Signature: B. Hunter, CHIA Title: HIM Provider #: Date: 9/26/2016

**F** COPAYMENT (to be filled out by health care):

Note: If none of the exceptions listed below apply, check the box below and a copay will be charged.

Care that is:

- requested by a QHP (includes transfer assessments, chronic care clinics, intake and annual screening, and required follow-up care)
- for injuries that are work-related as documented by the prisoner's work supervisor
- requested for testing for HIV, STD's, infestations, or reportable communicable diseases
- requested for evaluation, consultation, or treatment of a mental health need
- prompted by a medical emergency (see Section I of the policy, if self-inflicted)

☐ I have reviewed the visit of ____________ (Date) and certify none of these exceptions apply.

Signature: Title: Provider #: Date: 2016 SEP 23 PM 9:3[illegible]

[illegible]26-16 A958-5CE

(4) Follow Up — Need me this Kite

4835-7549
CHJ-549 11/05

MICHIGAN DEPARTMENT OF CORRECTIONS-Bureau of Health Care

# HEALTH CARE REQUEST

PRISONER: COMPLETE SECTIONS A THROUGH D

**A** NAME: CEDRIC BELL FACILITY: Macomb

NUMBER: 248097 LOCK: SEG #12 DATE: 9-24-16

**B** This Health Care Request is for the following (check one or more): ☐ Health Record Copies ☐ Non-urgent

☐ Dental ☐ Medication Refill ☑ Medical ☐ Optometry ☐ Mental Health ☑ Urgent

**C** I have the following problems/symptoms: I would like to get Information on liver cancer to Read, As well how its detected And treated. And the person Name thats providing the information. As I was told by Doctors At Mclaren Hospital I have cancer on the liver After A CAT SCAN 9-23-16 And follow up is Required

**D** NOTICE TO PRISONER

You will not be denied health care services for lack of personal funds. However, if your account does not have adequate funds, the copayment will be considered an institutional debt and shall be collected as set forth in PD 04.02.105, "Prisoner Funds".

Signing this document formally requests treatment. In addition, it authorizes the DOC to treat or arrange treatment for you and to release any necessary medical information to facilitate that treatment, to review treatment, to respond to a related grievance, or to review any appeal you may make regarding the Department's decision to charge for the care.

I have read Section D above, or it has been read to me and I understand that I will be charged $5.00 for my health care visit unless it is for one of the reasons listed below in Section F. If I am charged for this visit, I agree that the $5.00 may be taken from my account.

Prisoner Signature: Date:

PRISONER: DO NOT WRITE BELOW THIS LINE

**E** INSTRUCTIONS TO PRISONER You may discuss this with the medical provider at your upcoming chronic care visit. We do not have the results of the CT scan. You Refused to sign Request for information form which enables us to receive your recent hospital records

An appointment has been scheduled for you on: Date:

Signature: CM Ivans Title: RN Provider #: 16180 Date: 9-24-16

**F** COPAYMENT (to be filled out by health care):

Note: If none of the exceptions listed below apply, check the box below and a copay will be charged.

Care that is:

- requested by a QHP (includes transfer assessments, chronic care clinics, intake and annual screening, and required follow-up care)
- for injuries that are work-related as documented by the prisoner's work supervisor
- requested for testing for HIV, STD's, infestations, or reportable communicable diseases
- requested for evaluation, consultation, or treatment of a mental health need
- prompted by a medical emergency (see Section I of the policy, if self-inflicted)

☐ I have reviewed the visit of ______ (Date) and certify none of these exceptions apply.

2016 SEP 24 PM 9:??

Signature: Title: Provider #: Date:

Distribution: White - Health Services, Canary - Prisoner, Pink - Business Office

(5)

MICHIGAN DEPARTMENT OF CORRECTIONS
**DISBURSEMENT AUTHORIZATION/CATALOG ORDER FORM**

CAR-100
4835-1100
10/08

Prisoners write clearly-illegible/incomplete forms will not be processed.

Date: 9-30-16

Prisoner Number: 248077 Prisoner's Last Name: BELL, CEDRIC Institution: MACOMB Lock Number: [illegible] 12

Pay To: Brandon [illegible], MBA, RHIA, CHTS-[illegible]

Address: Medical Records Dept.
Macomb Corr. Fac.

Cost/Amount $ 1.75

Reason/Description: (If to relative, identify relationship) Copies

**COMPLETE THIS PORTION FOR CATALOG ORDERS ONLY**

| Page No. | Description of Item | Unit | Catalog Number | Color | Size | Qty | Unit Price | Total Price |
|---|---|---|---|---|---|---|---|---|
| | Copies of (ALL) MEDICAL | | | | | | $ | $ |
| | RECORDS From McLAREN Hospital | | | | | | | |
| | Macomb from 9-21-16 thru 9-23-16 | | | | | | | |
| | | | | | | | | |
| | As well CHJ-265 medical request Form I | | | | | | | |
| | filled out attached information at the Bottom | | | | | | | |
| ( | (E) other) | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Sub-Total $ 1.75

Delivery Costs $

Tax (if applicable) $

Total Amount Enclosed $

C. Bell 9/30/16

Prisoner's Signature Date

Deputy Warden or Authorized Agent Date

R.U.M. or Authorized Agent Date

Warden or Authorized Agent Date

| | | |
|---|---|---|
| | | |
| Code | Actual Expense | Batch Number |

Distribution: White-Business Office; Canary-Vendor; Pink-Property; Goldenrod-Prisoner

Rec'd 10/5/16

4835-7549
MICHIGAN DEPARTMENT OF CORRECTIONS-Bureau of Health Care CHJ-549 11/05

# HEALTH CARE REQUEST

**PRISONER: COMPLETE SECTIONS A THROUGH D**

A NAME: CEDRIC BEll FACILITY: MRF
NUMBER: 248097 LOCK: 3-90-B DATE: 8/21/16

B. This Health Care Request is for the following (check one or more): ☐ Health Record Copies ☐ Non-urgent
☐ Dental ☐ Medication Refill ☐ Medical ☐ Optometry ☐ Mental Health ☐ Urgent

C. I have the following problems/symptoms: ON 8/9/16 I went to DWH orthotics And WAS SIZE AgAiN For ANkle Supports, Knee sports, Footwear for my (AFO'S) Left + Right, Also the repair of my Right boot, I WAS told I WAS Approve by ACMO ON 5/11/16. This WAS the Same thing done ON 5/26/16; when will I be going back to pick up the Items.? Follow up treatment

D NOTICE TO PRISONER

You will not be denied health care services for lack of personal funds. However, if your account does not have adequate funds, the copayment will be considered an institutional debt and shall be collected as set forth in PD 04.02.105, "Prisoner Funds".

Signing this document formally requests treatment. In addition, it authorizes the DOC to treat or arrange treatment for you and to release any necessary medical information to facilitate that treatment, to review treatment, to respond to a related grievance, or to review any appeal you may make regarding the Department's decision to charge for the care.

I have read Section D above, or it has been read to me and I understand that I will be charged $5.00 for my health care visit unless it is for one of the reasons listed below in Section F. If I am charged for this visit, I agree that the $5.00 may be taken from my account.

Prisoner Signature: Date:

**PRISONER: DO NOT WRITE BELOW THIS LINE**

E INSTRUCTIONS TO PRISONER You will be notified by call out when these items are ready for pick up. Watch for your call out.

2016 AUG 19 PM 9:57

An appointment has been scheduled for you on: Date:

Signature: [signature] Title: RN Provider #: 16069 Date: 8-21-16

F COPAYMENT (to be filled out by health care):

Note: If none of the exceptions listed below apply, check the box below and a copay will be charged.

Care that is:
- requested by a QHP (includes transfer assessments, chronic care clinics, intake and annual screening, and required follow-up care)
- for injuries that are work-related as documented by the prisoner's work supervisor
- requested for testing for HIV, STD's, infestations, or reportable communicable diseases
- requested for evaluation, consultation, or treatment of a mental health need
- prompted by a medical emergency (see Section I of the policy, if self-inflicted)

☐ I have reviewed the visit of ______ (Date) and certify none of these exceptions apply.

Signature: Title: Provider #: Date:

Distribution: White - Health Services, Canary - Prisoner, Pink - Business Office

# HEALTH CARE REQUEST

**PRISONER: COMPLETE SECTIONS A THROUGH D**

A NAME: CEDRIC BELL (FOLLOW UP) FACILITY: MACOMB

NUMBER: 248097 LOCK: 1/75/B DATE: 12-2-16

B. This Health Care Request is for the following (check one or more): XXX Health Record Copies ❑ Non-urgent

❑ Dental ❑ Medication Refill ❑ Medical ❑ Optometry ❑ Mental Health ❑ Urgent

C. I have the following problems/symptoms: XXX FOLLOW UP ON 10-20-16 WHILE SPEAKING XXXX WITH RN E. PARR-MIRZA..A NURSE CAN IN AND ASK ME TO FILL OUT A MEDICAL RELEASE FORM TO ALLEGIANCE HEALTH HENRY FORD HOSPITAL. I DID THIS. I WOULD LIKE A COPY OF THIS RELEASE FORM I FILLED OUT AS XXXX WELL AS WELL THE INFORMATION THAT WAS RELEASE TO THEM AND THE DATE XXXXX IT WAS SENT.... IF POSSIBLE THE PERSON NAME THAT IT WAS SENT TO.

D **NOTICE TO PRISONER**

You will not be denied health care services for lack of personal funds. However, if your account does not have adequate funds, the copayment will be considered an institutional debt and shall be collected as set forth in PD 04.02.105, "Prisoner Funds".

Signing this document formally requests treatment. In addition, it authorizes the DOC to treat or arrange treatment for you and to release any necessary medical information to facilitate that treatment, to review treatment, to respond to a related grievance, or to review any appeal you may make regarding the Department's decision to charge for the care.

I have read Section D above, or it has been read to me and I understand that I will be charged $5.00 for my health care visit unless it is for one of the reasons listed below in Section F. If I am charged for this visit, I agree that the $5.00 may be taken from my account.

Prisoner Signature: Date:

**PRISONER: DO NOT WRITE BELOW THIS LINE**

E **INSTRUCTIONS TO PRISONER**

An appointment has been scheduled for you on: Date:

Signature: Title: Provider #: Date:

F **COPAYMENT** (to be filled out by health care):

Note: If none of the exceptions listed below apply, check the box below and a copay will be charged.

Care that is:

- requested by a QHP (includes transfer assessments, chronic care clinics, intake and annual screening, and required follow-up care)
- for injuries that are work-related as documented by the prisoner's work supervisor
- requested for testing for HIV, STD's, infestations, or reportable communicable diseases
- requested for evaluation, consultation, or treatment of a mental health need
- prompted by a medical emergency (see Section I of the policy, if self-inflicted)

☐ I have reviewed the visit of ____________ (Date) and certify none of these exceptions apply.

