UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC BELL, #248097,

    Plaintiff,                                Civil Action No. 20-CV-10193

vs.                                             HON. BERNARD A. FRIEDMAN

STATE OF MICHIGAN ADMINISTRATIVE
BOARD OF CLAIMS, et al.,

    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is presently before the Court on the Court's review of the complaint. Plaintiff, a Michigan prisoner, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The Court has granted him leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). For the reasons explained below, the Court shall dismiss the complaint in part pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**I. Background**

The allegations in the complaint concern events that occurred while plaintiff was confined at Cotton Correctional Facility in Jackson, Michigan.[1] The allegations involve the denial of plaintiff's complaints or grievances, a false misconduct report, the confiscation/destruction of plaintiff's personal property, the withholding of evidence, and issues with plaintiff's medical accommodations and treatment. Plaintiff asserts claims of supervisory liability, conspiracy, race discrimination, denial of equal protection, retaliation, excessive force, and denial of medical care, in violation of his rights under the First, Eighth, and Fourteenth

---

[1] Plaintiff is currently confined at Lakeland Correctional Facility in Coldwater, Michigan.

Amendments. Defendants, sued in their individual and official capacities, are the State of Michigan Administrative Board of Claims (and/or its unidentified members); Michigan Department of Corrections ("MDOC")[2] Director Heidi Washington; Cotton Correctional Facility Warden K. Lindsey; Corrections Officers Brandon Payne, Nathan Root, "Sims," Josh Curtis, and "Rual"; and RN "Russell."[3] Plaintiff seeks declaratory relief, injunctive relief, and monetary damages. Having reviewed the complaint, the Court shall dismiss it in part pursuant to §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted and on the basis of sovereign immunity.

## II. Legal Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to sua sponte dismiss an in forma pauperis complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against a government entity, or officers or employees of a government entity, that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint "is frivolous where it lacks an arguable basis

---

[2] The MDOC is not named as a defendant in the complaint's caption, but it is listed as a defendant in paragraph 97 of the complaint. Even if plaintiff intended to name the MDOC as a defendant, claims against this entity are barred by the Eleventh Amendment. *See Adams v. Calhoun Cty.*, No. 18-1867, 2019 WL 3501815, at *2 (6th Cir. Apr. 24, 2019) (citing *Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 215 (6th Cir. 2001)).

[3] Plaintiff indicates that RN Russell is not an MDOC employee: "Defendant Russell is an RN Nurse for the Michigan Department of Corrections, contracted by Corizon Health . . . ." Compl. ¶ 12.

either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

A pro se civil rights complaint is "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). The purpose of the "short and plain statement of the claim" requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d

527, 533 (6th Cir. 2006)). Additionally, a plaintiff must allege that the deprivation of his rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). With these standards in mind, the Court concludes that the complaint is subject to partial dismissal.

## III. Discussion

First, to the extent plaintiff asserts claims against Director Washington, Warden Lindsey, and Corrections Officer Curtis that are based upon their supervisory roles over other defendants such claims must be dismissed. It is well settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (stating that a plaintiff must allege facts showing that the defendant participated, condoned, encouraged, approved, or knowingly acquiesced in the alleged misconduct to establish liability under § 1983). "[L]iability under § 1983 must be based on active unconstitutional behavior . . . .'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Thus, the plaintiff in this case cannot hold Director Washington, Warden Lindsey, or Corrections Officer Curtis liable under § 1983 for the conduct of an employee or subordinate because he does not allege that they were personally involved in the allegedly unconstitutional behavior. *See Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (stating that "the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel" and rejecting a supervisory liability claim because plaintiff "has not alleged that defendant . . . condoned or otherwise approved of the alleged [misconduct]" (internal citations omitted)).

Second, to the extent plaintiff alleges that Director Washington and Warden Lindsey violated his constitutional rights by denying his complaints or grievances, Compl. ¶ 30, he fails to state a claim for relief. "Although a prisoner has a First Amendment right to file grievances against prison officials, . . . a state has no federal due process obligation to follow all of its grievance procedures." *Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (internal citations omitted). Moreover, an inmate does not have a "constitutionally protected due process right to unfettered access to prison grievance procedures," *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (collecting cases), and does not have a "constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (internal citations omitted). Thus, "Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (citing *Shehee*, 199 F.3d at 300). In the present case, to the extent plaintiff is dissatisfied with the investigation of his complaints or the denial of his grievances, he fails to state a claim upon which relief may be granted because he has not alleged a violation of a constitutional right, which "is required in order to obtain relief under § 1983." *Walker*, 128 F. App'x at 445. *See also Carlton*, 76 F. App'x at 644 (concluding that plaintiff did not state a claim by alleging that a deputy warden "had failed to properly investigate his grievance").

