UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC MARK EARSHIN
BELL,

        Plaintiff,

Case No. 2:20-cv-10193
District Judge Bernard A. Friedman
Magistrate Judge Anthony P. Patti

v.

BRANDON PAYNE, *et al*.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION TO DENY THE MDOC'S SEPTEMBER 29, 2021 MOTION TO DISMISS (ECF No. 47) and PROVIDE GUIDANCE TO NON-PARTY MDOC**

**I.      RECOMMENDATION:** The Court should **DENY** the Michigan Department of Corrections's (MDOC's) September 29, 2021 motion to dismiss (ECF No. 47), because the MDOC is not a party to this lawsuit.

**II.     REPORT:**

    **A.     The MDOC was not a party to the original complaint.**

Although Plaintiff's latest submission lists an address of Lakeland Correctional Facility (LCF) (ECF No. 42, PageID.625), Cedric Mark Earshin Bell (#248097) is currently incarcerated at the Michigan Department of Corrections

(MDOC) Saginaw Correctional Facility (SRF).[1]  Bell initiated this lawsuit on January 24, 2020 by way of a complaint that named approximately nine Defendants – (1) State Administrative Board of Claims members; (2) MDOC Director H. Washington; (3) G. Robert Cotton Correctional Facility (JCF) Warden Kevin Lindsey; (4) Correctional Officer (CO) Brandon Payne; (5) CO Nathan Root; (6) CO Sims; (7) CO Josh Curtis; (8) CO Rual; and, (9) Nurse Russell (ECF No. 1, PageID.8-11), although the caption also lists "Michigan Department of Corrections" before "Director H. Washington" (*id.*, PageID.7).  See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

Bell was permitted to proceed in this Court *in forma pauperis*.  (ECF No. 2, 6, 25.)  On May 18, 2020, Judge Friedman entered an opinion and order of partial dismissal, which terminated Defendants State of Michigan Administrative Board of Claims, MDOC, Washington, and Lindsey.  (ECF No. 7, PageID.414-145.)  Of particular import is the Court's following observation:

> The MDOC is not named as a defendant in the complaint's caption, but it is listed as a defendant in paragraph 97 of the complaint [ECF No. 1, PageID.19 ¶ 97].  Even if plaintiff intended to name the MDOC

---

[1] *See* www.michigan.gov/corrections, "Offender Search," last visited Nov. 2, 2021.

2

as a defendant, claims against this entity are barred by the Eleventh Amendment. *See Adams v. Calhoun Cty.*, No. 18-1867, 2019 WL 3501815, at *2 (6th Cir. Apr. 24, 2019) (citing *Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 215 (6th Cir. 2001)).

(ECF No. 7, PageID.404 n.2.)[2]

### B. The MDOC is not a party to the amended complaint.

On September 23, 2020, Plaintiff filed a second amended complaint, the caption of which lists twenty-four named Defendants (not including John and Jane Doe Defendants) but the text of which names sixteen. (*Compare* ECF No. 16, PageID.451, *with id.*, PageID.452-453 ¶¶ 4-19.) Importantly, Plaintiff *does not* list the MDOC as a Defendant in the caption of the amended complaint.

Using documents prepared by the Court, including a waiver addressed to non-party MDOC (ECF No. 28, PageID.551), the U.S. Marshals Service (USMS) facilitated service of this lawsuit. Some recipients – including non-party MDOC (ECF No. 29, PageID.555) have returned executed waivers, and other waivers have been treated as unexecuted (ECF No. 30, 41, 43). Meanwhile, several Defendants have appeared via counsel, *in addition to non-party MDOC*. (ECF Nos. 40, 45.)

---

[2] The conclusion that only six Defendants remained is somewhat buttressed by the Attorney General's limited appearances as to non-party MDOC and Defendants C/O Brandon Payne, C/O Nathan Root, C/O Josh Curtis, C/O Rual, and Property Room Officer Sims. (ECF Nos. 11, 15.)

