UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC MARK EARSHIN BELL,

        Plaintiff,

v.

STATE OF MICHIGAN
ADMINISTRATIVE BOARD OF
CLAIMS, *et al*.,

        Defendants.

_____/

Case No. 2:20-cv-10193
District Judge Bernard A. Friedman
Magistrate Judge Anthony P. Patti

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 33)

### A.    Instant Motion

Currently before the Court is Plaintiff's April 20, 2021 motion for the appointment of counsel.  (ECF No. 33.)[1]  As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides

---

[1] Plaintiff's initial filing is 374 pages in length.  In addition to 340 pages of exhibits, it includes a 20-page complaint, a 1-page summons, a 1-page notification of previous lawsuit, a 1-page request to proceed *in forma pauperis*, a 5-page affidavit, and a 6-page "application for appointment of counsel[,]" (*see* ECF No. 1, PageID.24-29).  For whatever reason, the application for the appointment of counsel was not filed separately, which may be why it was not addressed in the Court's May 18, 2020 order of partial dismissal.  (ECF No. 7.)  This order assumes that any issue raised in that application has been repeated in the motion currently under review.

that "[t]he court *may* request an attorney to represent any person unable to afford

counsel." 28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the

circumstances of Plaintiff's case convinced the Court to engage in such a search,

"[t]here is no right to recruitment of counsel in federal civil litigation, but a district

court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v.

Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson

v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers

for indigent prisoners; instead it gave district courts discretion to ask lawyers to

volunteer their services in some cases.").  The appointment of counsel in a civil

case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382,

1384 (6th Cir. 1987) (internal quotation and citation omitted).

 The Supreme Court has held that there is a presumption that "an indigent

litigant has a right to appointed counsel only when, if he loses, he may be deprived

of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27

(1981).  With respect to prisoner civil rights cases in particular, the Court of

Appeals for the Sixth Circuit has held that "there is no right to counsel.  . . .  The

appointment of counsel in a civil proceeding is justified only by exceptional

circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (internal

and external citations omitted).[2]  Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider:  (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself.  *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).  The Court has considered these factors here and denies the motion.

### B.    Analysis

Here, Plaintiff cites 28 U.S.C. § 1915(e)(1).  (ECF No. 33, PageID.568-569.) He has attached copies of his attempts to secure counsel.  (*Id*., PageID.570-577.) However, as set forth in further detail by an order entered on September 21, 2021, service has been ongoing as to several Defendants named in the amended complaint.  (ECF No. 44.)  Although some Defendants have appeared via counsel (ECF Nos. 40, 45, 55), none have filed an answer.  And, on November 29, 2021, Judge Friedman entered an order accepting my report and recommendation to deny

---

[2] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915(e)(1) the Court may only request that an attorney represent an indigent plaintiff.

a motion to dismiss filed by non-party MDOC (ECF Nos. 50, 51).  At present, a motion for summary judgment brought by JCF Defendants Brandon Payne, Nathan Root, James Sims, Joshua Curtis and Jeffrey Ruhl remains pending (ECF No. 54), as to which the Court granted Plaintiff's motion for an extension of time to respond (ECF No. 62).  (*See* 2/11/22 Text-Only Order).  Thus, the current posture of the case signals that Plaintiff's request, given the concerns set forth in his motion (ECF No. 33, PageID.568-569 ¶¶ 1-11), is premature.

In light of the limited pool of attorneys who are willing to accept appointments *pro bono publico* in this District and the large number of cases in which there are *pro se* parties, the Court does not typically recruit counsel until a case has survived dispositive motion practice and is clearly headed to trial, unless exceptional circumstances have been demonstrated.  The Court sincerely wishes that it were possible to do otherwise, as the presence of counsel very often renders litigation more efficient and undoubtedly renders aid to litigants who lack legal training; however, given the limited number of attorneys who are willing to take on these assignments when the case is already in trial mode, the Court knows from experience that obtaining qualified counsel for prisoner litigants is even more unlikely during pretrial proceedings, when costs and the expenditure of time without remuneration can become onerous to licensed attorneys.  Plaintiff has not

4

convinced the Court that there are any exceptional circumstances that would potentially justify recruiting *pro bono* counsel any sooner than trial in this case.

Moreover, although Plaintiff's amended complaint is lengthy, *i.e.*, 211 paragraphs, the causes of action – breach of duty to protect, failure to administer adequate medical remedy, and retaliation for engaging in protected activity – are not notably complex. (ECF No. 16, PageID.451-478.) Many of his other filings (ECF Nos. 2, 4, 14, 17, 21, 23, 24, 33, 34, 36) demonstrate an ability to represent himself comparable to or even beyond that of others in his situation. In addition to arguing the complexity of this case, Plaintiff gives several reasons in support of his request for the Court to recruit counsel, including: (a) he cannot afford an attorney (ECF No. 33, PageID.568-569, ¶ 1); (b) imprisonment will impair his ability to litigate (*id.*, ¶ 2); (c) he lacks legal resources, is experiencing vaguely referenced "retaliation" and "[denial of] access to U.S. Postal Service[,] to the Court[,] and family[,]" (*id.*, ¶ 5); (d) he is unable to depose and gather evidence (*id.*, ¶¶ 6-8); and, (e) he "is not versed in the law . . . [,]" (*id.*, ¶ 11). A review of the Court's records reveals that Plaintiff is no stranger to litigation, having represented himself in other matters.[3] His litigation history in this case demonstrates that he is holding

---

[3] *See*, *e.g.*, *Bell v. MDOC*, *et al*. (Case No. 2:21-cv-11571-BAF-APP); *Bell v. Morrison* (Case No. 2:20-cv-11411-TGB-APP) (petition for writ of habeas corpus transferred to the W.D. Mich.); *Bell v. Curtis* (Case No. 2:00-cv-73067-PDB) (petition for a writ of habeas corpus).

his own, and none of the reasons given for his need for counsel are unusual or exceptional for prisoner litigants. Despite his claim of lack of access to postal services, he regularly files material in this docket, and responds to this Court's directives. As to his undeveloped allegation of retaliation and denial of access to the Court, each of these, if true, may be pursued through the grievance process at the allegedly offending institution and may be the subject of some future dispute with the MDOC; however, the alleged denial of access is certainly not evident from Plaintiff's sundry filings in this case, which are generally neat, typed, and relatively clear.

One final note is necessary. The Court observes that the Clerk of the Court has classified many of Plaintiff's filings as letters. (ECF Nos. 4, 9, 10, 12, 19, 20, 23, 27, 32, 31, 35, 42, 52.) Although the Court recognizes that Plaintiff is currently incarcerated and likely does not have unlimited or even regular access to the internet, Plaintiff's attention is directed to my Practice Guidelines, which are accessible through the Court's website and expressly state: "Letters to the Court are neither pleadings nor motions and will be stricken. Definitions of and requirements for pleadings and motions are provided in Federal Rules of Civil Procedure 7 through 11, with additional local requirements set forth at Local Rules 7.1 through 11.2." *See* www.mied.uscourts.gov. To the extent any of these letters sought relief from the Court that has yet to be addressed, Plaintiff should present

his request in a properly filed motion that complies with these rules, <u>but only if the</u> <u>relief is still needed</u>.  That way, it is made clear to the Court that motion relief is being requested, and Defendants are afforded a proper opportunity to respond. While the Court will not make the effort to strike these letters now, Plaintiff is advised that future correspondence, other than letters directed to the Clerk of the Court regarding purely logistical or technical matters, will be stricken.

### C.    Order

Accordingly, Plaintiff's April 20, 2021 motion for the appointment of counsel (ECF No. 33) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**[4]

Dated:  March 1, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).