UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC MARK EARSHIN BELL,

      Plaintiff,

v.

STATE OF MICHIGAN
ADMINISTRATIVE BOARD OF
CLAIMS, *et al.*,

      Defendants.
_____/

Case No. 2:20-cv-10193
District Judge Bernard A. Friedman
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S FEBRUARY 24, 2022 MOTIONS (ECF Nos. 65, 66)

Currently before the Court are Plaintiff's two motions filed on February 24, 2022 (ECF Nos. 65, 66). Upon consideration, Plaintiff's motion requesting permission to start discovery, to engage in a pretrial conference as contemplated by E.D. Mich. LR 16.1(b), and/or to engage in a Fed. R. Civ. P. 26(f) discovery conference (ECF No. 65) is **DENIED**, because multiple motions to dismiss are pending and judicial economy disfavors it at this juncture.

Also, Plaintiff's motion requesting a continuance under Fed. R. Civ. P. 56(f) ("Judgment Independent of the Motion.") and E.D. Mich. LR 40.2 ("Continuances") is construed as a motion to extend Plaintiff's deadline to respond to Defendants' pending January 13, 2022 motion for summary judgment (ECF No.

1

54), and, so construed, is **DENIED AS MOOT**, because Plaintiff simultaneously filed a 36-page response (ECF No. 68), *i.e.*, the response was filed effective February 24, 2022, days before the March 4, 2022 due date (*see* Feb. 11, 2022 text-only order).

In the event the Court has misconstrued either of these filings, Plaintiff is implored to make the relief he seeks clear in the title of his motion, as there seems to be a disconnect between the title and content of both motions under consideration here.  For example, the motion regarding discovery and conferences contends that Defendants have violated Fed. R. Civ. P 26(a)(1) ("Initial Disclosure.") and mentions what the "evidence will show," (ECF No. 65, PageID.887-888), and the motion for the motion for a continuance contends that evidence is being denied, altered and withheld (ECF No. 66, PageID.892).  These examples may or may not explain why the relief referred to in the respective motion title is appropriate.  Moreover, neither filing concludes with a clear or obvious prayer for relief (*e.g.*, "WHEREFORE, Plaintiff requests . . . ").  Such ambiguities lead the Court to discern what relief is being requested primarily from the title of each filing.

Finally, whereas Plaintiff has named no less than twenty-four Defendants in this lawsuit, the Court observes that streamlining the number of Defendants in this lawsuit would facilitate the progress of this case.  The more defendants there are,

the more motions to dismiss there are likely to be, thus delaying discovery as to those defendants against whom Plaintiff may have stated a "claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Of course, Plaintiff is permitted, at any time, to re-evaluate his case and seek dismissal of any of his claims or parties under Fed. R. Civ. P. 41.

**IT IS SO ORDERED.**[1]

Dated: April 8, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).