UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC MARK EARSHIN BELL,

        Plaintiff,

v.

STATE OF MICHIGAN
ADMINISTRATIVE BOARD OF
CLAIMS, *et al*.,

        Defendants.
_____/

Case No. 2:20-cv-10193
District Judge Bernard A. Friedman
Magistrate Judge Anthony P. Patti

### ORDER DENYING PLAINTIFF'S MOTION TO FILE EXCESS PAGES (ECF No. 120) and DIRECTING THE CLERK OF THE COURT TO STRIKE PLAINTIFF'S RESPONSE (ECF No. 121)

During August 2022, the Court entered orders setting Plaintiff's response deadline for ECF Nos. 101, 110 and 111 – filed by MDOC Defendants Campbell, Russell, Haas, Parr-Mirza, and Tyler – for September 1, 2022. (ECF Nos. 117, 119.) On September 2, 2022, Plaintiff filed: (1) a motion, which requests an extension of the 25-page limit (ECF No. 120); and, (2) a 74-page extended response brief, which states, *inter alia*, that he "never knew about the page limit[,]" (ECF No. 121, PageID.1143).

Upon consideration, Plaintiff's motion (ECF No. 120) is **DENIED**. "While we give *pro se* litigants a certain amount of leeway in prosecuting their cases–for example, their pleadings are liberally construed–they are not excused from

1

complying with the applicable Court Rules . . . ." *O'Dell v. Kelly Servs., Inc.*, 334 F.R.D. 486, 491 (E.D. Mich. 2020) (Michelson, J.). Moreover, as the Court recently pointed out to the Plaintiff in *Bell v. MDOC, et al.*, Case No. 2:21-cv-11571-BAF-APP (E.D. Mich.), the response quite significantly exceeds this Court's page limit. *See* E.D. Mich. LR 7.1(d)(3)(A) ("The text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 25 pages. A person seeking to file a longer brief may apply ex parte in writing setting forth the reasons."). Likewise, Plaintiff's request to file a 74-page response is not proportional, whether to: (1) Campbell's 4-page motion to dismiss (ECF No. 101, PageID.1088-1091); (2) Russell's 3-page brief to her motion for summary judgment (ECF No. 110, PageID.1113-1115), which adopts and incorporates the January 13, 2022 motion for summary judgment (ECF No. 54); or, (3) Haas, Tayler and Parr-Mirza's 3-page brief to their motion to dismiss (ECF No. 111, PageID.1122-1124), which adopts and incorporates the March 3, 2022 motion to dismiss (ECF No. 64). Finally, the lengthy proposed response is likely to be counter-productive to Plaintiff's cause, because it will make it more difficult for the Court to focus on key issues. Accordingly, the Clerk of the Court **SHALL** strike Plaintiff's brief (ECF No. 121) from the record, and Plaintiff **SHALL** have up to and including **Monday, October 24, 2022** by which to file a response that

complies with this Court's Local Rules and clearly identifies the dispositive motion or motions to which it responds.

**IT IS SO ORDERED.**[1]

Dated: September 7, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).