UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC MARK EARSHIN
BELL,

        Plaintiff,

v.

STATE OF MICHIGAN
ADMINISTRATIVE BOARD OF
CLAIMS, *et al*.,

        Defendants.

_____/

Case No. 2:20-cv-10193
District Judge Bernard A. Friedman
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT MDOC DEFENDANT CAMPBELL'S MOTION FOR DISMISSAL (ECF No. 101) and GRANT MDOC JCF DEFENDANT RN RUSSELL'S MOTION FOR SUMMARY JUDGMENT (ECF No. 110)

**I.**     **RECOMMENDATION**: The Court should **GRANT** MDOC Defendant Campbell's motion for dismissal (ECF No. 101) and **GRANT** MDOC JCF Defendant RN Russell's motion for summary judgment (ECF No. 110).

**II.**     **REPORT**

    **A.**     **Background**

        **1.**     **Original complaint and order of partial dismissal**

Plaintiff is a state prisoner currently incarcerated at the Michigan Department of Corrections (MDOC) Kinross Correctional Facility (KCF). *See* www.michigan.gov/corrections, "Offender Search," last visited Jan. 24, 2023. He

initiated this lawsuit on January 24, 2020, by way of a complaint that named approximately nine Defendants – (1) State Administrative Board of Claims members; (2) MDOC Director H. Washington; (3) G. Robert Cotton Correctional Facility (JCF) Warden Kevin Lindsey; (4-8) JCF Correctional Officers Brandon Payne, Nathan Root, James Sims, Josh Curtis, and Jeffrey Ruhl; and (9) JCF Nurse Russell. (ECF No. 1, PageID.8-11.)

On May 18, 2020, Judge Friedman entered an opinion and order of partial dismissal, which: (a) terminated Defendants State of Michigan Administrative Board of Claims, Washington, and Lindsey; and, (b) dismissed several claims against the remaining Defendants. (ECF No. 7, PageID.406-415.) Importantly, the Court also found that: (a) "the portion of plaintiff's retaliation claim involving the misconduct report is not subject to dismissal[;]" (b) "the portion of plaintiff's retaliation claim involving the confiscation/destruction of his personal property is not subject to dismissal[;]" and, (c) "[P]laintiff's claims of retaliation, excessive force, and denial of medical care against Corrections Officers Payne, Root, Sims, Curtis, and Rual [Ruhl], and RN Russell are not subject to dismissal under §§ 1915(e)(2)(b) and 1915A(b)." (ECF No. 7, PageID.408-409 n. 4, 5; ECF No. 7, PageID.413.)

In that same order, the Court allowed Plaintiff to amend his complaint without reasserting already-dismissed claims. (ECF No. 7, PageID.413-414.)

2

### 3. The September 23, 2020 amended complaint

Plaintiff filed what he titled a second amended complaint on September 23, 2020. (ECF No. 16.) Although Plaintiff lists twenty-four named Defendants in the caption (not including John and Jane Does) (*see* ECF No. 16, PageID.451), Plaintiff inconsistently lists sixteen or nineteen Defendants, as follows:

In a section labeled, "parties," Plaintiff lists: (1-5) JCF Corrections Officers Payne, Root, Sims, Curtis, and Ruhl; (6) JCF RN Russell; (7-9) Corizon Health, MRF McKissick, and MRF Hussain; (10-14) MRF RNs Cooper, Parr-Mirza, Adray, Herring, and Rivard-Babisch; (15) MRF Grievance Coordinator E. Taylor; (16) MRF Deputy Steece (*id*., ¶¶ 14-19; *see also id*., ¶ 31); and,

In a section labeled, "the parties to this action and their job titles," Plaintiff omits Curtis but adds: (17) an "unknown Chief Medical Officer;" and, (18-19) RNs Marine and Nethercott, each seemingly of Gus Harrison Correctional Facility (ARF) (*id*., ¶¶ 33-50).

Plaintiff was permitted to proceed in this Court *in forma pauperis*. (ECF Nos. 2, 6, 25.) Twenty-three of the Defendants have appeared via counsel. (ECF Nos. 40, 45, 55, 74, 95, 99, 108.)[1]

### 4. Dismissal of five (5) JCF Defendants

On December 28, 2022, the Court entered an order adopting my report and recommendation (ECF No. 131), granting certain JCF Defendants' motion for

---

[1] Notwithstanding the Court's and U.S. Marshals Service's efforts, in July 2022, the USMS notified the Court of its reasonable effort search for Heather Cooper, who is described as an MRF RN and who has yet to appear in this case. (*See* ECF No. 16, ¶¶ 11, 44; ECF Nos. 85, 94, 115, 116.)

3

summary judgment (ECF No. 54), and dismissing the remaining claims against Payne, Root, Sims, Curtis, and Ruhl. (ECF No. 131.)

### B. Pending dispositive motions by thirteen (13) Defendants

Currently before the Court are dispositive motions filed by several Defendants:

- MDOC Defendants Steece, E. Taylor, Adray, and Ream's Fed. R. Civ. P. 12(b)(6) motion to dismiss based on the statute of limitations and personal involvement (ECF No. 64);

- Defendants Corizon Health, Husain, and McKissick's motion to dismiss based on the statute of limitations (ECF No. 71); and,

- MDOC Defendant Rivard-Babisch's motion to dismiss based on the statute of limitations (ECF No. 75), which adopts and incorporates co-defendants' motion and brief (ECF No. 64).

Plaintiff timely filed a combined response (ECF No. 83). (*See also* ECF Nos. 80-81.) Additionally pending before the Court are:

- MDOC Defendant Campbell's Fed. R. Civ. P. 12(b) motion for dismissal based on personal involvement (ECF No. 101);

- MDOC JCF Defendant Russell's motion for summary judgment based on exhaustion (ECF No. 110), which adopts and incorporates co-defendants' motion and brief (ECF No. 54); and,

- MDOC Defendants Haas, S. Tyler, and Parr-Mirza's motion for dismissal based on the statute of limitations (ECF No. 111), which adopts and incorporates co-defendants' motion and brief (ECF No. 64).

4

The Court entered orders requiring responses. (ECF Nos. 102, 112, 113.) Plaintiff's response deadline was extended to September 1, 2022. (ECF Nos. 117, 119.) On September 2, 2022, Plaintiff filed a motion to file excess pages and a response (ECF Nos. 120, 121), but the Court denied the motion, directed the Clerk of the Court to strike the response, and permitted Plaintiff "up to and including **Monday, October 24, 2022** by which to file a response that complies with this Court's Local Rules and clearly identifies the dispositive motion or motions to which it responds." (ECF No. 122 (emphasis in original).) On December 6, 2022, the Court extended the response deadline to Monday, January 9, 2023, noting there would be no further extensions. (ECF No. 130.) To date, Plaintiff has not filed a response. Thus, under this Court's rules, the motion is unopposed. E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available."). Still,

> . . . a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden. We see no reason why the situation should be different in the context of a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

*Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Accordingly, the Court must consider whether MDOC Defendants Campbell, Russell, Haas, S. Tyler, and Parr-Mirza have discharged their burden.

This report concerns only the dispositive motions filed by Defendants Campbell and Russell. (ECF Nos. 101, 110.) The others (ECF Nos. 64, 71, 75, 111) will be addressed under separate cover.

### C. Discussion

#### 1. MRF Campbell's motion to dismiss (ECF No. 101)

In her pending motion for dismissal, Campbell identifies herself as a "*retired* Macomb Correctional Facility (MRF) General Office Assistant . . . ." (ECF No. 101, PageID.1084 (emphasis in original).) Plaintiff only mentions Campbell in the caption and the opening paragraph of his operative pleading. (ECF No. 16, PageID.451.)

Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Because Plaintiff does not make any specific allegations against Campbell, he has not given her "fair notice," *Twombly*, 550 U.S. at 555, nor has Plaintiff alleged that Campbell was "personally involved" in any offending conduct. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Accordingly, the Court should **GRANT** MDOC Defendant Campbell's motion for dismissal (ECF No. 101).

### 2. JCF Russell's motion for summary judgment (ECF No. 110)

Plaintiff identifies Russell as a registered nurse located at JCF. (ECF No. 16, ¶¶ 9, 41.) As noted above, the "claims of retaliation, excessive force, and denial of medical care against . . . RN Russell" survived the opinion and order of partial dismissal regarding the original complaint. (ECF No. 7, PageID.413.)

#### a. Plaintiff's claims against Russell

Plaintiff's references to Russell throughout the amended complaint suggest that his claim against her is based on or near the alleged events of July 25, 2018. On that date, Plaintiff alleges he was released from the administrative segregation / detention unit and was sent to Unit-B, where staff assigned him to Cell B024, which he alleges "is not a handicap cell that's barrier free . . . ." (*Id.*, ¶ 78-79.) Although he provided Curtis and Ruhl a copy of his medical special accommodation order for, *inter alia*, "barrier free housing," they did not honor the order and stated "in a clear direct voice" that Russell said he did not have a valid medical accommodation. (*Id.*, ¶¶ 83-85.) According to Plaintiff, he was handcuffed, which made him unable to use his medical cane, and he alleges Ruhl allowed him "to fall and get injured." (*Id.*, ¶¶ 88, 90.) Plaintiff was taken by wheelchair to health care. (*Id.*, ¶¶ 92.) He describes that visit as follows:

- Defendant Russell took plaintiff['s] blood pressure and temperature. [She] [p]ulled up plaintiff['s] pant leg[,] looked at the knee[,] and stated he's all set.

- Defendant Russell never addressed the plaintiff['s] back issues[.] [P]laintiff complained about . . . the actual knee, and this [is] supported by videotape evidence [/] security surveillance[.] [P]laintiff requested all videotapes be preserved by grievance (see exhibit in original filing).

- Defendant Russell was provided a copy of [the] medical accommodations [Plaintiff] had in [his] pocket. That was provided to defendant Curtis and Rual [sic] as plaintiff keeps on him at all times. Defendant Russell RN Nurse looked at defendant Curtis and Rual [sic] and stated [she] made a[n] error [and] plaintiff Cedric Bell has a valid medical special accommodation order[].

(*Id.*, ¶¶ 93-95; *see also id.*, ¶ 99.) He was later taken to the emergency room at Henry Ford Hospital, due to "the injuries suffered and caused by" Russell, among others. (*Id.*, ¶ 98.) Plaintiff alleges that "[d]efendants" never provided Plaintiff with "any follow up treatment as ordered by doctor(s) at Henry Ford Hospital and other medical staff." (*Id.*, ¶ 100.) He claims Russell has violated his Eighth Amendment rights. (*Id.*, ¶ 101.) (*See also id.*, ¶¶ 132, 138-140, 143-146, 160-161.)[2] He also seems to claim Russell retaliated against him. (*Id.*, ¶ 211.)

### b. Exhaustion

---

[2] Although Plaintiff mentions Russell elsewhere, it is not clear how she allegedly "engaged in deliberate indifference and knowing[] fabrication of evidence [or] documents . . . [,]" which "resulted in constitutional violations and destroying property out of retaliation." (*Id.*, ¶ 77.) Nor is it clear how Russell was involved in the alleged "destruction of personal property," which was the subject of "a claim filed [in the] State of Michigan Administrative Board of claims . . . ." (*Id.*, ¶ 155.) At least as to Russell and property, these paragraphs are extremely vague, non-specific, not individualized, and conclusory.

In the amended complaint, Plaintiff claims to have exhausted his administrative remedies, seemingly by a grievance initiated in September 2018. (*See*, *e.g.*, ECF No. 16, ¶¶ 23, 25, 163.) Russell, who adopts and incorporates the arguments advanced in co-defendants' January 13, 2022 motion (ECF No. 54), argues that Plaintiff "did not file a grievance regarding his Amended Complaint allegations against [her]." (ECF No. 110, PageID.1109, 1114-1115.)

Considering the attachments to Plaintiff's original complaint, Plaintiff's amended complaint, and the grievances discussed in the Court's prior report and recommendation, the Court is aware of six grievances initiated in 2018 *after* the July 25, 2018 date at issue:

- JCF-18-08-1943-28I
- JCF-18-09-1964-28E
- JCF-18-10-0046-19C (7651)
- ARF-18-10-2535-28G
- ARF-18-10-2714-28C
- ARF-18-11-2365-28C

(*See also* ECF No. 1-1, PageID.120 [Exhibit H]; ECF No. 16, ¶¶ 27, 168-169, 200; ECF No. 54-3, PageID.731-734; ECF No. 123, PageID.1236-1246.)[3]

---

[3] The MDOC Prisoner Step III Grievance Report lists two other grievances initiated in 2018 after the July 25, 2018 date at issue – ARF-18-11-2858-27 and ARF-18-10-2721-27C. (ECF No. 54-3, PageID.732.) However, these do not

9

In my prior report and recommendation, I discussed exhaustion under the Prison Litigation Reform Act (PLRA), as well as MDOC's grievance procedure and exhaustion of retaliatory misconduct claims (ECF No. 123, PageID.1231-1236) and will not repeat this discussion here.  I also explained why JCF-2535 and JCF-2365 did not properly exhaust Plaintiff's retaliatory property claims (*id.*, PageID.1238-1239), why JCF-2365, JCF-1943, JCF-1964 did not exhaust Plaintiff's excessive force claims against Curtis and Ruhl (*id.*, PageID.1240-1241), and why Plaintiff failed to exhaust a retaliatory misconduct claim against Curtis based on the July 25, 2018 ticket (*id.*, PageID.1243-1244).

Here, even if JCF-1943, JCF-1964, JCF 2535, and JCF-2365 were construed as grieving medical treatment on or about July 25, 2018, they would not properly exhaust such a claim.  JCF-1943, which is dated August 28, 2018 and was received at Step I on August 30, 2018, was rejected at Step I for "[f]ail[ure] to attempt to resolve the issue with staff[,]" and the rejection was upheld at Step II and Step III. (ECF No. 54-3, PageID.765-770.)  JCF-1964, which is dated August 30, 2018 and was received at Step I on September 4, 2018, was rejected at Step I as untimely, and the rejection was upheld at Step II and Step III.  (ECF No. 54-3, PageID.771-775.)  JCF-2535, which is dated September 25, 2018 and was received at Step I on

---

appear to have been discussed by either party; in any event, they were rejected at some point.  (*Id.*)

10

October 1, 2018, was rejected at Step I for "lack of jurisdiction-out side [sic] agency[,]" and the rejection was upheld at Step II and Step III. (ECF No. 1, PageID.36-42.)  JCF-2365, which is dated September 25, 2018 and was received at Step I on November 2, 2018, was rejected at Step I for presenting "multiple issues," and the rejection was upheld at Step II and Step III. (ECF No. 1, PageID.43-50; ECF No. 54-3, PageID.756-764.)  The PLRA requires not only exhaustion, but proper exhaustion. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) ("the PLRA exhaustion requirement requires proper exhaustion.").

As for JCF-0046 and ARF-2714, the Court has not located copies of these grievances in the record.  Nonetheless, they do not seem related to the claim against Russell on or near the alleged events of July 25, 2018.  Plaintiff's mention of JCF-0046 seems connected to the State Administrative Board of Claims and monetary reimbursement related to property (ECF No. 16, ¶ 169; *see also id*., ¶¶ 116-117, 156), and, as explained above, it is not clear how Russell would have been involved in destruction of property (*id*., ¶¶ 77, 155).  Also, Plaintiff describes ARF-2714 as concerning medical footwear or as related to medical treatment allegations directed at others (ECF No. 16, ¶¶ 27, 200), and, in any event, the MDOC Prisoner Step III Grievance Report attached to co-Defendants' motion indicates that ARF-2714 was received at Step I on October 23, 2018 but was rejected at some point (ECF No. 54-3, PageID.732).

In sum, because the six presumed potentially relevant grievances were either not properly exhausted or do not seem to concern the claims against Defendant Russell, the Court should **GRANT** MDOC JCF Defendant RN Russell's motion for summary judgment (ECF No. 110) on Plaintiff's claims against her based on or near the alleged events of July 25, 2018.

### D.     Conclusion

The Court should **GRANT** MDOC Defendant Campbell's motion for dismissal (ECF No. 101), **GRANT** MDOC JCF Defendant RN Russell's motion for summary judgment (ECF No. 110), and dismiss all remaining claims against these Defendants.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: January 27, 2023

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE