UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC MARK EARSHIN
BELL,

        Plaintiff,

v.

STATE OF MICHIGAN
ADMINISTRATIVE BOARD OF
CLAIMS, *et al.*,

        Defendants.
_____/

Case No. 2:20-cv-10193
District Judge Bernard A. Friedman
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANTS JENKINS-GRANT AND HERING'S MOTION FOR DISMISSAL (ECF No. 137)

**I.**    **RECOMMENDATION**: The Court should **GRANT** the motion for dismissal filed by MDOC Defendants Jenkins-Grant and Hering (ECF No. 137).

**II.**    **REPORT**

    **A.**    **Background**

My January 27, 2023 report and recommendation (R&R) reviewed the original complaint and order of dismissal (ECF Nos. 1, 7), the September 23, 2020 amended complaint (ECF No. 16), and the December 28, 2022 dismissal of five MDOC JCF Defendants – *i.e.*, Payne, Root, Sims, Curtis, and Ruhl (ECF No. 131). (*See* ECF No. 132, PageID.1276-1279.) That history need not be repeated here.

Following my January 2023 R&R (ECF No. 132), the Court granted the dispositive motions filed by an additional two MDOC Defendants – *i.e.*, Campbell and Russell. (ECF No. 136.) On March 16, 2023, following my R&R (ECF No. 135), the Court dismissed with prejudice the claims against filed by an additional ten defendants – *i.e.*, eight MDOC Defendants (Steece, Taylor, Adray, Ream, Rivard-Babisch, Haas, Tyler, and Parr-Mirza) and two Corizon Defendants (Husain and McKissick). (ECF No. 140.)[1]

### B.  Pending motion

Currently before the Court is a motion for dismissal filed by two MDOC Defendants, namely retired Macomb Correctional Facility (MRF) ARUS Regina Jenkins-Grant and retired RN Diana Hering. (ECF No. 137.) Jenkins-Grant and Hering argue that Plaintiff's claims against them are time-barred. (*Id.*, PageID.1326, 1328, 1331.) In doing so, they adopt and incorporate by reference co-Defendants' motion to dismiss (ECF No. 64). (ECF No. 137, PageID.1326, 1330, 1331.)

---

[1] There are other Defendants who remain before the Court and who are not at issue here: (a) Corizon Health, as to which Judge Friedman expressly stated the objection period "is STAYED pursuant to the suggestion of bankruptcy and notice of automatic stay (ECF No. 134)[,]" (ECF No. 140, PageID.1346): (b) White, Nethercutt, and Marine, each of whom has appeared but has not filed a dispositive motions (*see* ECF Nos. 45, 46, 55, 56, 59, 60); and, (c) Cooper, who has yet to appear (*see* ECF Nos. 85, 94, 114, 116).

Plaintiff's response was originally due on March 27, 2023. (ECF No. 138.) However, following Plaintiff's request, the Court extended the response deadline to May 3, 2023. (ECF Nos. 141, 142.) As of May 15, 2023, Plaintiff has not filed a response. Thus, the motion is unopposed. E.D. Mich. LR 7.1(c)(1). Nonetheless, the Court must consider whether MDOC Defendants Jenkins-Grant and Hering have met their burden. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

**B.  Discussion**

Preliminarily, my February 21, 2023 R&R set forth an extensive factual background, which reviewed Plaintiff's special accommodation orders and hospital visits. (ECF No. 135, PageID.1298-1302.) That filing also interpreted Plaintiff's claims as based on First Amendment retaliation or Eighth Amendment deliberate indifference to a serious medical need. (*Id*., PageID.1302-1303.) These portions of my prior R&R need not be repeated here. Notably, no objections were filed to that R&R, and it was adopted in its entirety. (ECF No. 140.)

**1.  Plaintiff's claims against Jenkins-Grant and Hering**

Plaintiff clearly intends to name Regina Jenkins-Grant and Diana Hering as Defendants, because he lists them not only in the caption of his operative pleading but also in the opening paragraph. (ECF No. 16, PageID.451.) Admittedly, Plaintiff does not separately list Jenkins-Grant as a party in either the paragraphs

3

that appear under the **"PARTIES"** heading (*see id.*, PageID.451-453 ¶¶ 3-19) or those that appear under the **"THE PARTIES TO THIS ACTION AND THEIR JOB TITLES"** section (*id.*, PageID.456-458 ¶¶ 33-56), although he does identify Hering as an MRF RN and claims she is among those who "through acts of retaliation filed false misconducts on 2 different occasions and placed plaintiff in segregation/detention and took sole possession of all personal property and destroyed it." (ECF No. 16, ¶¶ 15, 31, 49.)

Beyond the introduction of the parties, it seems that only two substantive paragraphs – quoted here verbatim – mention these Defendants by name or their specific actions:

- As a result of H. Cooper (HUM), E. Parr-Mirza (RN-13), Corizon Health Inc. told facility counselor **Jenkins-Grant** in documents, plaintiff Bell was assessed by doctor Hussian on September 21, 2016 and Doctor Hussian removed medical accommodations (Elevator, Ramp, Quad-Cane, Afo's [Ankle Foot Orthosis] Metal Braces/Boots) this was also told to Deputy Warden Steece and Warden Hass as they both investigated and sign[ed] documents to this fact. The actions and information was false and falsified and resulted in injuries. In injury, grievance filed September 23, 2016. Step 2 appeal and Step 3 appeal were denied December 16, 2016 stating decision cannot be appealed with in [sic] the department no jurisdiction. (See Exhibit (H) in original complaint grievance MRF-2016-10-11921-17Z) Medical staff used retaliation for filing grievances and denied medical treatment and follow up treatment. Plaintiff Bell has never seen or been treated by doctor Hussian or any other medical staff at [MRF] regarding medical conditions.

- **Diane Herring [Diana Hering]** RN by [C]orizon [H]ealth contracted by Michigan Department Corrections at [MRF]

4

> exercised deliberate indifference to plaintiff['s] health by failing to provide adequate medical care by denying follow up medical treatment after returning from McLaren Macomb Hospital Emergency Room. I was denied treatment out of retaliation for not signing a medical release form to Henry Ford Hospital and filing grievance in segregation / detention (See Exhibit (H)) in original complaint grievance **MRF-2016-10-1925-28B**, this grievance was denied as being vague. I appealed to step 2 and 3 all step[s] were denied on December 31, 2016 stating the decision can not [sic] be appealed within the department no jurisdiction.

(ECF No. 16, ¶¶ 176, 178 (emphases added).) (*See also* ECF No. 137, PageID.1330-1331; ECF No. 54-3, PageID.740-741 [MDOC Prisoner Step III Grievance Report]; ECF No. 64, PageID.879.)

### 2.   Claims based on 2016 at MRF are time-barred.

As noted above, in support of their argument that Plaintiff's claims against them are time-barred, Defendants Jenkins-Grant and Hering rely upon their co-Defendants' motion (ECF No. 64). As to that motion, my February 21, 2023 report stated, *inter alia*:

> The MDOC Defendants argue that the "numerous claims which occurred at [MRF] in 2016" and are first raised in the September 23, 2020 operative pleading are "time barred." (ECF No. 64, PageID.880-882; *see also* ECF No. 75, PageID.975; ECF No. 111, PageID.1124.) The MDOC Defendants acknowledge that "[t]he statute of limitations for claims subject to the PLRA is tolled while the plaintiff exhausts his required administrative remedies[,]" *Surles [v. Andison]*, 678 F.3d [452][,] 458 [(6th Cir. 2012)] (citing *Brown [v. Morgan]*, 209 F.3d [595][,] 596 [(6th Cir. 2000)]), but they posit that the last of Plaintiff's MRF grievances "were fully appealed on March 28, 2017." (ECF No. 64, PageID.881-882.) As detailed above, the statute of limitations is 3 years. *See Owens [v. Okure]*, 488 U.S.

5

> [235][,] 240 [(1989)]; Mich. Comp. Laws § 600.5805(2); Mich. Comp. Laws § 600.5827. Therefore, at the latest, the statute of limitations on any claims alleged exhausted by such grievances would have expired on March 28, 2020 – well before the September 23, 2020 operative pleading (ECF No. 16).

(ECF No. 135, PageID.1316-1317.) On March 16, 2023, Judge Friedman granted Kristopher Steece, Eutrilla Taylor, Lisa Andray, and Stacey Ream's motion to dismiss (ECF No. 64) and dismissed the claims against them with prejudice. (ECF No. 140, PageID.1345.)

Here, where Plaintiff's claims against movants Jenkins-Grant and Hering appear to be based on matters that occurred in 2016 (*see* ECF No. 16, ¶¶ 176, 178), the Undersigned sees no reason to reach a different conclusion.

### C. Conclusion

Accordingly, the Court should **GRANT** the motion for dismissal filed by Defendants Jenkins-Grant and Hering (ECF No. 137) and **DISMISS** all remaining claims against these Defendants *with prejudice*.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: May 15, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE