UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC MARK EARSHIN
BELL,

   Plaintiff,

v.

STATE OF MICHIGAN
ADMINISTRATIVE BOARD OF
CLAIMS, *et al.*,

   Defendants.

_____/

Case No. 2:20-cv-10193
District Judge Bernard A. Friedman
Magistrate Judge Anthony P. Patti

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST DEFENDANT H. COOPER IN ACCORDANCE WITH FED. R. CIV. P. 4(m)

**I. RECOMMENDATION**: The Court should dismiss Plaintiff's claims against Defendant H. Cooper without prejudice in accordance with Fed. R. Civ. P. 4(m).

**II. REPORT:**

 **A. Background**

Plaintiff, proceeding *in forma pauperis*, filed the instant action on January 24, 2020. (ECF Nos. 1, 2, 6.) The operative pleading is Plaintiff's September 23, 2020 amended complaint, the caption of which lists twenty-four named Defendants

(not including John and Jane Doe Defendants) but the text of which names sixteen. (*Compare* ECF No. 16, PageID.451, *with id.*, PageID.452-453 ¶¶ 4-19.)

Judge Friedman referred the case to me for all pretrial matters. (ECF No. 26.) Thus, as to motions to dismiss and/or for summary judgment (ECF Nos. 47, 54, 64, 71, 75, 101, 110, 111, 137), I have entered reports and recommendations (ECF Nos. 50, 123, 132, 135, 143). Thus far, nineteen named Defendants have been dismissed. (*See* ECF No. 131, ECF No. 136, ECF No. 140, ECF No. 144.)

B.  **Status of Remaining Five Named Defendants**

There are other Defendants who remain before the Court: (a) Corizon Health, as to which Judge Friedman has expressly stated the objection period "is STAYED pursuant to the suggestion of bankruptcy and notice of automatic stay (ECF No. 134)[,]" (ECF No. 140, PageID.1346): (b) White, Nethercutt, and Marine, each of whom has appeared but has not filed a dispositive motions (see ECF Nos. 45, 46, 55, 56, 59, 60); and, (c) Cooper, who has yet to appear (see ECF Nos. 85, 94, 114, 116).

At this time, the automatic stay remains in place as to Defendant Corizon Health, and the Court has entered a scheduling order as to Defendants White, Nethercutt & Marine.

### C.     Efforts at Service upon Defendant H. Cooper

In March 2021, the Court entered an order directing service without prepayment of costs and authorizing the U.S. Marshals Service (USMS) to collect costs after service is made.  (ECF No. 25.)  On June 24, 2021, the United States Marshal Service (USMS) attempted service upon Heather Cooper, R.N. at the MDOC's Macomb Correctional Facility (34625 26 Mile Road, New Haven, MI 48048).  (ECF No. 39, PageID.605).

On May 4, 2022, I directed the MDOC to *only* provide the USMS with an address for service for H. Cooper.  (ECF No. 85.)  On May 19, 2022, the Clerk of the Court issued summons as to H. Cooper.  (ECF No. 94, PageID.1056-1057.)  On May 25, 2022, the USMS acknowledged receipt of paperwork for service upon Cooper.  (ECF No. 97, PageID.1073.)  On or about July 6, 2022, the summons was considered "returned unexecuted."  (ECF No. 116.)

One week later, on July 13, 2022, the USMS filed a notice of reasonable effort search, explaining:  "An alternate address could not be located due to multiple search results being returned for the defendant's name and state indicated in the address provided by the Michigan Department of Corrections. The U.S. Marshal Service will make no additional efforts to perform service." (ECF No. 114.)

**D.     Discussion**

With respect to the time limit for service, the Federal Rules of Civil Procedure provide:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

The complaints in this case were filed in January 2020 and September 2020 (ECF Nos. 1 and 16); thus, the 90-day window in which to effect service expired long ago.

It seems the USMS has twice attempted service upon H. Cooper by mail (ECF Nos. 39, 94, 97), one of which was returned unexecuted (ECF No. 116). To date, no executed waiver of service has been returned, nor has an appearance made on behalf of Defendant H. Cooper. Additionally, the USMS has informed the Court of its notice of reasonable effort search (ECF No. 114). Accordingly, the Court should dismiss Plaintiff's claims against Defendant without prejudice in accordance with Fed. R. Civ. P. 4(m).

4

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

5

Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  June 13, 2023

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE