UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC BELL,

       Plaintiff,

v.

                                 Case No. 20-cv-10193
                                 Hon. Matthew F. Leitman

STATE OF MICHIGAN
ADMINISTRATIVE BOARD
OF CLAIMS, *et al.*,

       Defendants.

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 173); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 168); (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 147); (4) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 179); AND (5) DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (ECF No, 180)**

**I**

Plaintiff Cedric Mark Earshin Bell is a state prisoner in the custody of the Michigan Department of Corrections (the "MDOC"). In this prisoner civil-rights action, Bell alleges, among other things, that he received inadequate medical care. (*See* Sec. Am. Compl., ECF No. 16.) This case was previously assigned to another Judge of this Court, and that Judge dismissed all of Bell's claims except for claims

1

against Defendants Corizon Health, Inc. and MDOC employees Jeffrey White, Christopher Nethercott, and Debrah Marine.[1]

Now pending before the Court is a motion for summary judgment that White, Nethercott, and Marine have filed. (*See* Mot., ECF No. 147.) Those Defendants argue that Bell cannot proceed on his claims against them because Bell failed to exhaust those claims through the MDOC's internal grievance procedures before he filed his Complaint. (*See id.*)

On June 20, 2023, the assigned Magistrate Judge ordered Bell to file a response to the Defendants' motion by no later than July 14, 2023. (*See* Order, ECF No. 148.) At Bell's request, the Magistrate Judge later extended that response date to August 28, 2023. (*See* Dkt.) Despite the extension of time, Bell never filed any substantive response to Defendants' motion.

On January 18, 2023, the Magistrate Judge issued a Report and Recommendation in which he recommended that the Court grant Defendants' motion and dismiss Bell's claims against White, Nethercott, and Marine with prejudice due to Bell's failure to exhaust those claims (the "January R&R"). (*See* January R&R, ECF No. 168, PageID.1719.) At the conclusion of the January R&R, the Magistrate Judge informed the parties that if they wanted to seek review of his

---

[1] Bell's claims against Corizon are currently stayed due to Corizon's ongoing bankruptcy proceedings. (*See* Suggestion of Bankruptcy, ECF No. 134.)

2

recommendation, they needed to file specific objections with the Court within fourteen days. (*See id*., PageID.1720-1721.)  Bell thereafter filed a motion to extend the time for him to file objections to the January R&R, and the Court granted that motion and extended the deadline to file objections to April 22, 2024. (*See* Mot., ECF No. 170; Order ECF No. 171.)

As of May 1, 2024, no objections to the January R&R from Bell had been filed on the Court's docket. On that date, the Court therefore adopted the January R&R's recommendations and granted Defendants' motion for summary judgment. (*See* Order, ECF No. 172, PageID.1756.)

Roughly one week later, on May 7, 2023, Bell's objections were filed on the Court's docket. (*See* Objections, ECF No. 173.)  Although the objections were not filed until that time, they were dated April 16, 2024 (*i.e.*, before the April 22 deadline the Court had set for him to file the objections). (*See id*.)  Because Bell had dated the objections before the deadline, the Court decided that it would review the objections even though they were filed after the deadline.  However, because substantial portions of the objections were illegible, the Court ordered Bell to file a legible copy on the docket. (*See* Order, ECF No. 174.)

On June 6, 2024, Bell re-filed a legible version of his objections to the January R&R with the Court. (*See* Objections, ECF No. 176.)  On June 20, 2024, Defendants filed their response to Bell's objections. (*See* Response, ECF No. 178.)

3

For the reasons explained below, the Court **OVERRULES** Bell's objections, adopts the recommended disposition of January R&R, and **GRANTS** Defendants' motion for summary judgment (ECF No. 147).

## II

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions de novo. *See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). Moreover, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009).

## III

As noted above, Bell failed to file any substantive response to Defendants' summary judgment motion, and thus he never presented to the Magistrate Judge the arguments he raises in his objections. The Court overrules the objections on that basis because Bell has not presented any compelling reason for the Court to consider his new arguments. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that "[c]ourts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate"). The Court nonetheless demonstrates below why the objections fail on the merits.

The objections are confusing and difficult to follow. To the degree the Court understands them, they can be broken into two parts. The first part of Bell's objections appears to address a completely different report and recommendation – one that the Magistrate Judge issued on June 13, 2023 (the "June R&R") – and does not address the January R&R in any way. (*See* Objections, ECF No. 176, PageID.1813-1823.) Those objections are therefore irrelevant.

The second part of Bell's objections (beginning on PageID.1823) does discuss the January R&R. But those objections fail to persuade the Court to disturb the recommended disposition of the R&R for several reasons.

5

First, the objections largely consist of Bell repeating, in large chunks verbatim, the rulings of the Magistrate Judge. Those portions of the objections do not provide any basis to deny Defendants' motion.

Second, when Bell does provide his own analysis, it is difficult to understand and largely does not address the reasons underlying the Magistrate Judge's recommendation to grant the Defendants' motion. For example, Bell objects to the Magistrate Judge's conclusion that grievances ARF-2535, ARF-2721, and ARF-2858 did not properly exhaust Bell's claims against White, Nethercott, and Marine. (*See id.*, PageID.1830.) The Magistrate Judge based that determination on the fact that the content of those grievances did not relate to any of Bell's remaining claims against White, Nethercott, and Marine. (*See* January R&R, ECF No. 168, PageID.1711.) Bell's objection does not address that reasoning. Instead, Bell says that "White, Nethercott and Marine are high ranking supervisor[s] who directly addressed and read the complaints and appeals and failed to remedy after being personally involved." (*See* Objections, ECF No. 176, PageID.1832.) The objection therefore fails to identify any legal or factual error with the Magistrate Judge's conclusion. *See Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff had "waived any challenge to the district court's conclusions" because his objections to report and recommendation did not "specifically address how [the Magistrate Judge's] factual and legal

6

recommendations were incorrect" and did not address the Magistrate Judge's reasoning); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed").

Likewise, one of Bell's objections appears to argue that his personal property was destroyed as retaliation for filing this suit and that he submitted physical evidence of serious medical malpractice which should be sufficient to defeat Defendants' summary judgment motion. (*See* Objections, ECF No. 176, PageID.1823.) But this objection does not address, in any way, the January R&R's conclusion that he failed to properly exhaust his administrative remedies with respect to his claims against White, Nethercott, and Marine or the Magistrate Judge's reasoning underlying that conclusion. Moreover, it appears to repeat arguments related to other, previous motions that were filed in this case.

The remainder of Bell's objections are likewise confusing and fail to address the reasoning of the January R&R. Simply put, because Bell's objections largely do not address the Magistrate Judge's reasoning or legal analysis in any meaningful way, Bell has failed to persuade the Court that the Magistrate Judge erred in any way.

7

For all of these reasons, the Court **OVERRULES** all of Bell's objections to the January R&R and will **DISMISS** Bell's claims against Defendants White, Nethercott, and Marine with prejudice.

IV

The Court next turns to a motion for reconsideration that Bell filed on June 28, 2024. (*See* Mot., ECF No. 179.) The motion is difficult to follow, but Bell appears to seek reconsideration of the Court's ruling in July 2023 to dismiss, without prejudice, his claims against Defendant H. Cooper. (*See* Order, ECF No. 149.) Bell's motion, which comes more than a year after the Court dismissed the claims against Cooper, comes far too late, and is denied on that basis alone. Moreover, Bell has not persuaded the Court that the basis for the Court's dismissal of Cooper – that the United States Marshal was unable to serve or locate him – was in error. To the extent the motion seeks other relief, Bell has not made clear what that relief is, or what orders, specifically, he is asking the Court to reconsider. For all of these reasons, the motion is **DENIED**.

V

Finally, on July 23, 2024, Bell filed a motion for relief from judgment. (*See* Mot., ECF No. 180.) In this motion, Bell repeats his claims that his "legal mail has been tampered with," that his personal property has been interfered with, and that he has a "serious medical condition" that the MDOC refuses to address. (*Id.*) But a

8

judgment has not yet been entered in this case, and Bell does not identify any specific order in his motion from which he seeks relief. The Court therefore **DENIES** Bell's motion without prejudice.

## VI

For all of the reasons explained above, **IT IS HEREBY ORDERED** that:

- Bell's Objections (ECF No. 176) to the January R&R (ECF No. 168) are **OVERRULED**;

- The recommended disposition of the January R&R is **ADOPTED**;

- The Court **GRANTS** Defendants White's, Nethercott's, and Marine's motion for summary judgment (ECF No. 147). Bell's claims against Defendants White, Nethercott, and Marine are **DISMISSED WITH PREJUDICE**;

- The Court **DENIES** Bell's motion for reconsideration (ECF No. 179); and

- The Court **DENIES WITHOUT PREJUDICE** Bell's motion for relief from judgment (ECF No. 180).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2024

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 27, 2024, by electronic means and/or ordinary mail.

                                      s/Holly A. Ryan  
                                      Case Manager  
                                      (313) 234-5126