Signature: Title: Provider #: Date:

Distribution: White - Health Services, Canary - Prisoner, Pink - Business Office

MICHIGAN DEPARTMENT OF CORRECTIONS – Bureau of Health Care Services

CHJ-268
REV. 8/14

TO: ______________________
Requestor Name and Address

Bell. Cedric (Prisoner Name) 248097 (Number) 1-75-B (Lock)

FROM: Brenda Hunter, MBA, RHIA, CHTS-IM (Name) Health Information Dept.: MRF (Institution)

**SUBJECT: Request for Health Record Information** **DATE:** 12/9/2016

**Your request for** ☒ **copies** ☐ **review** **of your health record has been received.**

This request is not being processed under the Freedom of Information Act (MCL 15.231 et seq.) because health records are not public documents. It is being processed under the Medical Records Access Act (MCL 333.26261 et seq.).

A. ☐ **Your request can be processed after completion of the following steps:**

1. ☐ Complete the attached authorization form, stating specifically what information you are requesting.
2. ☐ Forward a completed disbursement voucher, in the amount of $ ______ ( ______ pages x $.25 per page).
3. ☐ Submit a check or money order for the amount of $ ______ ( ______ pages)
   *An initial fee of $23.42 per request for a copy of the record.*
   *One dollar seventeen cents ($1.17) per page for the first 20 pages.*
   *Fifty nine cents ($.59) per page for pages 21 through 50.*
   *Twenty three cents ($.23) per page for pages 51 and over.*
   Make check or money order payable to STATE OF MICHIGAN. Send payment to:
   Macomb Correctional Facility
   34625 26 Mile Road
   New Haven, MI 48048, Attn: Medical Records
   Facility Name

B. ☒ **Your request cannot be processed for the following reason(s):**

1. ☐ Review of health records is not permitted. You may obtain copies of your health record by following the steps above in "A".
2. ☒ The information you have requested is not contained within your health record.
3. ☐ A more precise description of the information you are requesting is needed. Please describe the information you want in greater detail.
4. ☒ Other: The form for HFAllegiance was done in error, so we received 0 records.

C. ☐ Your request has been forwarded to Duane L. Waters Hospital, 3857 Cooper St., Jackson, MI 49201.

D. ☐ **Enclosed are the health record copies you requested ( ______ pages enclosed).**

E. ☐ Other: ______________________

| **RESPONSE TO REQUEST FOR HEALTH RECORD INFORMATION** | Patient Identification<br>Name: Bell, Cedric<br>Number: 248097<br>D.O.B.: 8/11/64 |
|---|---|

DISTRIBUTION: White – Requestor; Canary – Health Record

28C

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4247 10/94
**PRISONER/PAROLEE GRIEVANCE FORM** CSJ-247A

Date Received at Step I 9/9/16 (9) Grievance Identifier: MRF 16 09 0 17 35 02 8 C
GRIEVANCE DEPARTMENT

**Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.**

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248097 | MRF | 3-90-B | 8-21-16 | 9-1-16 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 8-21-16
If none, explain why. 7-26-16 I CONTACTED HEALTHCARE BY KITE AND THE RESPONSE WAS VAGUE AND I QUOTE(LOOK FOR A CALL OUT). IT'S BEEN (4) MONTHS NOW.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. ON THE ABOVE DATES I NOTIFYIED HEALTHCARE I WENT TO DWH ON MAY 26,2016 AND WAS SIZED FOR ANKLE SUPPORTS KNEE BRACES AND FOOTWEAR AS WELL TO REPAIR MY AFO BRACE ON MY RIGHT BOOT.

I WAS APPROVE BY ACMO ON 5-11-16 AND I HAVE YET TO RECEIVE ANYTHING I HAVE BEEN TO DWH ON 2 DIFFERENT TRIPS 8-9-16 AND 5-26-16. AND IT'S THE SAME NOTHING DONE..WHY AM I BEING DENIED TREATMENT.?.. IS MEDICARE BEING BILLED FOR SOMETHING I AM NOT RECEIVING. A INVESTIGATION INTO MY SITUATION AS TO WHY I HAVE NOT RECEIVE THE ABOVE. CONTACTING CORIZON CORPORATE HEADQUARTER AND THE RELEASE OF MY MEDICAL RECORDS TO ATTORNEY AT LAW KRESCH / OLIVER SEE RELEASE FORM ATTACHED..

AS WELL I WAS CALL OVER FOR A ANNUAL REVIEW BIRTHDAY I WOULD LIKE TO GET MY BLOOD RESULTS AS WELL A COPY OF ANY AND ALL TEST RESULTS OF THE ANNUAL SCREENING. AS I WOULD LIKE TO PROVIDE THE INFORMATION TO MY DAUGHTER AND FAMILY ATTORNEY.

THE VIOLATION OF PD. 03.04.100 HEALTH SERVICE AND PD.03.04.108 PRISONER HEALTH INFORMATION. AND PD.03.03.130 INHUMANE TREATMENT.

I WOULD LIKE TO NO WHAT DO MEDICAID OR MEDICARE DO OR PROVIDE ME WITH WHAT

Still As of this Date 12/31/16 I have not receive medical Items OR AFO Boots Repaired

Grievant's Signature

RESPONSE (Grievant Interviewed? Yes No If No, give explanation. If resolved, explain resolution.)

[rejection] letter

1/16

Respondent's Signature — Reviewer's Signature — Date 9/14/16

Respondent's Name — Reviewer's Name (Print) Steele — Working Title

| Date Returned to Grievant: 9/14/16 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

#0 1 of 5

#0

RECEIVED

SEP 12 2016

DEPUTY WARDENS OFFICE

Michigan Department of Corrections
**GRIEVANCE REJECTION LETTER**

**DATE:** 9/9/2016

**TO:** BELL 248097 **LOCATION:** MRF SEG 12

**FROM:** Grievance Coordinator: E. TAYLOR

**SUBJECT:** Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding **multiple issues** was received in this office on 9/9/2016 and was rejected due to the following reason:
**Your grievance is being returned to you without processing for the reason that you are in violation of PD-03.02.130. This procedure states that you must limit your grievance to one (1) issue per grievance. You have included more that one (1) issue as prescribed in this procedure. Grievance is rejected at first step.**

Any future references to this grievance should utilize this identifier:

MRF / 2016 / 09 / 1735 / 28C

E. TAYLOR [signature] 9/9/16
Respondent Date

DEP STEECE [signature] 9/12/16
Reviewer Date

#0 2 of 5

10/5

4 PAGES ATTACH PER POLICY

MICHIGAN DEPARTMENT OF CORRECTIONS #0 4835-4248 5/09

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM** CSJ-247B

Date Received by Grievance Coordinator at Step II: 10/17/16 (ED) — RECEIVED MACOMB CORR. FAC. GRIEVANCE DEPARTMENT

Grievance Identifier: MRF 16090 1735 028 C (ED)

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: Grievance Coord. Office by 10/19/16 (ED). If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 246097 | MACOMB | 1-75-B | 8-21-16 | 10-11-16 |

**STEP II** — Reason for Appeal (ISSUES UNRESOLVE) THE ABUSE AND THE UNDETECTED CONTRACT VIOLATIONS AND POLICES., THE MONITORING FUNCTION IS NATURALLY DONT EXIST AT THE FACILITY,. CAUSING DEATHS AND NEGLECT TO SERIOUS MEDICAL NEEDS., I WAS DENIED A FULL PHYSICAL ON MY ANNAUL YEARLY SCREEN,NO BLOOD TESTS DONE TO DETECT ANYTHING REGARDING INTERAL ORGANS,X-RAYS AND THERE.FUNCTIONS,. I'VE NEVER SEEN A DOCTOR P.A., HUN AT MACOMB CORR.FAC. TO DISCUSS ANYTHING REGARDING MY MEDICAL NEEDS. BUT STAFF SAID I WOULD. AS OF 10-11-16 I'VE SEEN NOBODY.I HAVE SENT 2 MEDICAL REQUEST 7-28-16 AND 8-21-16 FOR THE SAME ISSUE AS WELL CONCERNS ABOUT MY PHYSICAL EXAMINE., MEDICAL STAFF ARE/COULD BE ALTERING,FALSIFYING DOCUMENTS AS TO THE TREATMENTS I HAVE BEEN PROVIDE,I HAVE NOT BEEN TREATED AT THIS FACILITY A MEDICAL COMPLAINT FORM IS REQUESTED AS TO POLICY AN CONTRACT VIOLATION.

**STEP II** — Response

Date Received by Step II Respondent:

See Attached Response

Respondent's Name (Print): WARDEN R. HAAS
Respondent's Signature: [signature]
Date: 10-18-16
Date Returned to Grievant: 10/20/16 (ED)

**STEP III** — Reason for Appeal ISSUES UNRESOLVE AT STEP 2 APPEAL
WARDEN R.HAAS STATED AFTER HIS INVESTIGATION I HAD 17 INTERACTIONS WITH MACOMB CORR.FAC. HEALTHCARE/SERVICE FOR TREATMENTS. SINCE JULY 28,2016. THIS IS FALSE INFORMATION I'VE NEVER HAD 17 WITH NO MEDICAL STAFF AT THE FACILITY IN THE PAST. YES I SAW PA FERRIS SEPT 27,2016 TO SIGN A MEDICAL RELEASE FORM TO GET RECORDS FROM AN OUTSIDE HOSPITAL..THEN I SAW A NURSE FOR A BLOOD DRAW..STAFF ARE PROVIDE FALSIFIED INFORMATION.,REMEDIES(EXHAUSTED)

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White - Process to Step III; Green, Canary, Pink - Process to Step II; Goldenrod - Grievant

#0 3 of 5

GRIEVANCE ATTACHMENT 4 PAGES: MRF-2016-09-1735-28C

CEDRIC BELL/ 248097 / MACOMB /1-75 /8-21-16 /10-11-16

GRIEVANCE STEP 2 APPEAL TO WARDEN HAAS #0

THE ACTS OR STATEMENTS OF PRISONNELS AND MEDICAL STAFF DIRECTLY DEMONSTRATE AN INDIFFERENT AN OR HOSTILE ATTITUDE TOWARD PRISONER MEDICAL NEEDS. THIS DIRECT EVIDENCE OF DELIBERATE INDIFFERENCE.

DENIAL OF ACCESS TO MEDICAL PERSONNEL AND RECORDS QUALIFIED TO EXERCISE JUDGMENT ABOUT A PARTICULAR MEDICAL PROBLEM..

THE FAILURE TO INQUIRE INTO ESSENTIAL FACTS THAT ARE NECESSARY TO MAKE A PROFESSIONAL JUDGMENT.

INTERFERENCE WITH MEDICAL JUDGMENT BY FACTORS UNRELATED TO PRISONER MEDICAL NEEDS..

I WOULD LIKE TO BE COMPENSATED FOR STAFF ACTIONS OF NEGLECT OF $50,000.00 AND $25,000.00 FOR ATTORNEY FEES.

DISCIPLINARY ACTION TO MEDICAL STAFF FOR FAILURE TO PROVIDE PHYSICAL EXAMINATION,STUDY, ANALYSIS, EXPLORATION,RESEACH,ECT BLOOD TEST.

AS WELL MAKE SURE ANY AND ALL PRISONERS AT MACOMB CORR.FAC. AND ALL OF MICHIGAN CORRECTIONAL FACILITY ARE PROVIDE A FULL COMPLETE PHYSICAL EXAMINATION ON AUNNAL YEARLY BIRTHDAY SCREEN..

AS WELL POLICY AND PROCEDURES THAT MEDICAL SERVICES PROVIDER AND CORPORATION (PRIVATE) ARE HELD TO AND STAFF MUST FOLLOW, THESE POLICY AND PROCEDURES SHOULD BE PROVIDE TO PRISONER ACCESS AS WELL ADDRESSES AND CONTACTED PRESON AND COMPLAINT FORMS.

AS THE FALSIFYING OF MEDICAL DOCUMENTS,TREATMENTS AND INFORMATION IS A FELONY UNDER MICHIGAN CRIMINAL CODE.

I HAVE NEVER BEEN INTERVIEW IN THIS GRIEVANCE MATTER AND I AM SURE I WANT BE INTERVIEWED IN THIS STEP 2 APPEAL REQUEST AND IT SHOWS THE STAFF CORRUPTION AND POLICY VIOLATION...

[signature]

*********************************************************************

#0 5 of 5

# MACOMB CORRECTIONAL FACILITY

*"Committed to Protect, Dedicated to Success"*

## Step II Grievance Response

**Prisoner:** Bell 248097 HU# 1-75-B

**Grievance #:** MRF 2016 09 1735 28C

---

I have reviewed the Step I grievance and Step II reason for appeal. No new or additional information was provided to substantiate the Step I grievance. Therefore, the Step I grievance was appropriate.

**Step II Response:**

**Your Step II grievance relates to multiple issues. You have had 17 interactions with Health Care since July 28, 2016, and you were last seen in Health Care on September 27, 2016.**

**Step II grievance response affirms Step I grievance response.**

| **R. Haas, Warden** | [signature] | 10-18-16 |
|---|---|---|
| **Respondent's Name/Position** | **Respondent's Signature** | **Date** |

ALL FOR GRIEVANCE(S) NOT MEDICAL TREATMENT

#0 4 of 5

4835-7549
MICHIGAN DEPARTMENT OF CORRECTIONS-Bureau of Health Care CHJ-549 11/05

## HEALTH CARE REQUEST

**PRISONER: COMPLETE SECTIONS A THROUGH D**

A NAME: CEDRIC BEll FACILITY: MRF
NUMBER: 248097 LOCK: 3-90-B DATE: 8/21/16

B. This Health Care Request is for the following (check one or more): ❑ Health Record Copies ❑ Dental ❑ Medication Refill ❑ Medical ❑ Optometry ❑ Mental Health — ❑ Non-urgent ❑ Urgent

C. I have the following problems/symptoms: ON 8/9/16 I WENT to DWH orthotics AND WAS SIZE AGAIN FOR ANKle Supports, KNee sports, Footwear for my (AFO'S) Left + Right, Also the repair of my Right boot; I WAS told I WAS Approve by ACMO ON 5/11/16. This WAS the SAME thing done ON 5/26/16; when will I be going back to pick up the Items. ? Follow up treatment

D **NOTICE TO PRISONER**

You will not be denied health care services for lack of personal funds. However, if your account does not have adequate funds, the copayment will be considered an institutional debt and shall be collected as set forth in PD 04.02.105, "Prisoner Funds".

Signing this document formally requests treatment. In addition, it authorizes the DOC to treat or arrange treatment for you and to release any necessary medical information to facilitate that treatment, to review treatment, to respond to a related grievance, or to review any appeal you may make regarding the Department's decision to charge for the care.

I have read Section D above, or it has been read to me and I understand that I will be charged $5.00 for my health care visit unless it is for one of the reasons listed below in Section F. If I am charged for this visit, I agree that the $5.00 may be taken from my account.

Prisoner Signature: Date:

**PRISONER: DO NOT WRITE BELOW THIS LINE**

E **INSTRUCTIONS TO PRISONER** You will be notified by call out when these items are ready for pick up. Watch for your call out.

2016 AUG 19 PM 9:57

An appointment has been scheduled for you on: Date:

Signature: [signature] Title: RN Provider #: 16069 Date: 8-21-16

F **COPAYMENT** (to be filled out by health care):

Note: If none of the exceptions listed below apply, check the box below and a copay will be charged.

Care that is:
- requested by a QHP (includes transfer assessments, chronic care clinics, intake and annual screening, and required follow-up care)
- for injuries that are work-related as documented by the prisoner's work supervisor
- requested for testing for HIV, STD's, infestations, or reportable communicable diseases
- requested for evaluation, consultation, or treatment of a mental health need
- prompted by a medical emergency (see Section I of the policy, if self-inflicted)

☐ I have reviewed the visit of ____________ (Date) and certify none of these exceptions apply.

Signature: Title: Provider #: Date:

Distribution: White - Health Services, Canary - Prisoner, Pink - Business Office

4835-7549
MICHIGAN DEPARTMENT OF CORRECTIONS-Bureau of Health Care CHJ-549 11/05

# HEALTH CARE REQUEST

**PRISONER: COMPLETE SECTIONS A THROUGH D**

A NAME: CEDRIC BEll FACILITY: MRF
NUMBER: 248097 LOCK: 3-C-90 DATE: 7-28-16

B. This Health Care Request is for the following (check one or more): ☐ Health Record Copies ☐ Non-urgent
☐ Dental ☐ Medication Refill ☑ Medical ☐ Optometry ☐ Mental Health ☐ Urgent

C. I have the following problems/symptoms: ON MAY 26, 2016 I WENT OT DWH, while At (LCF) AND I WAS SIZED for Ankle Supports, KNEE Supports AND TENNIS Shoes for my AFO's, I WAS Approve ON 5/11/16 by ACMO when will I be going back to DWH to receive the Items AS well my metal AFO left + Right ON boots ARE COMING UNglued AND Need to be fix. I transfered IN 7/19/16 Follow up treatment

**D NOTICE TO PRISONER**

You will not be denied health care services for lack of personal funds. However, if your account does not have adequate funds, the copayment will be considered an institutional debt and shall be collected as set forth in PD 04.02.105, "Prisoner Funds".

Signing this document formally requests treatment. In addition, it authorizes the DOC to treat or arrange treatment for you and to release any necessary medical information to facilitate that treatment, to review treatment, to respond to a related grievance, or to review any appeal you may make regarding the Department's decision to charge for the care.

I have read Section D above, or it has been read to me and I understand that I will be charged $5.00 for my health care visit unless it is for one of the reasons listed below in Section F. If I am charged for this visit, I agree that the $5.00 may be taken from my account.

Prisoner Signature: Date:

**PRISONER: DO NOT WRITE BELOW THIS LINE**

**E INSTRUCTIONS TO PRISONER**

Appt to orthotics is scheduled
You will be notified by custody
When the date arrives

An appointment has been scheduled for you on: Date:

Signature: Title: Provider #: Date:

**F COPAYMENT** (to be filled out by health care):

Note: If none of the exceptions listed below apply, check the box below and a copay will be charged.

Care that is:
- requested by a QHP (includes transfer assessments, chronic care clinics, intake and annual screening, and required follow-up care)
- for injuries that are work-related as documented by the prisoner's work supervisor
- requested for testing for HIV, STD's, infestations, or reportable communicable diseases
- requested for evaluation, consultation, or treatment of a mental health need
- prompted by a medical emergency (see Section I of the policy, if self-inflicted)

☐ I have reviewed the visit of ______ (Date) and certify none of these exceptions apply.

Signature: Title: Provider #: Date: 2016 JUL 29 AM 2:14

Distribution: White - Health Services, Canary - Prisoner, Pink - Business Office

H ALLEGATION of #1 of 4 #1@ppg 121
Violation by Doctor Hussian

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4247 10/94 CSJ-247A

# PRISONER/PAROLEE GRIEVANCE FORM

Date Received at Step I 10-2-16 Grievance Identifier: MRF 16 10 0190 6 01 12 I

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248097 | MACOMB | SEG 12 | 9-20-16 | 9-21-16 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? Sept 20, 2016
If none, explain why. SEPT 21, 2016 AND SEPT 22, 2016 Spoke to UNIT STAFF % Colgan AND Stated NURSE Cooper AND Doctor HUSSIAN ORDERED him to remove the QUADCANE From my possession I Spoke to A few NURSES AND WAS told. I DONT KNOW.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. Medical Staff Violated 03.03-130 INhumane treatment; 03.04.100 Health Service; AND 03.04.108 Prisoner health Information. All Policy Directive of the MDOC. Since July 19, 2016 thru SEPT 22, 2016. I have Neve Spoken too OR receive medical treatment From Nurse Cooper OR Doctor HUSSIAN. The above staff CANCELED my Special Accommodation ORDER (12 ORDER). Thats been place for years to Aide me IN daily living. By doing this without treatment the Intentional Infliction of emotional distress to the Serious medical Needs Nerve damages, Paralysis, Drop feet Left/Right, Claw toes, ect. these are some document medical Condition for 20 years The Acts of Malice by Staff was done with deliberate Indifference. by taking the Accommodations would results IN physical Injures. Compensation is Requested AND Disciplinary Action for Violation of Employee Work Code of Ethic DUE to the Civil Rights Violations.

Grievant's Signature

RESPONSE (Grievant Interviewed? ☒ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

Please see attached response

E. Parr-Mirza 10/21/2016 [signature] 10/21/2016
Respondent's Signature Date Reviewer's Signature Date

E. Parr-Mirza RN 13 H. Cooper HUM
Respondent's Name (Print) Working Title Reviewer's Name (Print) Working Title

Date Returned to Grievant: 10/24/16 | If resolved at Step I, Grievant sign here. Resolution must be described above. Grievant's Signature Date

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

1 of 5

## Step I Grievance Response

| | |
|---|---|
| Grievance Number: | MRF-2016-10-1906-12[illegible] |
| Prisoner Name: | Bell |
| Prisoner Number: | 248097 |

Prisoner ☒ was ☐ was NOT interviewed. GIVE REASON:

**SUMMARY OF COMPLAINT:**

Grievant is grieving Dr. Husain because she did not evaluate him before discontinuing his Special Accommodation Order for his quad cane.

**INVESTIGATION INFORMATION**

Grievant's Prisoner Health Record (PHR) was reviewed. Grievant was interviewed. Per Grievant's PHR, there was no examination by Dr. Husain prior for the discontinuation of his quad cane.

**APPLICABLE POLICY, PROCEDURE, ETC.**

PD 03.04.100 Healthcare Services; PD 03.02.130 Prisoner/Parollee Grievance; PD 04.06.160 Medical Details and Special Accommodation Notices

**SUMMARY**

Grievance will be reviewed for Quality Assurance. Per PD 04.06.160 Medical Details and Special Accommodation Notices, section K, a currently valid medical detail or special accommodation notice shall not be cancelled without approval from an appropriate medical practitioner after examination of the prisoner. Grievant has been scheduled an appointment with the MP to address Special Accommodation for quad cane. Grievant is encouraged to access healthcare using the Health Care Request form (CHJ-549) for any further medical requests.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | E. Parr-Mirza, RN | TITLE: | RN13 |
| RESPONDENT SIGNATURE: | E Parr-Mirza | DATE: | 10/21/16 |

| | | | |
|---|---|---|---|
| REVIEWER NAME: | H. Cooper, RN | TITLE: | HUM |
| REVIEWER SIGNATURE: | [signature] | DATE: | 10/21/2016 |

2 of 5

10/27 Doctor Hussain

SEE ATTACH 4 COPIES

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248 5/09

## PRISONER/PAROLEE GRIEVANCE APPEAL FORM

CSJ-247B

RECEIVED MACOMB CORRECTIONAL FACILITY GRIEVANCE DEPARTMENT

Date Received by Grievance Coordinator at Step II: 11/2/16 (ET)

Grievance Identifier: MRF 16 10 01906 12I (ET)

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE. The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: Grievance Coord. Office by 11/07/16 (ET). If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248097 | MACOMB | 1-75-B | 9-20-16 9-21-16 | 10-28-16 |

**STEP II** — Reason for Appeal ISSUES UNRESOLVE AFTER FURTHER INVESTIGATION AND XXXXXXX PHYSICAL INJURIES ON SEPT 22,2016 DUE TO MEDICAL STAFF NEGLECT AND FALSIFIED DOCUMENTS SEPT 21,2016 DONE BY MEDICAL STAFF HUN COOPER WHOM STATED DOCTOR HUSSIAN TOLD HER TO CANCEL SPECIAL ACCOMMODATION ORDERS WITH OUT AN MEDICAL EXAMINATION/EVALUATION OF QUADCANE, ELEVATOR, GROUND FLOOR NO STEPS AND RAMP.

I WOULD LIKE TO SEE/ SPEAK WITH DOCTOR HUSSIAN IN THE ABOVE MATTER OR DISPOSE/DISPOSITION BY DISTRICT ATTORNEY AND ATTORNEY AT LAW A.OLIVER AS TO EVER PROVIDING TREATMENT OR EVER COMING INTO CONTACT WITH CEDRIC BELL AT MACOMB CORRECTIONAL FACILITY AT ANY TIME FROM JULY 19,2016 THRU OCTOBER 28,2016 DID THIS DOCTOR DISCONTINUE MEDICAL ACCOMMODATIONS LISTED ABOVE OR GIVE XXXXXX

**STEP II** — Response

(See Attached)

Date Received by Step II Respondent:

S. Aiken, RN13 — Respondent's Name (Print)

S. Aiken — Respondent's Signature

11-15-16 — Date

Date Returned to Grievant: 12/2/16 (ET)

**STEP III** — Reason for Appeal (ISSUE UNRESOLVE) STAFF STATES I HAD DUPLICATES XXXXXXXXXX ACCOMMODATION. THIS IS NOT TRUEX. RECORDS OFFICE STAFF PRINTED THE (SAN) BRENDA HUNTER AND THE STOP DATES ARE LISTED AS XXXXXXX 9/21/16 THE XXXX FACILITY HEALTHCARE ARE PLACING MY HEALTH AND LIFE IN DANGER.AS UNIT OFFICER AND SGT CALL MEDICAL AND WAS TOLD AND STILL BEING TOLD THE STOP DATES ARE CORRECT, THE PAIN I AM SUFFERING WITHOUT AIDE TO THE ELEVATOR OR RAMP. I AM X BEING DISCRIMINATED AGAINST AS VIDEO WILL SHOW OTHER PRISONERS ARE TREATED DIFFERE

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White - Process to Step III; Green, Canary, Pink - Process to Step II; Goldenrod - Grievant

3 of 5

GRIEVANCE STEP 2 APPEAL 4 PAGES
IDENTIFIER #MRF/2016/10/1906/12I

CEDRIC BELL//248097// MACOMB// 1-75-B// 9-29-16 //10-28-16

AUTHORZATION TO HUM COOPER TO DISCONTINUE OR STOP ANY PRISONER MEDICAL ACCOMMODATION., AS THE ABOVE STAFF HUM COOPER TOLD C/O COLGAN TO REMOVE A MEDICAL QUADCANE FROM CEDRIC BELL. AS NO DOCTOR HAS EVER EVALUATED ME TO REMOVE THE QUADCANE OR ANYOTHER MEDICAL ACCOMMODATION DUE TO MY MEDICAL NEEDS.AS DOCTOR MILES SAID THE QUADCANE WOULD AIDE ME AS XXXXXXXX NEEDED AS THE XXXXXX WEATHER CHANGES I WOULD HAVE PROBLEMS WITH MOBILITY DUE TO XXXXX NERVE DAMAGES AND THE MUSCLE XXXXX SPASMS FROM BEING SHOT 11TIMES AND THE 18 HOLES IN MY BODY I WILL EXPERIENCE PAIN AND THE CLAW TOES WILL NEVER BE THE SAME...AND I REFUSE TO EVER TAKE PAIN MEDICATATION.

AS DOCTOR HUSSIAN VIOLATED MICHIGAN DEPARTMENT OF CORRECTION POLICY DIRECTIVE AS WELL HUM COOPER WHO CONSPIRED WITH THE ABOVE TO VIOLATE THE CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS OF CEDRIC BELL THIS STEP 2 APPEAL IS THE EXHAUSTION OF ADMINISTRATIVE REMEDIES AND PROCEDURES AS IN PORTER V NUSSLE,534 U.S. 516,519-20,122 S.CT.983,985-86,152 L. Ed.2d 12,,19 (2002)X...

AS TO THE RIGHT TO ADEQUATE MEDICAL CARE IN JONES V EVANS,544 F.SUPP.769 775 n.4(N.D. Ga.1982) FINDING THAT CONFISCATING A PRISONER MEDICALLY PRESCRIBED BACK BRACE MIGHT HAVE SERIOUS ENOUGH EFFECTS TO CONSTITUTE AN 8th AMENDMENT VIOLATION.., AS IT IS I HAVE BEEN INJURY TWICE IN FALLING DOWN STAIRS AND THE MEDICAL STAFF KNEW AND DISREGARDED THE RISK BY IGNORING XXXXX OBVIOUS CONDITIONS, FAILING TO PROVIDE TREATMENT FOR CONDITION MAKING MEDICAL DECISIONS BASED ON NON-MEDICAL FACTORS AND MAKING A MEDICAL JUDGMENT SO BAD IT'S NOT MEDICAL., IN PHILLIPS V ROANE COUNTY,TENN., 534 F.3d 531,539-40,546(6thCIR.2008) THE SIXTH CIRCUIT RULED THAT CORRECTIONAL OFFICERS AT ROANE COUNTY JAIL AS WELL DOCTOR AN D PARAMEDIC WHO WORKED AT THE FACILITY, WERE XXXXXX LIABLE FOR THE DEATH OF A FEMALE PRISONER.MEDICAL EXAMINERS TESTIFIED THAT THE PRISONER DIED FROM UNTREATED DIABETES. ACCORDING TO THE COURTS PRISONER AUTHORITIES WERE AWARE OF HER DETERIORATING CONDITION DURNING THE TWO WEEKS BEFORE HER DEATH,AS SHE COMPLAINED OF VOMITING,CHEST PAI ECT). THE FAILURE TO TREAT IS DELIBERATE INDIFFERENCE.....

I WOULD LIKE TO BE COMPENSATED FOR THE ABOVE VIOLATION BY MEDICAL STAFF AND THE M.D.O.C OF 5,000.000 FIVE MILLION DOLLARS AS WELL ATTORNEY FEES 75,000 FOR ATTORNEY A.OLIVER IF I DIE DUE TO MEDICAL STAFF NEGLECT AND M.D.O.C. MY DAUGHTERS CAN PERSUE THIS MATTER AS WELL BROTHERS AND OTHER FAMILY MEMBERS AS THE RECORDS FROM McLAREN HOSPITAL X-RAYS,CT X SCAN, XXXXXX BLOOD TEST ALL THE INFORMATION I REQUESTED FROM BRENDA HUNTER AT MACOMB CORR. FAC. AND WAS DENIED, BUT THEY CAN BE RELEASED FROM THE HOSPITAL TO FAMILY. XXXXXXXXX... ALL 8 GRIEVANCE CAN AND WILL BE USED AS SUPPORTING DOCUMENTS AND EVIDENCEX

4 of 5

# Step II Grievance Appeal Response

| | |
|---|---|
| **Grievance Number:** | MRF 2016 10 1906 12I |
| **Prisoner Name:** | Bell, Cedric |
| **Prisoner Number:** | 248097 |

I have reviewed your Step I Grievance, the Step I Response, and your Step II Reason for Appeal.

**SUMMARY OF STEP I COMPLAINT: Grievant is grieving Dr. Husain because she did not evaluate him before discontinuing his Special Accommodation Notice (SAN) for his quad cane. Date of incident 9/20/16.**

**SUMMARY OF STEP I RESPONSE:** Grievant's Electronic Health Record (EHR) was reviewed. Grievant was interviewed. Per Grievant's EHR, there was no examination by Dr. Husain prior for the discontinuation of his quad cane. Grievance will be reviewed for Quality Assurance. Per PD 04.06.160 Medical Details and SAN, section K, a currently valid medical detail or SAN shall not be cancelled without approval from an appropriate Medical Provider (MP) after examination of the prisoner. Grievant has been scheduled an appointment with the MP to address SAN for quad cane. Grievant is encouraged to access health care using the Health Care Request (HCR) form (CHJ-549) for any further medical requests. Date of response 10/21/16.

**SUMMARY OF STEP II REASON FOR APPEAL: Grievant alleges physical injuries on 9/22/16 were due to medical staff neglect and falsified documents on 9/21/16 by HUM Cooper who stated Doctor Hussain told her to cancel SAN without a medical exam. This was to include quad cane, elevator, ground floor, no steps and ramp. Date of incident 9/20/16, 9/21/16.**

**SUMMARY OF STEP II INVESTIGATION:** Upon investigation of the EHR (Electronic Health Record), there has not been a SAN order for quad cane since the quad cane was stopped on 8/3/11. The last quad cane on a medical detail was stopped on 4/23/14. Grievance denied.

The SAN in the EHR includes; elevator, ground floor and may use ramp, no steps. The SAN had duplicate accommodations, the duplicates were the only ones stopped. Grievant has not had a detail for a quad cane since 4/23/14.

Grievant is encouraged to access health care through the kite process to address any current health care concerns and to constructively discuss his concerns with Health Care Staff at scheduled appointments.

**CONCLUSION: Evidence**

- **PD 03.02.130, Prisoner Grievances**
- **Policy 03.04.100 Health Care Services**
- **PD 04.06.160 Medical Details and Special Accommodations Notices**

**Grievance: Denied; Grievant's allegation is not substantiated by the EHR. Review of the evidence supports that Grievant's medical needs are being addressed.**

| | |
|---|---|
| **RESPONDENT NAME:** Subrina Aiken, RN | **TITLE:** Clinical Administrative Assistant<br>Jackson Health Care Office Administration |
| **RESPONDENT SIGNATURE:** *Subrina Aiken, RN* | **DATE:** 11/15/16 |

5 of 5



Violation: Falling down Stairs

# MICHIGAN DEPARTMENT OF CORRECTIONS
# PRISONER/PAROLEE GRIEVANCE FORM

#2 4 of 5

4835-4247 10/94
CSJ-247A

Date Received at Step I 10/7/16 Grievance Identifier: MRF 16 10 0192 10 17 Z

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248097 | Macomb | 1-75B | 9-22-16 | 9-23-16 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? Sept 22, 2016
If none, explain why. Spoke to SGT, as well unit staff in 1 unit Second Shift. I provide Accommodation order as to the use of Elevator or Ramp. Staff told me to go lock down. I complied with the direct ORDER. She gave me

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. On the above date I went to unit 1 as staff told me. My lock was cell 75. I remove my property from the property cart by the stairs and Fell down the metal concrete stairs. Causing physical injuries head concussion; Back injury; Ribs; Neck; leg damages. I was taken to Mclaren Macomb Hospital per Shift Commander after I refuse. Staff at Mclaren ran cat scan and X-Rays. It was determine I had serious Brusing to the body and suffer a Head Concussion. To detect the blood in urine another CATSCAN was done and no interal injuries. But the doctor told me what was found on my liver cancerous and I need a follow up at once. I was return to the Facility. Staff violated 03.03.130 inhumane treatment and cruel and unusual punishment that resulted in physical injuries. I would like to be compensated and Disciplinary Action taken on Staff.

Grievant's Signature

RESPONSE (Grievant Interviewed? ☒ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

See attached response

| | | | |
|---|---|---|---|
| Respondent's Signature | Date 10/14/16 | Reviewer's Signature | Date 10/20/16 |
| Respondent's Name (Print) Jenkins Grant | Working Title RUM | Reviewer's Name (Print) | Working Title |

Date Returned to Grievant: 10/24/16 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One: Goldenrod — Grievant

#2 5 of 5

## Step I Grievance Response

NEVER SAW A DOCTOR

STAFF LIED

| | |
|---|---|
| **Grievance Number:** | MRF161001921017Z |
| **Prisoner Name:** | BELL |
| **Prisoner Number:** | 248097 |

**Prisoner** ☒ **was** ☐ **was NOT interviewed. GIVE REASON:**

**SUMMARY OF COMPLAINT:**

Grievant states staff did not adhere to his accommodations

**INVESTIGATION INFORMATION**

Grievant stated during the interview that when he came to the unit he showed staff his medical accommodations which stated he needed a cane and a ramp/elevator. Grievant stated staff refused to adhere to his medical accommodations and told him to lock up. Grievant states he fell down the stairs and injured himself due to staff not adhering to his accommodations. Grievant states he was not called over to health care and assessed by a Doctor. Per HUM Cooper, 9/21/16, the Grievant was assessed by Dr. Hussain and Dr. Hussain discontinued a number of Grievants accommodations which included the Elevator and Ramp. Per Dr. Hussain, the Grievants MD Cane accommodation expired in 2014.

**APPLICABLE POLICY, PROCEDURE, ETC.**

PD 04.06.160 Medical Details and Special Accommodation Notices.

**SUMMARY**

Grievants medical details and special accommodations for his Cane and Elevator/Ramp access were cancelled in accordance to policy.

| | | | |
|---|---|---|---|
| **RESPONDENT NAME:** | Jenkins-Grant | **TITLE:** | RUM |
| **RESPONDENT SIGNATURE:** | [signature] | **DATE:** | 10/14/16 |

| | | | |
|---|---|---|---|
| **REVIEWER NAME:** | Steece | **TITLE:** | A/Dept |
| **REVIEWER SIGNATURE:** | [signature] | **DATE:** | 10/20/16 |

#2 1 of 5

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

RECEIVED
MACOMB CORRECTIONAL FACILITY
GRIEVANCE DEPARTMENT

Date Received by Grievance Coordinator at Step II: 11/4/16 (ET)

Grievance Identifier: MRF 16 10 0192 12 D 17 Z (ET)

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: Grievance Coord. Office by 11/07/16 (ET) If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248097 | MACOMB | 1-75-B | 9-22-16 | 10-30-16 |

**STEP II** — Reason for Appeal ISSUES UNRESOLVE AT STEP 1, RUM-JENKINS-GRANT AND ACTING DEPUTY WARDEN STECCE WAS PROVIDED FALSIFIED INFORMATION AND DOCUMENTS IN THERE INVESTIGATION INTO THIS MATTER BY (HUM COOPER) WHEN THIS MEDICAL STAFF KNEW ON SEPT 21,2016 DOCTOR HUSSAIN NEVER SAW/ASSESSED CEDRIC BELL IN FACT DOCTOR HUSSAIN OR NO OTHER DOCTOR HAS EVER TREATED OR PROVIDED TREATMENT AT MACOMB CORRECTIONAL FACILITY NOR HAS A PHYSICIAN ASSISTANT EVER TREATED ME AT THE FACILITY AS TO MY SPECIAL ACCOMMODATION ORDERS AS FOR THE DATES IN QUESTION 9-21-16 I WAS IN SEGREGATION CELL 12 WITH A VIDEO SURVEILLANCE OUT SIDE THE DOOR. I AM REQUESTING ALL VIDEO SURVEILLANCE OF THE SEGREGATION UNIT FROM SEPT 8,2016 THRU SEPT 22,2016 ALL LOGBOOKS OF (SEE ATTACHED 4 PAGES)

**STEP II** — Response

Date Received by Step II Respondent:

See Attached Response

WARDEN R. HAAS — Respondent's Name (Print)

[signature] — Respondent's Signature

11-14-16 — Date

Date Returned to Grievant: 11/16/16 (ET)

**STEP III** — Reason for Appeal ISSUES UNRESOLVE AT STEP 2
WARDEN R.HAAS AND FACILITY HEALTHSERVICE STAFF ARE/HAVE CONSPIRED TO VIOLATE THE CONSTITUTIONAL RIGHTS AND CIVIL RIGHTS..
THE STEP 2 APPEAL REASON STATED ABOVE IS NEW INFORMATION,.(THE DEPARTMENT OF JUSTICE AND CDC WILL BE CONTACTED IN THIS MATTER,AS TO THE ACTIONS OF MEDICAL STAFF AND WARDEN HAAS NEGLECT OF VIOLATIONS....
ADMINISTRATIVE REMEDIES EXHAUSTED...

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White - Process to Step III; Green, Canary, Pink - Process to Step II; Goldenrod - Grievant

GRIEVANCE STEP 2 APPEAL 4 PAGES
IDENTIFIER MRF/2016/10/1921/17Z

#2 2of5

CEDRIC BELL//248097// MACOMB// 1-75-16//9-22-16//1--30-16

OUT OF CELL MOVMENTS TO MEDIZ MEDICAL HEALTHSERVICE AND THE CORRECTIONAL OFFICER THAT TRANSPORTED ALONE WITH A STATEMENT.

AS IT MAY MEDICAL STAFF E.PARR-MIRZA RN 13 TOLD ME ON 10-21-16 THERES NO RECORD RECORD OR DATA IN THE COMPUTER OF YOU EVER BEING TREATED BY DOCTOR HUSSAIN OR XXXXXXXXXXXX ANY MEDICAL STAFF ON THE ABOVE DATE OR PRIOR DATES..

THEREFORE HUM COOPER HAS VIOLATED MY CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS. THE VIDEO SURVEILLANCE IS EVIDENCE AS WELL LOGBOOK OF SEGREGATION PRISONER MOVEMENTS.

THE VIOLATION OF POLICY DIRECTIVE 04.06.160 MEDICAL DETAILS AND SPECIAL ACCOMMODATION NOTICESXX .

THE FALSIFIED DOCUMENTS CREATED BY HUM COOPER AND GENERATED AND NOT ACOPY PROVIDE TO INMATE WAS DONE WITH MALICE AS WELL VIOLATED THE MEDICAL PRIVACY BY DISCUSSING MY DISIBILITIES WITH INSPECTOR LADUCE.

THE DELIBERATE INDIFFERENCE OF IGORING OBVIOUS CONDITIONS,FAILING TO PROVIDE TREATMENT FOR DIAGNOSED CONDITIONS AND MAKING A MEDICAL XXX JUDGMENT SO BAD IT'S NOT MEDICAL AND IT CAUSE INJURIESX IN TILLERY V OWENS,719 F.SUPP. 1256,1308(W.D.PA.1989)azffza aff"d,907 F.2d 418(3d CIR.1990) HOLDING THAT IF AN INFORMED JUDGMENT HAS NOT BEEN MADE THE COURTS MAY. THE 8th AMENDMENT PROTECTS ME FROM CRUEL AND UNUSUAL PUNISHMENT.U.S. CONST. AMEND,VIII NOR SHALLCRUEL AND UNUSUAL PUNISHMENT (BE) INFLICTED... INMANDEL V DOE 888 F.2d 783,789-95(11 CIR.1989) WHERE PHYSICIAN ASSISTANT FAILED TO DIAGNOSE A BROKEN HIP,(REFUSED) TO ORDER AN X-RAY, AND PREVENTED THE PRISONER FROM SEEING A DOCTOR.

X THE ACTS OR STATEMENTS OF PRISON PERSONNEL AND MEDICAL STAFF DIRECTLY DEMONSTRATE AN INDIFFERENT OR HOSTILE ATTITUDE TOWARD PRISONER MEDICAL NEEDS. THIS DIRECT EVIDENCE OF DELIBERATE INDIFFERENCE.

DENIAL OF ACCESS TO MEDICAL PERSONNEL QUALIFIED TO EXERCISE JUDGMENT ABOUT A PARTICULAR MEDICAL PROBLEM.., THE FAILURE TO XXXXX INQUIRE INTO ESSENTIAL FACTS THAT ARE NECESSARY TO MAKE A PROFESSIONAL JUDGMENT,. INTERFERENCE WITH MEDICAL JUDGMENT BY FACTORS UNRELATED TO PRISONER MEDICAL NEEDS.

I WOULD LIKE TO BE COMPENSATED FOR MEDICAL STAFF NEGLECT AND FALSIFIED DOCUMEMTS, MISLEADING A XXXXXXXXXXXXX INVESTIGATION, XXXXXX PROVIDING FALSE INFORMATION MEDICAL XXXXX RUM JENKINS-GRANT AND WARDEN.

I WOULD LIKE 5,000,000 FIVE MILLION DOLLARS AND 75,000 FOR ATTORNEY FEES FOR A,OLIVER ATTORNEY AT LAW.

AS WELL DISCIPLINARY ACTION TAKEN AS TO WHAT HUM COOPER HAS DONE HER ACTIONS HAS CAUSE INJURIES..

IN CASE OF MY DEATH MY DAUGHTERS DOROTHY/DOROTHEA CRAWFORD CAN PURSUE THE 42 U.S.C. 1983 IN MY BEHALF ALONE WITH MY BROTHERS JOSEPH OSBORNE.

______________________________

#2 3 of 5

# MACOMB CORRECTIONAL FACILITY

*"Committed to Protect, Dedicated to Success"*

## Step II Grievance Response

**Prisoner:** Bell 248097 HU# SEG 12

**Grievance #:** MRF 2016 10 11921 17Z

---

I have reviewed the Step I grievance and Step II reason for appeal. No new or additional information was provided to substantiate the Step I grievance.

**Step II Response:**

**Step II grievance response affirms Step I grievance response.**

| **R. Haas, Warden** | [signature] | 11-14-16 |
|---|---|---|
| **Respondent's Name/Position** | **Respondent's Signature** | **Date** |

LISC... Cover 3of4 286

by Staff 3rd Shift SGT and unit Staff #3 3of4

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4247 10/94
**PRISONER/PAROLEE GRIEVANCE FORM** CSJ-247A

MACOMB CORRECTIONAL FACILITY

Date Received at Step I 10/7/16 (ET) Grievance Identifier: MRF 16 10 0192 50 28B

GRIEVANCE DEPARTMENT

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC Bell | 248097 | MACOMB | SEG 12 | 9-23-16 | 9-25-16 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? Sept 23, 2016
If none, explain why. Spoke officer taking me Healthcare from Control Center. He State Are we going to have a problem where you going Segregation or unit 1. I said I'm going I'm told to go SVR

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. After returing from Mclaren Hospital in Macomb I went to healthcare. Nurse Daine was trying to get me to sign a Release form to Henery Ford Hospital. I would not sign. After reading the 3 reports From Mclaren Macomb Hospital. She left. I read the reports She stated I was not to read them they were not for me. I was Sent to control From there to 1 unit Staff Said lock C-75. I request my property as I pull the cart to the stairs I remove my TV, Typewriter, Footlockers, SGT told me I'll get someone to move your property I said No. I'll secure and handle my own per policy 04.07.112. While slideing a Footlocker down the stairs I fell with the Footlocker 100 pounds slamming and bounciing off me. I got up daze an confuse I was handcuff taken to Medical and Segregation. The violation of Discrimination and Abuse of power by Staff.

Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No If No, give explanation. If resolved, explain resolution.)

See attached rejection letter

| | | | |
|---|---|---|---|
| [signature] | 10/7/16 | [signature] | 10/11/16 |
| Respondent's Signature | Date | Reviewer's Signature | Date |
| F. Taylor | GRIR | [signature] | [signature] |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

Date Returned to Grievant: 10/13/16 (ET) If resolved at Step I, Grievant sign here. Resolution must be described above.

Grievant's Signature Date

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One: Goldenrod — Grievant

#3

4 of 4

**Michigan Department of Corrections**
**GRIEVANCE REJECTION LETTER**

**DATE:** **10/7/2016**

**TO:** **BELL** **248097** **LOCATION:** **MRF** **1-75-B**

**FROM:** **Grievance Coordinator: E. TAYLOR**

**SUBJECT:** Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding **vague/illegible** was received in this office on **10/7/2016** and was rejected due to the following reason:
**Your grievance is being rejected and returned to you for one of the following reasons, which are vague, illegible or it contains multiple unrelated issue, Per PD 03.02.130. GRIEVANCE IS VAGUE**

Any future references to this grievance should utilize this identifier:

**MRF / 2016 / 10 / 1925 / 28B**

**E. TAYLOR** [signature] 10/7/16 **DEP STEECE**
**Respondent** **Date** **Reviewer** **Date**

#3 Appeal 1 of 4 10/19

MICHIGAN DEPARTMENT OF CORRECTIONS 4835-4248 5/09 CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

RECEIVED MACOMB CORRECTIONAL FACILITY GRIEVANCE DEPARTMENT

Date Received by Grievance Coordinator at Step II: 10/24/16 (ET)

Grievance Identifier: MRF 16 10 01925 02 8B (ET)

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: Grievance Coord. Office by 10/27/16 (ET). If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248097 | MACOMB | 1-75-B | 9-23-16 | 10-20-16 |

**STEP II** — Reason for Appeal (ISSUES UNRESOLVE) I STATED CLEARLY WHAT HAPPEN THE GREIVANCE IS NO VAGUE. AS STAFF WAS BEING CONFRONTATIONAL, AND I DID NOT HAVE TO RESPOND TO HIM.. AS WELL MEDICAL STAFF DIANE ATTEMPTS TO GET ME TO SIGN A RELEASE FORM TO HENERY FORD HOSPITAL SOME PLACE I NEVER BEEN THIS IS WHAT WAS VAGUE.() STAFF ACTIONS IN MEDICAL AS I AM NOT ENTITLE TO SEE WHATS MEDICAL GOING ON WITH ME.I AM NOT TRUSTING HER OR HER ACTION AS IT WAS NOT PROFESSIONAL STANDARDS AT THAT TIME.,AS WELL I COMPLIED WITH THE ORDER OF STAFF AT THE TIME AND IT RESULTED IN INJURIES. THE ABUSE OF POWER AND DISCRIMINATION BY STAFF AS I AM STILL IN PAIN FROM THE FALL. I WOULD LIKE THE VIDEO SURVEILLANCE PRESERVE IN THIS MATTER 15 MINUTES BEFORE FALLING AND 15 MINUTES AFTER FALLING DOWN THE STAIRS... APPEAL SHOULD BE GRANTED.

**STEP II** — Response

See attached response

Date Received by Step II Respondent:

D M Steward — Respondent's Name (Print)
[signature] — Respondent's Signature
10/25/16 — Date

Date Returned to Grievant: 10/26/16 (ET)

**STEP III** — Reason for Appeal ISSUES UNRESOLVE AT STEP 2
A/WARDEN D.M. STEWARD AND FACILITY HEALTHSERVICE STAFF ARE/HAVE CONSPIRED TO VIOLATE THE CONSTITUTIONAL RIGHTS AND CIVIL RIGHTS..
THE STEP 2 APPEAL REASON STATED ABOVE IS NEW INFORMATION,.(THE DEPARTMENT OF JUSTICE AND CDC WILL BE CONTACTED IN THIS MATTER, AS TO THE ACTIONS OF MEDICAL STAFF AND THE ACTING WARDEN NEGLECT OF VIOOLATIONS...
ADMINISTRATIVE REMEDIES EXHAUSTED.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White - Process to Step III; Green, Canary, Pink - Process to Step II; Goldenrod - Grievant

#3

2 of 4

# MACOMB CORRECTIONAL FACILITY

*"Committed to Protect, Dedicated to Success"*

## Step II Grievance Response

**Prisoner:** Bell 248097 HU# 1-75-B

**Grievance #:** MRF 2016 10 1925 28B

---

I have reviewed the Step I grievance and Step II reason for appeal. No new or additional information was provided to substantiate the Step I grievance. Therefore, the Step I grievance was appropriate.

**Step II Response:**

**Step II grievance response affirms Step I grievance response.**

DM Steward A/Warden [signature] 10/25/16

**Respondent's Name/Position** **Respondent's Signature** **Date**

DUE Process Violation Hum Cooper

122

H

4835-4247 10/94
CSJ-247A

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

RECEIVED
MACOMB CORRECTIONAL FACILITY

Date Received at Step I 10/7/16 (ES) Grievance Identifier: MRF 16 10 01922 01 27 (ES)

GRIEVANCE DEPARTMENT

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BEll | 248097 | MACOMB | SEG 12 | 9-20-16 | 9-23-16 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? Sept 23, 2016
If none, explain why. I Spoke directly to HUM Cooper who ACCUSE ME of RUNNING AND ASSAULTING People IN both I had my QuadCANE. I would like A Formal HEARING AND Proof

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. Medical Staff violated PD.01.04.110. Administrative Rules, policies and procedures who conspired with inspector LaDuce wh Hum Cooper As well Conspired with inspector provided Hum Cooper with False information As they violated the Civil Rights of CEDRIC BELL. ON 9-23-16 I Spoke directly to Hum Cooper who was with P.A. Ferris making rounds in Segregat At this time I Asked her why She Cancle my medical Accommodat She said you were on video surveillance Running with your Quadca then she said you on video surveillance, Assaulting Someone with your Quadcane. At this time I denied both As Hum Cooper Never witness me do anything Above. Her Action of Negligence resulted in injuries. As She Never evaluate my medical Condition She reacted to what She was told And that was False information. Therefore Documents were Falsified And Altered information in the computer. I would like A Formal Hearing. I would like to be Compensated. As well disciplinary Action to Staff for Civil Rights Violation

Grievant's Signature

RESPONSE (Grievant Interviewed? ☒ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

Please see attached response

E. Parr-Mirza (signature)
Respondent's Signature
10/21/16
Date
(signature)
Reviewer's Signature
10/21/16
Date

E. Parr-Mirza
Respondent's Name (Print)
RN13
Working Title
L. Adray
Reviewer's Name (Print)
A/RN-13
Working Title

Date Returned to Grievant: 10/24/16 (ES)
If resolved at Step I, Grievant sign here. Resolution must be described above.
Grievant's Signature
Date

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

4 of 5

# Step I Grievance Response

| | |
|---|---|
| Grievance Number: | [redacted] |
| Prisoner Name: | [redacted] |
| Prisoner Number: | [redacted] |

Prisoner ☒ was ☐ was NOT interviewed. GIVE REASON:

**SUMMARY OF COMPLAINT:**

Grievant states that Health Unit Manager (HUM) falsified documentation in his Prisoner Health Record (PHR) and that she discontinued his Special Accommodation Notice (SAN).

**INVESTIGATION INFORMATION**

Grievant's Prisoner Health Record (PHR) was reviewed. Grievant was interviewed. Per Grievant's PHR, HUM Cooper did not discontinue Grievant's SAN. There is no documentation from HUM Cooper for the date specified by Grievant in relation to falsification of documentation.

**APPLICABLE POLICY, PROCEDURE, ETC.**

PD 03.04.100 Healthcare Services; PD 03.02.130 Prisoner/Parollee Grievance

**SUMMARY**

Grievance is denied. There is no documentation that the SAN was discontinued by HUM Cooper. There is no documentation by HUM Cooper for the date specified in reference to falsification of documentation. Grievant is encouraged to access healthcare using the Health Care Request form (CHJ-549) for any further medical requests.

| | | | |
|---|---|---|---|
| RESPONDENT NAME: | E. Parr-Mirza, RN | TITLE: | RN13 |
| RESPONDENT SIGNATURE: | E. Parr-Mirza | DATE: | 10/21/16 |
| REVIEWER NAME: | L. Adray, RN | TITLE: | A/RN13 |
| REVIEWER SIGNATURE: | [signature] | DATE: | 10-21-16 |

5 of 5

#4 (5) pages #4 Due Process Violation Hum Cooper

4835-4248 5/09
CSJ-247B

MICHIGAN DEPARTMENT OF CORRECTIONS

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

RECEIVED MACOMB CORRECTIONAL FACILITY

Date Received by Grievance Coordinator at Step II: 11/2/16 ED GRIEVANCE DEPARTMENT

Grievance Identifier: MRF 16 10 0192 28 12Z (ET)

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE. The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: Grievance Coord. Office by 11/07/16 (ET). If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248097 | MACOMB | 1-75-B | 9-20-16 9-21-16 | 10-28-16 |

**STEP II** — Reason for Appeal (ISSUES UNRESOLVE) IN THIS ABOVE MATTERS I RESPECTFULLY REQUEST ALL SECURITY VIDEO SURVEILLANCE OF SEGREGATION MOVEMENTS OF CELL #12 FROM DATES SEPT 8,2016 THRU SEPT 22,2016 AS WELL LOGBOOK DATES..AS WELL THE SECURITY VIDEO SURVEILLANCE OF MEDICAL HEALTHSERVICE SAME DATES AS OF ABOVE (OF CEDRIC BELL BEING ESCORTED TO HEALTHSERVICE AND BEING TREATED BY a DOCTOR HUSSIAN OR PHYSICAIAN ASSISTIAN OR HUM COOPER . AS WELL STATEMENTS FROM THE TRANSPORTING OFFICERS. DATES AND TIME. THE ABOVE MENTION INFORMATION IS REQUESTED TO BE HELD/PERSEVERED FOR DISTRICT ATTORNEY AND ATTORNEY A.OLIVER FOR CIVIL RIGHTS VIOLATIONS AND CONSTITUTIONAL RIGHTS VIOLATIONS. AS THIS APPEAL STEP 2 IS PART OF EXHAUSTION OF MY ADMINISTRATIVE REMEDIES UNDER(42 U.S.C.§ 1983..) (SEE ATTACHED 4 PAGES)

**STEP II** — Response

Date Received by Step II Respondent:

See Attached

S. Aiken RN13 — Respondent's Name (Print)

S. Aiken — Respondent's Signature

11-15-16 — Date

Date Returned to Grievant: 12/2/16 (ET)

**STEP III** — Reason for Appeal (ISSUES UNRESOLVE) AT THE TIME OF SPEAKING TO HUM COOPER I DID NOT NO OTHER ITEMS WERE REMOVE FROM THE SPECIAL ACCOMMODATION NOTICE AS HANDICAP HOUSING, ELEVATOR, NO STEPS RAMP ACCESS. AS I NEVER SAW OR WAS TREATED BY A DOCTOR AT THE FACILITY FOR THE REMOVEAL AS POLICY STATED,AS WELL ON 4/23/14 AT COTTON CORRECTIONAL FACILITY I NEVER SAW OR WAS TREATED BY A DOCTOR TO REMOVE THE QUADCANE AS STAFF ARE STATING. THE QUADCANE IS FOR ME TO USE IN HARSH WEATHER AND TO NAVIGATE STAIRS DUE TO NERVE DAMAGES AND BACK,LEGS LEFT/RIGHT FEET. ~~STAFF FAILURE TO RESPONDS TO STEP 2 APPEAL.REMEDIES EXAUSTED~~

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White - Process to Step III; Green, Canary, Pink - Process to Step II; Goldenrod - Grievant

1 of 5

GRIEVANCE STEP 2 APPEAL 4 PAGES:

IDENTIFIER #MRF/2016/10/1922/12Z

CEDRIC BELL// 248097// MACOMB// 1-75-B// 9-20-16 9-21-16// 10-28-16

I DIRECTLY SPOKE TO HUM COOPER ON 9-23-16 WHILE IN SEGREGATION CELL 12 VIDEO SURVEILLANCE CAMERA DIRECTLY ABOVE HER HEAD, AND I ASKED HER WHY WAS MY QUADCANE REMOVED AND TAKEN FROM ME BY C/O COLGAN AN C/O SHAH AS C/O COLGAN STATED CLEARLY HUM COOPER TOLD ME TO TAKE IT.

HUM COOPER TOLD ME WITH DIRECT EYE TO EYE CONTACT YES I TOOK ■ YOUR XXX ELEVATOR,GROUND XXXXXX FLOOR NO STEPS, RAMP ACCESS FROM YOUR SPECIAL ACCOMMODATION ORDER 9-21-16 BECAUSE YOU WERE ON XXXX SECURITY VIDEO SURVEILLANCE RUNNING, THEN HUM COOPER SAID AND YOU ASSAULTED SOMEONE WITH YOUR QUADCANE...

THIS MEDICAL STAFF HUM COOPER OR DOCTOR HUSSIAN HAS NEVER SEEN ME ON VIDEO OR IN PERSON DOING ANY OF THE ABOVE.. NOR HAVE ANY M.D.O.C. STAFF MEMBER EVER SEEN ME DOING ANY OF THE ABOVE (RUNNING OR ASSAULTING ANYONE WITH A CANE).

THIS ACCUSATION BY STAFF MEDICAL OR M.D.O.C. HAS TO BE SUPPORTED BY EVIDENCE AS TO IT'S SERIOUSNESS..

AS THESE STAFF MEDICAL AND M.D.O.C HAVE ALL CONSPIRED AND FALSIFICATION OF MEDICAL RECORDS AND XXXX DOCUMENTATION AND DIRECT BIAS BY HUM COOPER FOR BEING THE REVIEWER TO GRIEVANCE COMPLAINTS..

IN THIS MATTER ALL MEDICAL XXXX STAFF AND XXXXXXXX PERSONNEL HAVE VIOLATED POLICY DIRECTIVE. AS THEY ALL NO I HAVE NEVER BEEN SEEN BY A DOCTOR AT MACOMB CORRECTIOAL FACILITY SINCE TRANSFERING IN ON JULY 19,2016 THRU OCTOBER 31,2016 NO DOCTOR HASXXXX TOUCHED ORXXXX PHYSICALLY SEEN OR EVALUATED ME AT THIS FACILITY.. TO REMOVE SPECIAL ACCOMMODATION XXITEMS FROM THE ORDER.

I WOULD LIKE TO FILE A COMPLAINT WITH THE MEDICAL BOARD AS TO MEDICAL MALPRACTICE. MAKING MEDICAL DECISIONS BASED ON NON-MEDICAL FACTORS AND MAKING AMEDICAL JUDGMENT SO BAD IT'S NOT MEDICAL, THE DELIBERATE INDIFFERENCE BY HUM COOPER AND DOCTOR HUSSIAN XXX IGNORING OBVIOUS CONDITION.

SEE (HARRISON V BARKLEY 219 F.3d 132,136(2d CIR.200),,GUTIERREZ V PETERS, 111 F.3d AT 1373.. McGUCKIN V SMITH 974 F.2d 1050,1059(9thCIR.1992) THE EXISTENCE OF AN INJURY THAT A REASONABLE DOCTOR OR PATIENT WOULD FIND IMPORTANT AND WORTHY OF COMMENTOR TREATMENT; THE PERSENCE OF A MEDICAL CONDITION THAT SIGNIFICANTLY EFFECTS AN INDIVIDUAL'S DAILY ACTIVITIES OR THE EXISTENCE OF A CHRONIC AND SUBSTANTIAL PAIN...JETT V PENNER 439 F3de 1091,1098(9th CIR.2006) LETTERS TO WARDEN FROM INMATE ABOUT HIS MEDICAL CONDITION PUT WARDEN AND DOCTOR ON NOTICE). REED V McBRIDE, 178 F.3d 849,854(7thCIR,1999) INMATES LETTERS OF COMPLAINTS PUT OFFICALS ON NOTICE OF HIS MEDICAL PROBLEM.

THE SUPREME COURT WROTE THAT THE CONSTITUTION PROHIBITS OFFICALS FROM "INTENTIONALLY DENYING OR DELAYING ACCESS TO MEDICAL CARE OR INTENTIONALLY INTERFERING WITH TREATMENT ONCE PRESCRIBEED "ESTELLE V GAMBLE, 429 U.S. AT 104-105(EMPHASIS ADDED).

x I WOULD LIKE TO BE COMPENSATED FOR THE DUE PROCESS VIOLATION $5,000,000 AS WELL $75,000 FOR ATTORNEY FEES FOR A. OLIVER IN CASE OF MY DEATH MY DAUGHTERS CAN PERSUE THIS LEGAL ACTION AS TO MEDICAL NEGLECT BY THE MICHIGAN DEPARXMENT OF CORRECTION, AND DISCIPLINARY AND XXXXXXX FELONY CHARGES FOR FALSIFYING MEDICAL DOCUMENTS OR DOCUMENTS IS A VIOLATION OF MICHIGAN CRIMINIAL CODE THAT THE WARDEN XXXX HAAS IS DISREGARDING AND NOT INVESTIGATING AS TO STAFF ACTION. INTERAL AFFAIRS IS REQUESTED IN THIS MATTER. AS WELL CIVIL SERVICE DEPARTMENT.

I WOULD LIKE NOT TO BE RETAILIATED AGAINST BY M.D.O.C STAFF OR OTHER FORMS OF RETAILIATION FOR THIS COMPLAINT OR OTHERS.

2 of 5

# Step II Grievance Appeal Response

| | |
|---|---|
| **Grievance Number:** | MRF 2016 10 1922 12Z |
| **Prisoner Name:** | Bell, Cedric |
| **Prisoner Number:** | 248097 |

I have reviewed your Step I Grievance, the Step I Response, and your Step II Reason for Appeal.

**SUMMARY OF STEP I COMPLAINT: Grievant states that Health Unit Manager (HUM) falsified documentation in his Electronic Health Record (EHR) and that she discontinued his Special Accommodation Notice (SAN). Date of incident 9/20/16.**

**SUMMARY OF STEP I RESPONSE:** Grievant's Electronic Health Record (EHR) was reviewed. Grievant was interviewed. Per Grievant's EHR, HUM Cooper did not discontinue Grievant's SAN. There is no documentation from HUM Cooper for the date specified by Grievant in relation to falsification of documentation. Grievance is denied. There is no documentation that the SAN was discontinued by HUM Cooper. There is no documentation by HUM Cooper for the date specified in reference to falsification of documentation. Grievant is encouraged to access health care using the Health Care Request (HCR) form (CHJ-549) for any further medical requests. Date of response 10/21/16.

**SUMMARY OF STEP II REASON FOR APPEAL: Grievant is requesting security video surveillance of segregation movement. He indicates he spoke to HUM Cooper on 9/23/16 and asked her why his quad cane was taken from him by custody, as custody reported it was per HUM Cooper's direction. Grievant indicates HUM Cooper or Doctor Hussain has never seen me on video or in person doing any of the above, nor have any MDOC staff member ever seen him running or assaulting anyone with a cane. Staff have conspired and falsified medical records. Date of incident 9/20/16, 9/21/16.**

**SUMMARY OF STEP II INVESTIGATION:** Upon investigation of the EHR (Electronic Health Record), there has not been a SAN order for quad cane since the quad cane ~~was stopped~~ on 8/3/11. The last quad cane on a medical detail ~~was stopped on 4/23/14~~. The information presented upon appeal to step II has been reviewed in addition to the medical record. The step I response appropriately addresses the grievance. As noted, Grievance denied.

Video is not retrieved at prisoner's request. Grievant is encouraged to access health care through the kite process to address any current health care concerns and to constructively discuss his concerns with Health Care Staff at scheduled appointments.

**CONCLUSION: Evidence**

- **PD 03.02.130, Prisoner Grievances**
- **Policy 03.04.100 Health Care Services**
- **PD 04.06.160 Medical Details and Special Accommodations Notices**

**Grievance: Denied; Grievant's allegation is not substantiated by the EHR. Review of the evidence supports that Grievant's medical needs are being addressed.**

| | |
|---|---|
| **RESPONDENT NAME:** Subrina Aiken, RN | **TITLE:** Clinical Administrative Assistant<br>Jackson Health Care Office Administration |
| **RESPONDENT SIGNATURE:** Subrina Aiken, RN | **DATE:** 11/15/16 |

3 of 5

By Brenda Hunter

#5 4 of 5 H

RECEIVED
CORRECTIONAL FACILITY

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I: 10/7/16 (ET) GRIEVANCE DEPARTMENT

Grievance Identifier: MLF 16 1 0 901 9 2 3 0 2 8 A

**Be brief and concise in describing your grievance issue.** If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248097 | Macomb | SEG 12 | 9-21-16 | 9-27-16 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? ON 9-25-16
If none, explain why. Requested A copie of my Special Accommodation Orders AS I was never treated or was provided a new copy of changes. thats A Violation of 03.04.108 prisoner health information. SAW P.A. FERRIS 9-27-16 who gave me A copy. Follow up on 9/23/16

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. The deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain. proscribed by the Eighth Amendment as well Due Process Clause. At no time on 9-21-16 was I treated by medical Provider Brenda Hunter MBA, RHIA, CHTS-IM. As she knew the risk and actual knowledge to the cruel condition I would suffer by removing access to ~~ele~~ Elevator, Ramp, Ground Floor, No Steps. ~~Handicap~~ Handicap Shower, toliet w/Rails, Quadcane. From the Special Accommodation Order. As my conditions of Nerve Damages, Drop Feet Left/Right, Paralysis, Ambulation, claw toes, ankles, knees (ect) AFO's; and metal AFO's without them I have very limited balance and high risk for serious injuries, and back in a wheelchair. I refuse to take medication due to the bad experience March 12, 1996. I suffer bad muscle spasm; left leg and back from being shot 11 times with 18 holes in my body. And medical staff an MDOC staff accuse me of having drug seeking behavior. Video surveillance will show me trying to navigate stairs sometime as I dont receive physical therapy and the white inmates are treated differently per video surveillance.

Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No If No, give explanation. If resolved, explain resolution.)

See attached rejection letter

| Respondent's Signature | Date | Reviewer's Signature | Date |
|---|---|---|---|
| [signature] | 10/7/16 | [signature] | 10/11/16 |
| **Respondent's Name (Print)** | **Working Title** | **Reviewer's Name (Print)** | **Working Title** |
| E. Taylor | C.R.A. | Steece | [signature] |

Date Returned to Grievant: 10/13/16 (ET)

If resolved at Step I, Grievant sign here. Resolution must be described above.

Grievant's Signature ____ Date ____

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

#5 5 of 5

RECEIVED

OCT 1 0 2016

DEPUTY WARDENS OFFICE

**Michigan Department of Corrections**
**GRIEVANCE REJECTION LETTER**

**DATE:** **10/7/2016**

**TO:** **BELL** **248097** **LOCATION:** **MRF** **1-75-B**

**FROM:** **Grievance Coordinator: E. TAYLOR**

**SUBJECT:** Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding **Duplicate Issue** was received in this office on **10/7/2016** and was rejected due to the following reason:
**Your grievance is being returned to you without processing for the issue is a duplicate of the grievance listed at the end of this paragraph that has already been processed. Per PD 03.02.130 duplicate issue grievances will not be processed. Grievance is rejected. MRF-16-10-1922-12z.**

Any future references to this grievance should utilize this identifier:

**MRF / 2016 / 10 / 1923 / 28A**

e. taylor [signature] 10/7/16
Respondent Date

dep steece [signature] 10/11/16
Reviewer Date

#3 pg 4 of 4 ... 119

4 PAGES ATTACHED AS POLICY STATES

MICHIGAN DEPARTMENT OF CORRECTIONS #5 1 of 5 4835-4248 5/09

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM** CSJ-247B

RECEIVED
MACOMB CORRECTIONAL FACILITY

Date Received by Grievance Coordinator at Step II: 10/24/16 (E) GRIEVANCE DEPARTMENT

Grievance Identifier: MRF 16 10 0192 3D 28A (E)

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.

The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: Grievance Coord Office by 10/27/16 (E). If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| CEDRIC BELL | 248097 | MACOMB | 1-75-B | 9-21-16 | 10-20-16 |

**STEP II** — Reason for Appeal (ISSUES UNRESOLVE) AS THE RESPONDENT E.TAYLOR AND REVIEWER DEPUTY STEECE ARE ACTING IN A MEDICAL CAPACITY AS WELL ACTIVIST FOR MEDICAL STAFF WHO PROVIDE A COPY OF ACCOMMODATION WITH HER NAME AS THE GENERATOR OF THE TREATMENT THAT WAS PROVIDE..WHEN THE PRINTED COPY SHOULD HAVE THE NAME(S) OF THE DOCTOR(S) OR MEDICAL STAFFS THAT PROVIDE TREATMENT AS WELL CHANGED THE MEDICAL ACCOMMODATION ORDERS AS WELL COMMENTS TO TREATMENTS THAT WAS PROVIDED DURNING THE CONSULTATION WITH THE MEDICAL PROVIDER AS M.D.O.C POLICY STATES IN PD.04.06.160 WHICH HAS BEEN CLEARLY VIOLATED. AS STAFF ARE CONSPIRING TO VIOLATE EIGHTH AMENDMENT AS WELL THE CIVIL RIGHTS.(SEE) MANDEL-V-DOE, 888 F.2d 783, 789 -95(11th CIR. 1989) WHERE MEDICAL PHYSICIAN(S) FAILURE TO PROVIDE

**STEP II** — Response

See attached response.

Date Received by Step II Respondent:

OM Steward — Respondent's Name (Print)

DM Steward — Respondent's Signature

10/25/16 — Date

Date Returned to Grievant: 10/26/16 (E)

**STEP III** — Reason for Appeal ISSUES UNRESOLVE AT STEP 2

A/WARDEN D.M. STEWARD AND THE FACILITY HEALTHSERVICE STAFF ARE/HAVE CONSPIRED TO VIOLATE THE CONSTITUTIONAL RIGHTS AND CIVIL RIGHTS..

THE STEP 2 APPEAL REASON STATED ABOVE IS NEW INFORMATION( THE DEPARTMENT OF JUSTICE AND CDC WILL BE CONTACTED IN THIS MATTER, AS TO THE ACTIONS OF MEDICAL STAFF AND THE ACTING WARDEN NEGLECT OF VIOLATIONS...

ADMINISTRATIVE REMEDIES EXHAUSTED

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White - Process to Step III; Green, Canary, Pink - Process to Step II; Goldenrod - Grievant

#5 2 of 5

GRIEVANCE ATTACHMENT IDENTIFIER MFR-2016-10-1923-28A:

STEP 2 APPEAL TO THE WAREDN OFFICE

CEDRIC BELL / #248097 / MACOMB / 1-75-B / XXXXXX 9-21-16 /10-20-16 /

ADEQUATE MEDICAL CARE IN STATE OR LOCAL INSTITUTIONXX MAY USE 42 U.S.C. 1983 TO SUE PRISON MEDICAL CARE PROVIDERS, INCLUDING PRIVATE CONTRACTORS.

HOWEVER, SUITS AGAINST PRIVATE CORPORATIONS THAT PROVIDE MEDICAL CARE TO (STATE PRISONERS) ARE TREATED LIKE SUITS AGAINST MUNICIPALITIES.

THAT IS, TO PROVIDE TO PREVAIL AGAINST THE CORPORATION ITSELF THE PRISONER MUST SHOW THAT INJURIES WAS CAUSED BY THE DELIBERATE INDIFFERENCE OF INDIVIDUAL EMPLOYEES OF THE CORPORATION,(BRENDA HUNTER,HUM COOPER, DOCTOR HUSSIAN AND P.A. FERRIS ALL CORPORATE EMPLOYEES) AS WELL XXXXXXX CONSPIRATOR M.D.O.C. STAFF E.TAYLOR AND DEPUTY STEECE WHO FAILURE TO INVESTIGATE THE MEDICAIL MALPRACTICE AND FALSIFICATION OF MEDICAL DOCUMENTS AND SUBMITTING THEM IN THE COMPUTER AND PRINTING THEM OUT FOR DISTRIBUTION XXXXX WHICH VIOLATES MICHIGAN CRIMINAL CODE AND DEPARTMENT OF CORRECTION WORK CODE OF ETHICS.

IN THIS ABOVE MATTER I WOULD LIKE TO BE CONPENSATED $250,000.00 AND ANOTHER $75,000.00 FOR ATTORNEY FEES FOR A.OLIVER ATTORNEY AT LAW WHOM MY FAMILY SPOKE TO AND I AS WELL ON 10-19-2016.

AS WELL THE ABOVE MEDICAL STAFF THAT CREATED ALL OF THIS BY VIOLATING THE MEDICAL PRIVACY ACT HUM COOPER TO INSPECTOR LADUCE AS WHEN THE DOCUMENTS STARTED TO GET FALSIFIED AND FALSE INFORMATION PROVIDED TO M.D.O.C. STAFF AND IT LEAD TO A SERIOUS INJURIES WHEN I FELL DOWN A FLIGHT OF STAIRS AFTER THE QUADCANE WAS REMOVE FROM MY POSSESSION ON 9-20-16 BY SEGREGATION OFFICER COUGAN PER HUM COOPER AND DOCTOR HUSSIAN.

AND I WAS NEVER TREATED BY OR SEEN BY THE TWO ABOVE MEDICAL STAFF SEE VIDEO SURVEILLANCE, SEGREGATION LOGBOOK OF PRISONER MOVEMENTS TO MEDICAL HEALTHSERVICE, AS WELL THE STAFF THAT ESCORTED ME TO THE ABOVE STAFF IN MEDICAL HEALTHSERVICE.

AS THESE STAFF ACTIONS ARE CAUSING SERIOUS INJURIES AS WELL DEATH SUPPORTING EVIDENCE TO THIS.,FRANK ANDERSON #453217 WHO SUFFERED BY THE HANDS OF THE SAME STAFF IN XXXXXX HEALTHCARE AS WELL THE DEATH OF JAMES HART ON 9-29-16 AND THESE INFLICTION COULD HAVE BEEN PREVENTED IN BOTH CASES,

AS IN BOTH ABOVEXX MY ATTORNEY WILL CONTACT BOTH FAMILYS TO SUPPORT MY CLAIMS, AS THE FALSIFYING OF MY DOCUMENTS WILL CONTINUE THE ABOVE STAFF SHOULD NOT BE ALLOWED ACCESS TO FILES..

I AM 100% SURE I WILL NOT BE INTERVIEWED IN THIS STEP 2 MATTER AS I NEVER SEEN THE WARDEN CONCERN AS TOO A STEP 2 APPEAL WHEN THE FACTS ARE 100% CORRECT. AS WELL I DO NOT TAKE MEDICATION AS MEDICAL PERSONNELS WILL SAY I HAVE DRUG SEEKING BEHAVIOR IN A ATTEMPT TO DISCREDIT ME.

THIS GRIEVANCE IS NOT A DUPLICATE ON XXXXX BRENDA HUNTER AS IT'S THE FIRST FOR WHAT HER SIGNATURE IS ON AND GENERATED BY HER TO ME THIS IS WHATS SHE SUPPORTED AND STAND BY IN THE COMPUTER AS WELL PROVIDE BY CO-WORKERS .

APPEAL SHOULD BE GRANTED BASED ON THE EVIDENCE. XXXX CONSIDERING MEDICAL STAFF COULD NOT ADDRESS THE ISSUES.