Third, plaintiff is not entitled to relief on his claim that is based on allegations that Corrections Officers Payne and Root filed a false misconduct report. Compl. ¶¶ 20-23. "[T]he Sixth Circuit has . . . concluded that filing a false misconduct report is not cruel and unusual punishment under the Eighth Amendment." *McDaniel v. Bechard*, No. 15-13892, 2017 WL 5712898, at *5 (E.D. Mich. Nov. 28, 2017) (internal citations omitted). It has also "held that false

accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges subsequently are adjudicated in a fair hearing." *Cozier v. Cady*, No. 2:12-CV-10012, 2012 WL 1555208, at *3 (E.D. Mich. Apr. 30, 2012) (citing *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004)). "The mere filing of administrative charges that are not ultimately sustained does not constitute a violation of the Constitution." *Baggett v. Wigginton*, 875 F.2d 861 (6th Cir. 1989). In the instant matter, plaintiff has not shown that the filing of an allegedly false misconduct report violated his constitutional rights, particularly given that the misconduct charge was eventually dismissed by an Administrative Law Judge. *See* Compl. ¶ 38. Therefore, plaintiff cannot maintain a § 1983 claim based on the misconduct report.[4]

Fourth, plaintiff is not entitled to relief on his claim regarding the alleged confiscation/destruction of personal property by Corrections Officers Payne, Root, and Sims. *Id.* ¶¶ 25-26, 95. The negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Sixth Circuit has explained that

> in section 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate. In a procedural due process case under section 1983, the plaintiff must attack the state's corrective procedure as well as the substantive wrong.

*Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has determined that "Michigan provides several adequate post-deprivation remedies." *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995). Plaintiff does not allege that Michigan's judicial remedies are

---

[4] The Court notes that the portion of plaintiff's retaliation claim involving the misconduct report is not subject to dismissal.

inadequate or that it would be futile to present his claim in the Michigan state courts. In fact, plaintiff indicates that he received $124.12 for the loss of his property through state procedures from the State of Michigan Administrative Board of Claims. Compl. ¶¶ 77-79, 89. Therefore, plaintiff's claim regarding the alleged confiscation/destruction of his personal property fails.[5]

To the extent plaintiff challenges the State of Michigan Administrative Board of Claims' monetary reimbursement decision, plaintiff is also not entitled to relief. This Court does not serve as a state appellate court to review the substance of such determinations. "Due process only requires that an adequate post-deprivation remedy be available when the deprivation of property occurs." *Barhite v. Trierweiler*, No. 2:13-CV-169, 2014 WL 5782638, at *9 (W.D. Mich. Nov. 6, 2014) (internal citation omitted). "[I]n order to satisfy due process, the post-deprivation remedy does not have to guarantee a successful outcome, nor is required to provide relief equivalent to that available in a § 1983 action." *Id.* Additionally, plaintiff's allegations that the State of Michigan Administrative Board of Claims based its decision upon some improper factor or motivation are purely speculative and conclusory. "Conclusory, unsupported allegations of the deprivation of rights protected by the United States Constitution or federal laws are insufficient to state a claim" under § 1983. *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)). Therefore, plaintiff fails to state a claim under § 1983 upon which relief may be granted to the extent he alleges that the State of Michigan Administrative Board of Claims and/or its decision violated his constitutional rights.

---

[5] The Court notes that the portion of plaintiff's retaliation claim involving the confiscation/destruction of his personal property is not subject to dismissal.

Fifth, plaintiff fails to state a conspiracy claim against defendants. Plaintiff alleges that "Defendants Payne and Root conspired and filed a false report of disciplinary conduct violation of disobeying a direct order." Compl. ¶¶ 23, 92. Plaintiff alleges that Sims conspired with Payne "and broke the property seals on all personal property without authorization." *Id.* ¶ 95. Plaintiff also alleges that "[a]ll defendants have . . . conspired as defendants all [sic] deprivation of property and constitutional rights were violated." *Id.* ¶ 83. To state a conspiracy claim under § 1983, a plaintiff must show "that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). "In this circuit, . . . conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (alterations added) (internal citation and quotation marks omitted). In the present case, plaintiff's allegations of conspiracy are vague and conclusory and are therefore insufficient to state a claim under § 1983.

Sixth, plaintiff fails to state a race discrimination claim against defendants. Plaintiff alleges that "[a]ll defendants have displayed invidious discrimination based on race." Compl. ¶¶ 83, 98. In particular, he alleges that "Defendants Payne and Root displayed invidious discrimination based on race as I was punished for a false misconduct and property destroyed." *Id.* ¶ 28. "A plaintiff presenting a race-based equal protection claim can either present direct evidence of discrimination, or can establish a prima facie case of discrimination under the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36

L.Ed.2d 668 (1973)." *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 458 (6th Cir. 2011) (footnote omitted) (citing *Arendale v. City of Memphis*, 519 F.3d 587, 603 (6th Cir. 2008)). In the instant matter, plaintiff fails to allege sufficient facts to support a claim of intentional race discrimination by direct evidence or by indirect evidence under *McDonnell*'s burden-shifting framework. *See id.* at 458-61 (discussing proving discrimination through direct or indirect evidence). Plaintiff fails to allege with any specificity why or how he was subject to race discrimination. "Conclusory allegations of unconstitutional conduct [regarding discriminatory treatment] without specific factual allegations fail to state a claim under § 1983." *Baker v. Hoffner*, No. 1:15-CV-68, 2015 WL 869294, at *4 (W.D. Mich. Feb. 26, 2015) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555). Plaintiff thus fails to state a race discrimination claim upon which relief may be granted.

Seventh, plaintiff fails to state an equal protection claim. He appears to assert this claim generally against "defendants" for being held in "Administrative Detention/Segregation," Compl. ¶ 63, and specifically against Warden Lindsey and Corrections Officer Sims due to issues with his property. *Id.* ¶¶ 72, 76. The Equal Protection Clause is in essence "a direction that all persons similarly situated should be treated alike." *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "To assert a Fourteenth Amendment equal protection claim, a plaintiff must prove that a state actor purposefully discriminated against him because of his membership in a protected class." *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003) (internal citation omitted). In the present case, plaintiff's equal protection claim lacks factual support. He fails to allege with any specificity how he was treated differently from others who were similarly situated or that he was discriminated against because he is a member of a protected class. "It is not enough for a complaint under §

9

1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law," and "[s]ome factual basis for such claims must be set forth in the pleadings." *Chapman*, 808 F.2d at 465 (citing *Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971)). Plaintiff's equal protection claim fails to meet this standard and is therefore subject to dismissal.

Eighth, plaintiff's complaint must be dismissed, in part, on the basis of sovereign immunity, to the extent it asserts claims against the State of Michigan Administrative Board of Claims and against MDOC employees Corrections Officers Payne, Root, Sims, Curtis, and Rual in their official capacities for monetary damages.[6] This Court has explained that

> [t]he Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Eleventh Amendment immunity also applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

*Alexander v. Cramer*, No. 2:12-CV-15451, 2012 WL 6681727, at *2 (E.D. Mich. Dec. 21, 2012). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and "Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983." *Moore v. Worthy*, No. 2:13-CV-13960, 2013 WL 5719150, at *2 (E.D. Mich. Oct. 21, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary

---

[6] Director Washington and Warden Lindsey are also MDOC employees entitled to sovereign immunity, but plaintiff has failed to state a claim against them because he cannot hold them liable for their roles as supervisors or for denying plaintiff's grievances, and because his equal protection claim against Warden Lindsey fails, as noted above.

relief, against the state and its departments . . . .'" *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). However, "for suits against individuals in their official capacities" under § 1983, "the Eleventh Amendment permits prospective injunctive relief, but not damage awards." *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000) (citing *Will*, 491 U.S. at 70-71). The State of Michigan Administrative Board of Claims and MDOC employees Corrections Officers Payne, Root, Sims, Curtis, and Rual are therefore entitled to Eleventh Amendment immunity. Plaintiff's claims against the State of Michigan Administrative Board of Claims are barred, and plaintiff's claims against the MDOC employees are barred to the extent they are sued in their official capacities for monetary damages.

Lastly, the Court finds that plaintiff's claims of retaliation, excessive force, and denial of medical care against Corrections Officers Payne, Root, Sims, Curtis, and Rual, and RN Russell are not subject to dismissal under §§ 1915(e)(2)(b) and 1915A(b). While plaintiff may or may not prevail on these claims, he has pled sufficient facts to satisfy the pleading requirements at this early stage of the case.

In a letter addressed to the Court dated February 13, 2020, plaintiff asks if he can file an amended complaint [docket entry 4]. If he still intends to do so, the Court instructs plaintiff to amend his complaint in compliance with Fed. R. Civ. P. 15(a)(1) and (2), which provide:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

11

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

If plaintiff amends his complaint, he may not reassert claims that this order has dismissed.

**IV. Conclusion**

For the reasons stated above, the Court concludes that the complaint fails to state a claim upon which relief may be granted as to plaintiff's claims regarding supervisory liability, the denial of his complaints or grievances, a false misconduct report, the confiscation/destruction of personal property, conspiracy, race discrimination, and the denial of equal protection. Given this, the complaint fails to state a claim against defendants Director Washington and Warden Lindsey. The Court also concludes that defendants the State of Michigan Administrative Board of Claims and the MDOC employees are entitled to sovereign immunity. Accordingly,

IT IS ORDERED that plaintiff's claims regarding supervisory liability, the denial of his complaints or grievances, a false misconduct report, the confiscation/destruction of personal property, conspiracy, race discrimination, and the denial of equal protection are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

IT IS FURTHER ORDERED that the complaint is dismissed as to defendants the State of Michigan Administrative Board of Claims, Director Washington, and Warden Lindsey.

IT IS FURTHER ORDERED that plaintiff's claims against defendants MDOC employees Corrections Officers Payne, Root, Sims, Curtis, and Rual are dismissed to the extent these defendants are sued in their official capacities for monetary damages.

IT IS FURTHER ORDERED that an appeal of this decision would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

Dated: May 18, 2020
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on May 18, 2020.

Cedric Bell #248097
LAKELAND CORRECTIONAL FACILITY
141 FIRST STREET
COLDWATER, MI 49036

s/Johnetta M. Curry-Williams
Case Manager