### C. The Court should deny MDOC's pending motion to dismiss, because it is a non-party.

On March 11, 2021, Judge Friedman referred this case to me for pretrial matters. (ECF No. 26.) Currently before the Court is non-party MDOC's September 29, 2021 motion to dismiss. (ECF No. 47.) The Court need not wait for Plaintiff's response, because this motion should be denied. As the MDOC correctly observes, it is not listed as a defendant in Plaintiff's amended complaint. (ECF No. 47, PageID.642.) The MDOC's sole argument is its entitlement to Eleventh Amendment immunity. (ECF No. 47, PageID.642-643.) However, there are no claims to dismiss against the MDOC if it is not a Defendant in this lawsuit. Accordingly, the Court should **DENY** non-party MDOC's September 29, 2021 motion to dismiss (ECF No. 47).

The Court perhaps bears some responsibility for the apparent confusion over MDOC's status in this lawsuit. The impetus for the MDOC's September 29, 2021 motion to dismiss appears to be its receipt of: (1) a waiver of service mailed in March 2021 (ECF No. 28, PageID.551); and, (2) a copy of this Court's September 21, 2021 order (ECF No. 44). It appears the waiver was sent to non-party MDOC in March 2021 by mistake, although non-party MDOC returned it executed in April 2021 (ECF No. 29, PageID.555). Based on the executed waiver, the Court's September 2021 order mistakenly asks whether the Department of Attorney

General intends to enter an appearance on behalf of the MDOC. (ECF No. 44, PageID.630.)

### D. The Court awaits the MDOC's update as to the requested information regarding thirteen Defendants.

Notwithstanding the apparent confusion over MDOC's status *as a party* in this lawsuit, it is clear why the MDOC received a copy of the Court's September 2021 order, which, *inter alia*, granted in part and denied in part Plaintiff's motion for an extension of time within which to effect service of process. (ECF No. 44, PageID.628.) The Court's order asks whether the Department of Attorney General intends to represent certain Defendants and seeks information from the MDOC as to other Defendants. (ECF No. 44, PageID.630.) As a result, the order explains:

> Since the stay was lifted in December 2020, not a single MDOC Defendant has appeared; therefore, to ensure the MDOC is aware of this order, the Clerk of the Court is **DIRECTED** to serve a copy of this order upon the MDOC (c/o Assistant Attorney General Lisa Geminick, Division Chief, MDOC Division, P.O. Box 30217, 525 W. Ottawa, Lansing, MI 48933-1067).

(ECF No. 44, PageID.630-631.) In sum, the Court directed service of this order upon an assistant attorney general, not because the MDOC was a party but because the MDOC may not otherwise have known of the order's existence – an order that required the Department of Attorney General and/or the MDOC to provide certain information to the Court.

Since the Court entered its order, the Michigan Department of Attorney General has entered an appearance on behalf of non-party MDOC, as well as Defendants Brandon Payne, Nathan Root, James Sims, Joshua Curtis, Jeffrey Ruhl, Stacey Ream, Debrah Marine and Lisa Adray. (ECF No. 45.) Moreover, the USMS has acknowledged receipt of documents for service of process upon: (1) Christina Russell at Cooper Street Correctional Facility (JCS); (2) Randall Haas, Regina Jenkins-Grant, Kristopher Steece, Diana Hering, Eutrilla Taylor, Sandra Tyler, Caroline Rivard-Babisch, and Erin Parr-Mirza at Macomb Correctional Facility (MRF); (3) Jeffrey White at JCF; and, (4) Christopher Nethercott at Gus Harrison Correctional Facility (ARF). (ECF No. 48.)

Thus, of the twenty-two individuals or entities as to which the Court's order sought information, counsel's appearance provides clarification as to nine, and the Court assumes that the MDOC provided the information necessary for the Clerk to prepare service materials for another eleven. <u>Thus, the Court still awaits the MDOC's update as to the requested information regarding the other two Defendants – *i.e.*, Campbell and Cooper.</u> (ECF No. 44, PageID.630-631.)

## III. PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  November 3, 2021                  s/*Anthony P. Patti*
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE